UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-CIV-60037-COHN/SELTZER

LINDA GEORGIAN and
INTERACTIVE INFORMATION
NETWORKS, LLC,

    Plaintiffs,

v.

THE ZODIAC GROUP, INC.,
DAVID FELGER,
DANIEL FELGER, and
MATTHEW PEREZ,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

**THIS CAUSE** is before the Court on Defendants' Request for Judicial Notice [DE 208] ("Motion"). The Court has reviewed the Request for Judicial Notice, Plaintiffs' Opposition [DE 231], Defendants' Reply [DE 253], and is otherwise advised in the premises.

Defendants inform the Court that it "must" take judicial notice of (1) "the transcribed content of Facebook's automated message for customer support stating that it does not possess live customer support," (2) "the transcribed content [sic] Google's automated message for customer support stating that Google do [sic] not possess live customer support" and (3) "the transcribed content [sic] Google's automated message containing the information to learn how to delete information from the search results." Request for Judicial Notice at 1, 3. Defendants contend the Court must take judicial notice of this information because Linda Georgian testified, purportedly falsely, that she called the websites of Google and Facebook and had

**Exhibit A**

conversations with representatives from both websites.[1]  See id. at 4.

In other words, Defendants insist the Court take judicial notice of the "transcribed content" so that Defendants can impeach Georgian with it.  See id. ("This Court must take judicial notice of these facts to impeach Georgian upon her falsely testifying that she had these conversations.").  Defendants, therefore, ask the Court to take judicial notice of more than the "transcribed content."  Indeed, Defendants ask the Court to take judicial notice of the truth of the representations within the transcribed content.[2]  Notably, however, Defendants cite no case wherein a court has taken judicial notice of similar information.[3]

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2)

---

[1] Defendants also ask the Court to take judicial notice of this information because it is relevant to sanctions against Plaintiffs' counsel for "failure to do a proper examination" of his client's representations and relevant to "potential evidence of fraud committed upon this Court."  See Motion at 4.

[2] Defendants reveal as much in their Reply: "The facts that Facebook and Google's lack of customer service do not require any speculation to discover."  Defendants' assertion is not a model of clarity, but it clearly indicates that Defendants seek judicial notice of more than the "transcribed content" they reference in their Motion.

[3] Defendants cite only four cases in their Motion.  First, they cite United States v. Jones, 29 F.3d 1549 (11th Cir. 1994) which held that a district court improperly took judicial notice of findings of fact from a previous suit.  Defendants also cite Maynard v. Pneumatic Products Corp., 256 F.3d 1259 (11th Cir. 2001), which Defendants, as has become their custom, cite incorrectly in their Motion.  Cf. Defendants' Reply in Support of Motion for Summary Judgment [DE 256] at 14.  Regardless, in Maynard, the Eleventh Circuit concluded that the district court could have taken judicial notice of whether charges filed against a party were timely.  Thus, the information was not akin to the information at issue here.  Penultimately, Defendants cite Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692 (11th Cir. 1995).  That case never mentions judicial notice.  Lastly, Defendants cite an unpublished case, In re Ocon, Case No. No. 08-11226, 2009 WL 405370 (11th Cir. Feb. 19, 2009), but that case also has nothing to do with judicial notice.

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Id. 201(d). Nonetheless, the Court cannot take judicial notice of the information proffered by Defendants.

The purported facts that neither Google nor Facebook provide live customer service is not "generally known within the territorial jurisdiction of the trial court." Likewise, despite the investigation Defendants direct the Court to undertake, see Motion at 3, the information is subject to reasonable dispute and it is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Cf. Fed. R. Evid. 201(b). Indeed, the multi-stepped directions (that Defendants submit the Court "must" take) not only fail to demonstrate that the information is indisputable, but belies Defendants' assertion that the information is "capable of accurate and ready determination." Among other problems, there is no way of telling how long the messages have been in place (i.e., whether the messages are the same now as they were when Georgian claims she called the sites). Consequently, the accuracy of the facts within the transcribed information can reasonably be questioned.

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Request for Judicial Notice [DE 208] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of July, 2011.

*James J. Cohn*
JAMES I. COHN
United States District Judge

3