HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ORGANO GOLD INT'L, INC., <br><br> Plaintiff, <br><br> v. <br><br> LUIS VENTURA, et al., <br><br> Defendants. | CASE NO. C16-487RAJ <br><br> ORDER |

    This matter comes before the Court on Defendant L&A Ventura Management, Inc.'s ("L&A Ventura") response to the Court's May 3, 2016 Order to Show Cause. *See* Dkt. # 31. In that May 3, 2016 order, the Court restrained Defendants L&A Ventura and Luis Ventura from engaging in certain activity this Court found violated various non-competition agreements between Defendants and Plaintiff Organo Gold Int'l, Inc. ("Organo"). Dkt. # 27 at 21. The Court has considered the submissions of the Parties and will convert the temporary restraining order ("TRO") to a preliminary injunction.

    Defendants argue that the Court should not convert the TRO into a preliminary injunction because Total Life Changes, LLC ("TLC") – the company for which Mr. Ventura currently works as a distributor – has ceased selling ganoderma-based products. *See* Dkt. # 31 at 2. As a result, they argue that Organo is no longer likely to suffer harm.

    Defendants are correct to a certain extent. If TLC truly stops selling such products – and its chief operating officer has attested as much (*see* Dkt. # 38-1 (Licari Decl.) ¶ 3) – then Defendants will not run afoul of a portion of the injunction by participating in TLC.

**Exhibit B**

Defendants, of course, may still be subject to this Court's contempt power if TLC actually continues to sell ganoderma-based products. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

But the fact that TLC has apparently stopped selling ganoderma-based products does not negate the likelihood of harm. A complete dissolution of the TRO (as Defendants request) removes any impediments on Defendants' "[s]oliciting, recruiting, or raiding Organo's distributors or customers." *See* Dkt. # 27 at 21. The Court found irreparable harm primarily because Organo was particularly vulnerable to such poaching. *See id.* at 16-18. Those same considerations remain, regardless of whether Defendants continue to participate in TLC or whether TLC stops selling ganoderma.

Defendants further contest the breadth of the TRO, arguing that it should be narrowed to only the 92 distributors Defendants personally enrolled. *See* Dkt. # 31 at 9. Defendants previously raised this argument. *See* Dkt. # 30 [Apr. 27, 2016 Hearing Tr.] at 31:18-32:6. The Court rejected it then and it rejects it now. Despite their best efforts, Defendants draw little useful distinction between Mr. Ventura's entire downline and the 92 unidentified individuals he apparently had personal contact with. The fact is, Mr. Ventura retains unique knowledge about the internal workings of Organo – he must, as he worked within their structure for years. That knowledge is not inherently personal to those distributors he had personal contact with; it inheres to the organization.

Defendants cite *Amazon.com, Inc. v. Powers*, No. C12-1911RAJ, 2012 WL 6726538 (W.D. Wash. Dec. 27, 2012) in support of their request to narrow the scope of the injunction. But *Amazon.com* is distinguishable for the simple reason that Organo has "demonstrate[d] that more general restrictions are necessary" because of the nature of MLM sphere. *See id.* at *9.

Defendants also request that the Court narrow the geographical scope of the injunction to only countries where Organo is legally doing business. *See* Dkt. # 31 at 11.

ORDER – 2

Specifically, Defendants appear to request that the Court carve out El Salvador, Curacao, Panama, Bolivia, Nicaragua, and Guatemala from the scope of the injunction. *See* Dkt. # 32 (Ventura Decl.) ¶ 5. The Court rejects Defendants' request.

This Court reasoned that a worldwide restriction was appropriate under the circumstances because of the nature of the MLM business and because other courts had approved nationwide noncompete clauses in similar circumstances. *See* Dkt. # 27 at 11 (citing *PartyLite Gifts, Inc. v. MacMillan*, 895 F. Supp. 2d 1213, 1226 (M.D. Fla. 2012) (finding nationwide non-compete provision to be reasonable); *YTB Travel Network of Illinois, Inc. v. McLaughlin*, No. 09-CV-369-JPG, 2009 WL 1609020, at *4 (S.D. Ill. June 9, 2009) (finding that lack of a geographic limitation was irrelevant in network marketing involving online business)).

