# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
**ROWLAND J. MARTIN,**              )
                                                          )
       **Plaintiff,**                        )
                                                          )
       v.                                     )        Civil Action No. 12-1281 (KBJ)
                                                          )
**U.S. EQUAL EMPLOYMENT**        )
**OPPORTUNITY COMMISSION,**  )
**ET AL.,**                                       )
                                                          )
       **Defendants.**                      )
_____ )

## MEMORANDUM OPINION AND ORDER

Presently before the Court are defendants G&A Outsourcing IV, LLC, ("G&A") and TALX Corporation's ("TALX") motions for reconsideration of the Court's decision to permit the *pro se* plaintiff in this employment discrimination action to file a second supplemental complaint.[1] Approximately four months after service of the original complaint in this case, plaintiff filed a second supplemental complaint along with a request for leave to file the new pleading. Second Suppl. Compl. (ECF No. 28); Pl.'s Mot. (ECF No. 25), at 5.[2] The Court summarily granted plaintiff leave to file this second supplemental complaint, *see* Minute Order dated April 24, 2013 ("Let this be filed"), and defendants G&A and TALX now object to the filing on the grounds that the new pleading "contains no factual allegations relevant to

---

[1] *See* Minute Order of Apr. 24, 2013 (construing defendants' responses in opposition to plaintiff's ECF No. 25 as motions for reconsideration of the Court's grant of leave to file a supplemental complaint).
[2] Neither of these pleadings has a descriptive title. Plaintiff's second supplemental complaint is formally titled "Supplement (Corrected) to the Amended Complaint." Plaintiff's request for leave to file a second supplemental complaint is formally titled "Plaintiff's Objections to Defendant Equal Employment Opportunity Commission's Affidavit Evidence and 'Statement of Undisputed Material Facts' and Rule 56(f) Motion to Deny Summary Judgment"). For the reader's convenience, these documents are hereinafter referenced and cited as "Second Suppl. Compl." and "Pl.'s Mot.," respectively.

[plaintiff's] claims that occurred after his Original Complaint was filed on July 30, 2012, or after his first Supplemental Complaint was filed on December 12, 2012." Defs.' Mots. at 3-4.[3] Moreover, the defendants argue that, to the extent the plaintiff's second supplemental complaint was intended to be filed as an "amended" complaint, the plaintiff did not file "a proper pleading with the Court nor has he explained to the Court any legal or factual basis for [amendment]." Defs.' Mots. at 3-4. The Court recognizes that the second supplemental complaint varies from the original in the some of the facts and counts alleged, and also that the second supplemental complaint is largely based upon facts that predate the original complaint. Nevertheless, the Court is not persuaded to reverse its "let this be filed" determination.

Under Federal Rule of Civil Procedure 54(b), an interlocutory judgment—such as the grant of leave to file the second supplemental complaint in this case—may be reconsidered "as justice requires." *DeGeorge v. United States*, 521 F. Supp. 2d 35, 39 (D.D.C. 2007); *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). It is well established that "asking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell*, 355 F. Supp. 2d at 539.

Nothing in the defendants' submissions establishes that reconsideration is necessary in this case. For example, the defendants do not contend that, in granting leave to file, the Court misunderstood the plaintiff's request or made a decision beyond the adversarial issues presented. *See DeGeorge*, 521 F. Supp. 2d at 39. Nor do the defendants make any assertion that the law has changed or that they will be harmed in any way as a result of the filing of the supplemental pleading. *See DeGeorge*, 521 F. Supp. 2d at 39. Indeed, to the contrary, the defendants argue that most of the additional facts alleged in the second supplemental complaint are "based on

---

[3] The briefs filed by defendants G&A and TALX (ECF Nos. 29, 30) are identical in substance. They are hereinafter referenced and cited as "Defs.' Mots."

2

precisely the same transactions, occurrence, and events" as were set forth in the initial complaint. Defs.' Mots. at 3. This means, of course, that the defendants were already on notice of the events alleged in the new complaint, and that granting leave to file the second supplemental complaint has not harmed defendants due to surprise, inability to defend, or any other reason.

It is also significant that a grant of leave to supplemental or amend a pleading is purely discretionary, and that such leave is ordinarily "freely given." *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008) (citing *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)). Thus, any contention that the court applied the wrong legal standard, or that the grant of leave to file a second supplemental complaint was itself improper, is meritless. *See DeGeorge*, 521 F. Supp. 2d at 41 (leave to amend is proper when an amended complaint cures deficiencies or alleges new facts or arguments that would give rise to a cognizable cause of action). Moreover, when one views the grant of leave to file the second supplemental complaint in this case in light of the fact that the plaintiff is a *pro se* litigant, the propriety of the court's exercise of its discretion to permit the filing here becomes even more evident. *See Stephenson v. Langston*, 205 F.R.D. 21, 23 (D.D.C. 2001) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874 (D.C. Cir. 1993)); *see also Wyant v. Crittendon*, 113 F.2d 170, 175 (D.C. Cir. 1940) (leave to amend the complaint is particular appropriate when a plaintiff proceeds *pro se*).

For these reasons, the Court hereby DENIES both defendants' requests for reconsideration of the Court's grant of leave to file the second supplemental complaint (ECF Nos. 29 and 30), and the plaintiff's second supplemental complaint (ECF No. 28) shall stand. Any defendant who wishes to file a responsive pleading, or to supplement a responsive pleading

already filed in this matter, shall do so within 21 days of the issuance of this opinion (*e.g.*, by July 1, 2013).

   SO ORDERED.

Date: June 10, 2013           _____/s/_____
                        KETANJI BROWN JACKSON
                        United States District Judge