UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OP THERAPY, LLC,**

    **Plaintiff,**

v.

    Civil Action 2:10-cv-00635
    Judge Algenon L. Marbley
    Magistrate Judge E.A. Preston Deavers

**BRYANT HEALTH CENTER, INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Amend Complaint. (ECF No. 39.) Plaintiff seeks to amend the Complaint in order to add six new Defendants to this action, as well as a new claim against all Defendants. The Court also consider the parties' fifth request for an extension of time to complete discovery and file dispositive motions. (ECF No. 52.) For the reasons that follow, Plaintiff's Motion to Amend is **DENIED**. The parties' Joint Motion to Extend Discovery Deadlines is **GRANTED IN PART**.

**I.**

Plaintiff, OP Therapy, LLC, brought this action on July 15, 2010 against Defendants Byrant Health Center, Inc., Samaritan Care Center, Inc., The Sanctuary at Whispering Meadows, Inc., and Ominlife Health Care Systems, Inc. In its original Complaint, Plaintiff alleges that these Defendants failed to pay for services it provided. Plaintiff raises various claims including breach of contract and unjust enrichment.

On October 7, 2010, the Court held a pretrial conference and issued a Preliminary Pretrial Order. The Order provided "[m]otions or stipulations addressing the parties or pleadings, if any,

**Exhibit F**

must be field on or before November 7, 2010." (Prelim. Pretrial Order 2, ECF No. 22.) This deadline was based on the parties recommendation within their Rule 26(f) Report. In the Preliminary Pretrial Order, the Court also stated that all discovery must be completed by April 15, 2011 and that case-dispositive motions must be filed by May 20, 2011.

Based on various joint motions from the parties, the Court has granted four extensions to the discovery and dispositive motion deadlines. The Court granted the last of these extensions on November 9, 2011, requiring the parties to complete all discovery by January 16, 2012 and to file case-dispositive motions on or before February 29, 2012. (Order, ECF No. 42.) The Court cautioned the parties that no further extensions to these deadlines would be granted. Neither party has requested, and the Court has not granted, an extension to the deadline for amendments to the pleadings and joinder of parties.

On October 12, 2011, Plaintiff filed its current Motion for Leave to Amend Complaint. Plaintiff seeks to add Dr. Robert Banasik, Lawrence Ohio Investors, LTD., Medina Ohio Investors, LTD., Dayton Investors, LLC, Windsong Investments, LLC, and Equity Management, Inc. as Defendants in this action. Additionally, Plaintiff seeks to add a claim for fraudulent conveyance against all Defendants. Plaintiff asserts that discovery has revealed that the proposed new Defendants have engaged in activity resulting in the siphoning of money from the original Defendants to the detriment of unrelated creditors. Plaintiff attached the purported First Amended Complaint to its Motion for Leave.

The current Defendants oppose the Motion for Leave to Amend Complaint on futility grounds. This matter became ripe on December 9, 2011 when Plaintiff filed its Reply, after requesting and receiving two extensions to file it.

## II.

Plaintiff's cite Federal Rule of Civil Procedure 15(a) in support of their Motion for Leave to Amend. Although Rule 15(a) governs amendments to the pleadings, when a motion to amend is brought after the deadline set within the Court's scheduling order, a party must satisfy the standards of both Federal Rules of Civil Procedure 15(a) and 16(b). *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905–09 (6th Cir. 2003)). The Court has considerable discretion in deciding whether to allow amendments to the pleadings and whether to adjust its case schedule. *See, e.g.*, *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Bentkowski v. Scene Magazine*, 637 F.3d 689, 697 (6th Cir. 2011).

Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).

Under Rule 16(b)(4), however, the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's

3

scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009) (internal quotations omitted); *see also Leary*, 349 F.3d at 906 ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (citing 1983 advisory committee notes to Fed. R. Civ. P. 16). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if amendment would not prejudice the nonmoving party, Plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn*, 382 F. App'x at 450; *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

### III.

In this case, the parties' briefing focuses on the issue of whether or not Plaintiff's purported amendments would be futile. The Court, however, finds no need to reach the potential merits of Plaintiff's amendments, because Plaintiff has failed to satisfy its obligation of showing good cause for the modification of the case schedule.

Specifically, Plaintiff has failed to demonstrate that it acted with proper diligence. Plaintiff filed its Motion for Leave to Amend on October 12, 2011, over eleventh months after the Court's November 7, 2010 deadline for amendments to the pleadings. Additionally, Plaintiff

4

brought its Motion for Leave to Amend late in the Court's case schedule.[1] Within the Motion, the only explanation Plaintiff provides is essentially that discovery has revealed the involvement of other parties. This limited information does not demonstrate that Plaintiff has acted in a diligent fashion in seeking to amend the complaint outside of the Court's case schedule. Even assuming that Plaintiff could not have reasonably met the scheduled November 7, 2010 deadline, Plaintiff has not provided the Court with sufficient information to justify its significant delay in bringing this issue to the Court's attention.

