UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUSSELL DUSEK, MARSHA PESHKIN, DAVID ABEL, CAROL DIFAZIO, as TIC, BEN HELLER, WARREN M. HELLER, NORMA HILL, JABA ASSOCIATES, CAROL KAMENSTEIN, DAVID KAMENSTEIN, PETER KAMENSTEIN, TRACY KAMENSTEIN, PEERSTATE EQUITY FUND, LP, Robert Getz, RAR ENTREPRENEURIAL FUND, LTD., JUDITH RECHLER, SAGE ASSOCIATES, JEFFREY SHANKMAN, LORI SIROTKIN, STONY BROOK FOUNDATION, YESOD TRUST, MELVIN H. AND LEONA GALE JOINT REVOCABLE LIVING TRUST, FREDERICK AND SUSAN KONIGSBERG JTWROS, EDYNE GORDON AS EXECUTRIX OF THE ESTATE OF ALLEN GORDON, JOEL BUSEL REVOCABLE TRUST, SANDRA BUSEL REVOCABLE TRUST, ROBERT YAFFE, PALMER FAMILY TRUST, MARTIN LIFTON, MARLENE KRAUSS, SLOAN KAMENSTEIN, SYLVAN ASSOCIATES LIMITED PARTNERSHIP, JOAN ROMAN, WILENITZ TRUST U/ART FOURTH O/W/O ISRAEL WILENITZ, ROBERT ROMAN, JEROME GOODMAN, FRANK & CAROL DIFAZIO AS TIC, EUGENE KISSINGER TRUST U/A/D 12/6/99, and NANCY DVER-COHEN REV TST DTD 11/20/00, NANCY DVER-COHEN AND RALPH H. COHEN TSTEES,

   Plaintiffs,

v.             Case No: 2:14-cv-184-FtM-29CM

**Exhibit G**

```
JP MORGAN CHASE & CO., JP
MORGAN CHASE BANK N.A., J.P.
MORGAN SECURITIES LLC, J.P.
MORGAN    SECURITIES,   LTD.,
JOHN  HOGAN,  and  RICHARD
CASSA,
```

Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion to Transfer Venue to the Southern District of New York (Doc. #27), supported by the Declaration of Carlos J. Canino (Doc. #28) and the Declaration of Helen Vaysman (Doc. #29), all filed on August 14, 2014. Plaintiffs' Memorandum of Law in Opposition (Doc. #34) was filed on August 28, 2014, and Defendants' Reply (Doc. #47) was filed on September 19, 2014. Defendants argue that the case was improperly filed in the Middle District of Florida and should be transferred to the Southern District of New York. Alternatively, if the case was properly filed in the Middle District of Florida, defendants assert it should nonetheless be transferred to the Southern District of New York based upon convenience factors.

**I.**

In the absence of a more specific venue statute, venue is generally governed by 28 U.S.C. § 1391. <u>Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas</u>, 134 S. Ct. 568, 577 (2013). Section 1391 provides in part that "[a] civil action may be brought in—(1) a judicial district in which any

defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." Atlantic Marine Constr., 134 S. Ct. at 577. The Court may consider only the factors set forth in § 1391 in making this determination. Id. at 577-79.

The only portion of § 1391 upon which plaintiffs rely is §1391(b)(2). Plaintiffs assert that the Middle District of Florida is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." (Doc. #34, p. 16.) Perhaps more importantly, plaintiffs rely upon two more specific statutes which provide for venue in securities cases in any district in which defendant "is

- 3 -

EXHIBIT 1

found or . . . transacts business," 15 U.S.C. § 78aa(a), and venue in RICO cases in any district in which the defendant "is found or . . . transacts his affairs." 18 U.S.C. § 1965(a). The First Amended Complaint alleges in part that "[d]efendants and their agents can be found in this district and they transact business and affairs in this district." (Doc. #7, ¶ 29.) The Court concludes that venue in the Middle District of Florida is proper, and therefore the motion to transfer pursuant to 28 U.S.C. § 1406 is denied.

**II.**

While proper in the Middle District of Florida, venue may still be transferred pursuant to 28 U.S.C. § 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotation omitted). Plaintiff's choice of forum, however, should not be disturbed unless it is clearly outweighed by other considerations, and a transfer that would only shift inconvenience does not outweigh the plaintiff's choice for

- 4 -

EXHIBIT 1

Section 1404(a) purposes. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quotation marks omitted). Factors considered by the court include "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "It is the movant's burden to persuade the court that a transfer should be granted." Perlman v. Delisfort-Theodule, 451 F. App'x 846, 848 (11th Cir. 2012).

The parties analyze these factors and, not surprisingly, come to differing conclusions. The Court finds that the factors do not predominate in favor of transfer, and do not convince the Court that it should exercise its discretion and transfer the case to New York. There is no district which will not inconvenience some of the parties and witnesses. Roughly half of the plaintiffs reside in New York, eleven reside in Florida (but only one in the Middle District of Florida), and the others reside in other districts. There does not seem to be any difference concerning

- 5 -

EXHIBIT 1

the availability of process to compel unwilling witnesses. The relative means of the parties clearly favors honoring the choice of venue selected by plaintiffs. Some of the claims involve issues of Florida law, which presumably will give a Florida judge a leg-up. The relevant documents seem to be located in New York, where the corporate headquarters are located, but document location in today's electronic age seems to have decreasing significance. The locus of operative facts is clearly the New York area, although the injury for at least some of the counts/plaintiffs is alleged to have occurred in Florida. Trial efficiency and the interests of justice are certainly not diminished in plaintiffs' choice of venue. The Court finds that defendants have not established that plaintiffs' choice of venue is clearly outweighed by other relevant considerations.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion to Transfer Venue to the Southern District of New York (Doc. #27) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of January, 2015.

                                          _____
                                          JOHN E. STEELE
                                          UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record