IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB BARRETT,

       Plaintiff,

                                No. 6:11-cv-06358-HZ

                                OPINION & ORDER

       v.

MAX WILLIAMS, et al.,

       Defendants,

Jacob Barrett
#C07320
FLORIDA STATE PRISON
7819 NW 228th Street
Raiford, FL 32026

       Pro se Plaintiff

Shannon M. Vincent

Page | 1 – OPINION & ORDER

**Exhibit H**

OREGON DEPARTMENT OF JUSTICE
Trial Division, CLS
1162 Court Street, NE
Salem, OR 97301-0346

      Attorney for Defendants

HERNANDEZ, District Judge:

      Jacob Barrett, pro se, is an inmate of the Oregon Department of Corrections ("ODOC") and is currently in the custody of the Florida Department of Corrections. Plaintiff was previously in the custody of the New Mexico Corrections Department and while there, sent an envelope to his cousin, an inmate at the Oregon State Penitentiary ("OSP"). On the outside of the envelope was a picture that Plaintiff had drawn. Because of the picture, the letter was returned to Plaintiff. Plaintiff alleges that (1) Max Williams, the former Director of ODOC; (2) Jeff Premo, the Superintendent at OSP; (3) Michelle Whitney Dodson, the Supervising Executive Assistant to Premo; and (4) "Jane Doe", a mailroom administrator at OSP violated his First Amendment free speech and his Fourteenth Amendment due process rights.

      Defendants filed a motion for summary judgment and a motion for stay of discovery. Having failed to receive any response by Plaintiff, this Court granted Defendants' motion for summary judgment, denied Defendants' motion for stay of discovery as moot, and entered a judgment dismissing this case. Now before me is Plaintiff's Motion to Reopen Case, Reconsideration and Extension of Time (#76). For the reasons that follow, Plaintiff's motion is GRANTED.

## STANDARD

      Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed R. Civ. P. 60(b). Rule 60(b)(1) provides relief from

Page | 2 – OPINION & ORDER

judgment due to "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). In evaluating whether there is "excusable neglect," a court's determination should be "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). To that end, four factors are particularly helpful in making this determination: (1) the danger of prejudice; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith. Id.

A court may also relieve a party from a final judgment "for any other reason which justifies relief." Fed. R. Civ. P. 60(b)(6). For a party to be entitled to relief, he "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)). Rule 60(b)(6) is meant to be used "sparingly as an equitable remedy to prevent manifest injustice and . . . where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).

## DISCUSSION

Defendants argue that Plaintiff unduly delayed in responding to their motion for summary judgment and accordingly, his request for relief should be denied. I disagree.

Here, Plaintiff establishes that circumstances beyond his control prevented him from timely filing his response to Defendants' motion for summary judgment. Specifically, Plaintiff represents that his delay was reasonable because prior to the deadline for filing his response, he was transferred from the New Mexico Corrections Department to the Florida Department of

Page | 3 – OPINION & ORDER

Corrections. Pl.'s Mot. to Reopen Case ("Pl.'s Mot."), p. 1. Plaintiff represents that during that time, he had no access to his files and was unable to notify the Court of his status until well after the filing deadline. Id.

In addition, Plaintiff states that he had completed his response prior to being transferred and was waiting for the "New Mexico legal officer[s]" to "pick it up and mail it", but before that could happen, Defendants moved him and packed up his response with his other belongings for shipment to Florida. Reply., p. 1-2. In fact, Plaintiff states that "Florida [Department of Corrections] is still in possession [of his property.]" Id.

Finally, Plaintiff maintains that during his transition to the Florida Department of Corrections and prior to his filing deadline of February 1, 2013, he requested the Court's address on numerous occasions, but was told that the Court's address "was not available." Id., p. 1. According to Plaintiff, it was not until he was placed in a "permanent facility" on February 5, 2013, that he was allowed to make a written request for the Court's address, which he asserts explains why the evidence shows that he had not requested the Court's address until February 5, 2013. Id.; Pl.'s Mot., Attach. 2.

In sum, the record before me shows that Plaintiff's transfer to the Florida Department of Corrections was beyond his control and interfered with his ability to timely respond to Defendants' motion. Under the circumstances here, Plaintiff is entitled to the relief he seeks under Rule 60(b).[2]

/ / /

---

[2] Defendants argue that granting Plaintiff's motion will be prejudicial. Defendants, however, fail to elaborate on how or what prejudice will result. Suffice it to say, I am not persuaded by Defendants' argument. Defendants also assert that Plaintiff's motion should be denied because he cannot establish a genuine issue of material fact with regard to their motion for summary judgment. Such a determination, however, is premature at this juncture of the proceedings.

Page | 4 – OPINION & ORDER

**CONCLUSION**

For the reasons above, Plaintiff's motion (#76) is GRANTED. The Clerk is ordered to reopen the case.

IT IS SO ORDERED.

Dated this 27 day of May, 2013.

*/s/ Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

Page | 5 – OPINION & ORDER