# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHS, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Freeborn County Co-op Oil Co., <br><br> Defendant. | Civil No. 10-166 (RHK/AJB) <br><br> **CONSENT DECREE AND ORDER OF DISMISSAL WITH PREJUDICE** |

The above-entitled matter having been fully compromised and settled between the parties, the following Consent Decree and Order is made and entered by the undersigned, the Honorable Richard H. Kyle, Judge of the United States District Court for the District of Minnesota, pursuant to the Stipulation of the parties hereto and their respective counsel and the written Settlement Agreement between the parties.

The parties hereto have **STIPULATED** as follows:

A. CHS, Inc. ("CHS") is the owner of the following federal trademark registrations, among others (hereinafter referred to collectively as the "Registered Marks"):

(1) CENEX®, Reg. No.'s 0,652,618, 1,590,170 and 3,520,211;

(2) QWIKLIFT®, Reg. No. 0,678,328;

(3) HTB®, Reg. No. 2,515,190;

(4) SUPERLUBE TMS®, Reg. No. 2,768,021; and

(5) The CENEX N® design, Federally registered in Reg. No.'s 1,070,076, 1,029,631, and 1,591,300 registered on December 18, 2001.

B. True and correct copies of the online records of the United States Patent and Trademark Office concerning the aforementioned marks are attached hereto as Exhibits A – I, respectively.

C. CHS and its affiliates are also the owners of common law trademark rights in the marks "CENEX," the "CENEX N" design, "QWIKLIFT," "HTB," and "SUPERLUBE TMS," including among other things, and without limitation rights regarding retail store service featuring agricultural products and supplies; oils, fuels, alternative fuels and lubricants, motor fuels, lubrication oils and greases for vehicles and machines; hydraulic oil; heating fuels for homes and buildings; and gasoline station services, as well as common law rights in their respective corporate and trade names (these common law rights and the Registered Marks will be referred to collectively hereinafter as the "CHS Marks").

D. The CHS Marks have become, by virtue of long-standing use and acceptance in the market by consumers, strong and distinctive marks.

E. Plaintiff CHS is engaged in the provision of services, the sale of goods, and other commercial activities throughout the United States using the CHS Marks, among others.

F. Defendant Freeborn County Co-op Oil Co. ("FCCO") has engaged in the business of offering for sale, selling, and delivering lubricants, including bulk lubricants offered for sale, sold, and delivered using the CHS Marks.

G. In this action CHS has alleged, *inter alia*, that Defendant FCCO has infringed upon the CHS Marks, causing confusion among consumers.

H. Defendant FCCO denies the allegations in the Complaint.

I. The parties hereto have agreed to settle and resolve the Trademark Dispute and the issues between them.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED** as follows:

1. Plaintiff CHS and their affiliated companies are the sole owners of and have the exclusive rights to use the CHS Marks, whether alone or in conjunction with other words or designs, as their trademarks, service marks, and trade names, on or in connection with the

provision, marketing and sale of any services, or any goods, or the conduct of any commercial activities, which are, or which may hereafter become, covered by or within the scope of the CHS Marks, throughout the United States. The CHS Marks and Federal registrations are valid and subsisting. The CHS Marks have become, by virtue of long-standing use and acceptance in the market by consumers, strong and distinctive marks. Defendant FCCO has not and will not hereafter contest the validity or ownership of any of the CHS Marks, or the validity or ownership of any of said registrations, or oppose any application by Plaintiff CHS, or their affiliates, or any of them, for federal registrations, or take any action against registration in the various states, of additional trademarks or service marks incorporating the terms "CENEX," "QWIKLIFT," "HTB," or "SUPERLUBE TMS" with a design as a part thereof.

  2. On or before October 1, 2010, Defendant FCCO shall do the following:

  (a) Remove any and all CHS Marks from any website or domain name registration controlled or used by Defendant FCCO, including any metatags, keyword advertising, or embedded code in or for any such website;

  (b) Contact any telephone directory, yellow pages directory, or business directory listings of any kind (including without limitation Internet listings) in which Defendant FCCO has a paid advertisement or listing, which advertises or lists FCCO as offering for sale, selling or delivering any products or services under any of the CHS Marks or as being authorized to sell CHS or "Cenex" products, to cancel such advertisement or listing or to have such advertisement or listing changed to one which does not include any of the CHS Marks or any confusingly similar name, mark or term. For any telephone directory, yellow pages directory, or business directory listings of any kind (including without limitation Internet listings) which lists FCCO as offering for sale, selling or delivering any products or services under any of the CHS Marks or as being authorized to sell CHS or "Cenex" products, or as being in any way affiliated with CHS or "Cenex," but where such listing is not paid for by or on behalf of FCCO, FCCO has authorized CHS to contact such telephone directory, yellow pages directory, or business directory listing to cancel such the listing of FCCO or to have such listing changed to one which does not include any of the CHS Marks or any confusingly similar name, mark or term. FCCO shall cooperate as necessary with CHS to correct or eliminate any such unpaid listings.