Furthermore, it is clear that Organo has distributors servicing those countries and has invested resources into growing its operations in those countries. *See* Dkt. # 37 (Perrett Decl.) ¶¶ 4-6. Given the nature of the MLM business and the realities of modern infrastructure, whether or not Organo has physical locations in those countries is largely irrelevant. The focus is whether the limitation is reasonably limited to Organo's business interests. *See ISC-Bunker Ramo Corp. v. Altech, Inc.*, 765 F. Supp. 1310, 1336 (N.D. Ill. 1990). The Court finds that the worldwide scope is reasonable here, especially as Organo has established it has business interests in the identified countries.

Defendants also argue that the Court should narrow the scope of the injunction to, apparently, only specific provisions of the Distributor Application and Organo's Policies and Procedures. *See* Dkt. # 31 at 12. But Defendants fail to identify any specific terms that should remain. And this Court has already identified relevant (and likely applicable) terms Defendants remain subject to. *See* Dkt. # 27 at 9-11. In any event, to the extent Defendants contend that these provisions either do not apply to them or have not been subject to the same level of proof, the Court notes simply that the party moving for civil contempt "has the burden of showing by clear and convincing evidence that the

ORDER – 3

1 contemnors violated a specific and definite order of the court. The burden then shifts to
2 the contemnors to demonstrate why they were unable to comply." *See F.T.C. v.*
3 *Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City & Cnty. of*
4 *San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

5 Next, Defendants contend that the injunction should be modified to exclude any
6 language prohibiting Defendants from soliciting Organo's existing customers to a
7 ganoderma or healthy beverage business. *See* Dkt. # 31 at 12-13. The Court agrees with
8 Organo that Defendants' desire to lift this prohibition lacks credibility. *See* Dkt. # 35 at
9 10.

10 Finally, the Court addresses Defendants' request that the bond amount be
11 increased to $750,000. *See* Dkt. # 31 at 13. To this end, Mr. Ventura guesses that if he
12 was "permitted to continue working as a TLC distributor, between February 2016 and
13 February 2017, my income at TLC would conservatively be $750,000 and $1,000,000."
14 *See* Dkt. # 32 (Ventura Decl.) ¶ 6.

15 The Court does not agree with Defendants' request. First, Organo correctly notes
16 that Mr. Ventura offers little basis for his speculative estimate. *See* Dkt. # 35 at 10-11.
17 And second, the injunction does not inherently prohibit Mr. Ventura from working for
18 TLC. If TLC ceases its sale of ganoderma based products, then the injunction does not
19 bar him from participating in TLC. Instead, it the injunction would simply prohibit him
20 from soliciting Organo's distributors or customers to TLC. Mr. Ventura has been
21 extraordinarily successful in the MLM sphere. *See* Dkt. # 16 (Ventura Decl.) ¶¶ 2-3.
22 There seems little reason why he cannot continue to be successful with these limitations,
23 whether at TLC or another non-directly competitive opportunity.

## I. PRELIMINARY INJUNCTION

Effective upon posting $100,000 bond or equivalent security with this Court, and
upon service of this Order, Defendants L&A Ventura Management, Inc. and Luis
Ventura are hereby enjoined from taking the following actions:

ORDER – 4

1. Violating the express terms of the Distributor Application with Organo and Organo's Policies and Procedures, including by competing with Organo by participating in an opportunity that directly competes with Organo by offering ganoderma-based products or by soliciting Organo's existing customers to any ganoderma or healthy beverage MLM business;
2. Soliciting, recruiting, or raiding Organo's distributors or customers;
3. The preliminary injunction will become effective upon formal service of this Order and will remain in effect pending further order of this Court or February 1, 2017, whichever comes first.

DATED this 28th day of July, 2016.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5