      Additionally, the Court finds it likely that an extension would result in prejudice to the existing Defendants in the case, and most certainly to the new putative Defendants. This case has been pending since July 2010. Under the current schedule, dispositive motions are due in less than two months. The Court has already granted several extensions to the parties' discovery and dispositive motion deadlines. The addition of six new Defendants, as well as an additional claim, would lead to significant delay to the case schedule. After all, the new Defendants would have an interest in, and would no doubt require, time to engage in discovery and to prepare their defenses. The current Defendants, as well as this Court, have an interest in reaching an ultimate resolution to this action. A significant delay in the current case schedule would prejudice this interest. *Cf. Commerce Benefits*, 326 F. App'x at 377-78 (affirming denial of case-schedule extension in part because "any further delay in discovery would have resulted in additional time and expense incurred by both the parties and the court").

---

[1] At the time Plaintiff filed its Motion to Amend the final discovery deadline was approximately one month away. The case-dispositive motion deadline was two months away. Although the Court later granted one final extension to these deadlines, these circumstances suggest a lack of diligence.

5

Finally, while the Court has broad discretion in modifying its pretrial deadlines, and will often do so, such deadlines still serve important purposes. *See Wagner*, 2011 WL 124226, at *4 ("[I]t must be remembered that adherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings . . . and that pretrial scheduling orders are the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner.") (internal citation and quotations omitted). Deadlines as to amendments to the pleadings, in particular, allow for finality in the pleading process. Ultimately, under the circumstances of this case, Plaintiff has failed to demonstrate good cause.

## IV.

In addition to Plaintiff's Motion to Amend, the parties again move the Court for an extension of time to complete discovery and file dispositive motions. In this fifth request, the parties provide the following as grounds for the extension:

> As the Court is aware, two of the attorneys representing Plaintiff, Ms. Ford and Ms. Ferreri, were on maternity leave after November 14, 2011. . . . Ms. Stinnett, who took over for Ms. Ford and Ms. Ferreri as Plaintiff's counsel, then had a family emergency that took her out of the office for the majority of December 2011. Once Plaintiff's counsel returned and became aware of the volume of documents produced by Defendants – which number in the millions, as well as the multiple locations of such documents, it became obvious that additional time was going to be needed. . . .

(Joint Mot. to Extend, ECF No. 52, at p.1.)[2] The Court makes several observations regarding this request. First, besides Ms. Ford and Ms. Ferreri, Plaintiff has at least one additional trial counsel and a local attorney representing it, as reflected on the docket of this case. Ms. Stinnett, however, is not listed as counsel and has not moved for admission *pro hac vice* with this Court.

---

[2] The parties also justify their request for an extension based on the pendency of Plaintiff's Motion to Amend. That basis has been obviated by this Opinion and Order.

6

In any event, the Court finds it difficult to fathom that a party who has been represented by no fewer five attorneys over the course of the eighteen months this case has been pending seeks an additional sixty days to complete discovery, particularly when the parties indicated to the Court as early as May 10, 2011 that they were aware of new sources of discoverable information (ECF No. 30) and that additional documents from subsequent requests for production were due from Defendants on November 15, 2011. (ECF No. 41.).[3] Finally, the Court specifically notified the parties that it would grant no further extensions.

Nevertheless, the Court is not insensitive to the representations of counsel that she had a family emergency.[4] The Court finds that sixty days, however, is excessive in light of the circumstances and this Opinion and Order denying Plaintiff's Motion to Amend. Accordingly, all discovery must be completed by **FEBRUARY 17, 2012.** Case dispositive motions must be filed on or before **MARCH 30, 2012.** And, needless to say, the parties may be assured that these dates will not be extended.

V.

For the above reasons, Plaintiff's Motion to Amend is **DENIED**. (ECF No. 39.)

**IT IS SO ORDERED.**

Date: January 18, 2012                     /s/ *Elizabeth A. Preston Deavers*
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge

---

[3] For this reason, the Court granted the parties an additional sixty days from this date to complete discovery.

[4] Given that the Court is granting a limited extension based on counsel's predicament, Ms. Stinnett is **DIRECTED** to move for leave to appear *pro hac vice* within **SEVEN (7) DAYS** of the date of this Order.

7