  (c) On or before September 28, 2010, FCCO shall deliver and turn over to Plaintiff CHS for destruction, any and all labels, signage, advertising, or containers bearing, containing, or comprising the CHS Marks, including, by way of example and without limitation, any and all letterhead, business cards, marketing brochures, signs, fencing, forms (such as invoices, purchase

3

orders, note cards, or similar materials), packaging, envelopes, and any templates, macros, or other articles used to print or create such materials.

(d) On or before October 15, 2010, Defendant FCCO shall provide counsel for Plaintiff CHS written certification that the requirements of paragraphs 2 & 3 of this Consent Decree have been fulfilled, stating in detail and with particularity all of the steps taken to fulfill such requirements. The certification shall be provided by sending it via Federal Express to:

> John B. Lunseth II
> Briggs and Morgan, P.A.
> 2200 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402

3. On or before September 28, 2010, FCCO shall tender to CHS all lubricants in the possession or under the control of FCCO, pursuant to the terms of the parties Settlement Agreement.

4. Defendant FCCO shall cease and permanently refrain from using or employing any of the CHS Marks, or any confusingly similar name or term, whether alone or in conjunction with other words or designs, in any manner for, or related to, the offering for sale, selling, or delivering of any products or services by Defendant FCCO or of any other company affiliated with or related to Defendant FCCO, including without limitation using any of the CHS Marks for promotional, marketing or advertising purposes or in any other way, except as may be permitted by CHS expressly in writing.

5. Defendant FCCO shall not expressly or impliedly represent itself or any of its products or services as being affiliated in any manner with Plaintiff CHS, or of any other company or person related to or affiliated with Plaintiff CHS, or as authorized, sponsored or endorsed by or otherwise connected with Plaintiff CHS.

6. Defendant FCCO shall not engage in any conduct which will cause or is likely to cause confusion, mistake or misunderstanding as to the source, affiliation, connection, or association of any of its products, services, or commercial activities with Plaintiff CHS, or of any

4

other company or person related to or affiliated with Plaintiff CHS, or any of CHS's respective services or goods, or with any of the CHS Marks.

7. Defendant FCCO shall not hereafter seek to obtain state or federal trademark or service mark registration or domain name registration of any the CHS Marks, or of any word, mark, name or design confusingly similar to any of the CHS Marks, whether alone or in conjunction with other words or designs, for use on or in connection with the products or services Defendant FCCO or of any other related or affiliated company or enterprise.

8. Defendant FCCO shall require that its affiliated companies, and each of its owners, members, managers, directors, officers, attorneys, agents, representatives and employees, successors and assigns shall comply with all terms of this Consent Decree the same as if they were parties hereto.

9. It is understood that Defendant FCCO has a joint ownership interest in WFS-FCCO, L.L.C. together with Watonwan Farm Services Company ("WFSC"), and that WFSC is at the present time an authorized CHS dealer. It is further understood that for the purposes of paragraphs 4 through 8 of this Consent Decree only, WFSC and WFS-FCCO, L.L.C. are not "affiliates" of FCCO to the extent the activities of WFSC and/or WFS-FCCO, L.L.C. are conducted by WFSC under and pursuant to the terms of its Agreements with CHS, and provided, further, that this paragraph 9 does not authorize and shall not be construed as authorizing any conduct, activities or statements which are likely to cause any person to believe or understand that there is any connection, sponsorship, or affiliation between CHS and FCCO, or the products, goods, services, or marks of CHS and FCCO.

10. Defendant FCCO shall not disparage, whether orally or in writing, Plaintiff CHS' rights to their names or to the CHS Marks, or the manner in which such rights were acquired, nor shall they libel or disparage Plaintiff CHS' efforts to enforce or police the CHS Marks in

5

connection with this or any other matter. Defendant FCCO shall use their reasonable best efforts to resolve any confusion that comes to their attention regarding any incorrectly perceived connection between Defendant FCCO on the one hand and Plaintiff CHS on the other hand.

11. The above-entitled matter shall be and the same hereby is **DISMISSED WITH PREJUDICE**, each party to bear its own costs and attorneys' fees. This Court shall retain jurisdiction solely for the purpose of enforcing the present Consent Decree and the Settlement Agreement between the parties concerning this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 4, 2010         s/Richard H. Kyle
                                RICHARD H. KYLE
                                United States District Judge