UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. 16-CV-62769-SCOLA/OTAZO-REYES

THEODORE D'APUZZO, P.A.,
Individually and on Behalf of All
Others Similarly Situated,

    Plaintiff,

        v.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

**CLASS ACTION**

# FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Theodore D'Apuzzo, P.A. ("Plaintiff"), individually and on behalf of all others similarly situated, sues Defendant, The United States of America ("Defendant"), and as grounds states:

## NATURE OF ACTION

1. This is a class action brought on behalf of users of the Public Access to Court Electronic Records ("PACER"), an electronic system employed by federal courts to provide the public with access to court records, who were improperly charged to access judicial opinions.

2. To access documents via PACER, users enter into a contractual arrangement under which the user agrees to abide by PACER's terms and conditions in exchange for access to the documents. Among those terms and conditions is the Electronic Public Access Fee Schedule, available at PACER's website https://www.pacer.gov/ ("Fee Schedule"), which governs the costs users pay to access documents via PACER. The Fee Schedule plainly states, "No fee is charged

for access to judicial opinions." Thus, PACER users are supposed to have free access to judicial opinions under PACER's terms and conditions.

3. Free access to opinions in PACER has been in place since at least 2005, and stems from an explicit directive contained in the E-Government Act of 2002, which imposed a requirement on all federal courts to provide "[a]ccess to the substance of all written opinions issued by the court…." H.R. 2458, 107th Cong. §205(a)(5) (2002) ("E-Government Act").

4. The Judicial Conference of the United States ("Judicial Conference"), the judicial body charged with implementing PACER, has defined "written opinions" as "any document issued by a judge or judges of the court sitting in that capacity, that sets forth a reasoned explanation for a court's decision."[1]

5. According to the Judicial Conference, this definition, which courts utilize in designating documents as "judicial opinions" for purposes of PACER billing, "is expressly intended to cover reports and recommendations issued by magistrate judges…and also includes a summary order adopting such report[s] and recommendations." *Id.* (emphasis added). The definition is not intended to include "routine, non-substantive orders such as scheduling orders or rulings on motions for extension of time." *Id.* Ultimately, though, it is left to each individual judge (or judges' staff) to designate a document as a "judicial opinion" for purposes of PACER billing. *Id.*

6. Contrary to the plain language of the Fee Schedule and the E-Government Act's directive, numerous documents that constitute a judicial opinion under the Judicial Conference's definition, or any other reasonable objective are not flagged as "judicial opinions" for purposes of PACER billing. Examples of such documents include "reports and recommendations" and

---

[1] Document on compliance with E-Government Act, available at www.pamd.uscourts.gov/sites/default/files/opinionse-govact.pdf ((last visited February 6, 2017).

orders relating to such, and, ironically, many whose title actually contain the word "opinion", or which are described as "opinions" in the documents themselves, or which are explicitly referred to as an "opinion" on PACER's docket sheet for the particular case.  As a result, PACER users, who have entered into a contract with Defendant entitling them to free access to judicial opinions, are improperly required to pay to access such documents.

7. Defendant continues to foster a system where PACER users are improperly required to pay to access judicial opinions, despite being aware of, and having received complaints about, the problem.

8. Defendant has breached, and continues to breach, its contracts with Plaintiff and other members of the proposed Class (defined below).

9. Defendant likewise has breached, and continues to breach, the implied covenant of good faith and fair dealing stemming from its contracts with Plaintiff and other Class members.

10. As well, Defendant's improper collection of payments for judicial opinions is in contravention of relevant statutes and related policies and procedures, including the E-Government Act and the Fee Schedule, and constitutes an illegal exaction in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

11. Accordingly, Defendant owes Plaintiff and the Class damages as compensation for the improper charges.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(a)(2). Venue is proper in this District, where the Plaintiff resides, pursuant to 28 U.S.C. §1402(a)(1) and 28 U.S.C. §1391(e)(1).

## PARTIES

13.     Plaintiff, Theodore D'Apuzzo, P.A., is a Florida corporation with its principal place of business in Fort Lauderdale, Florida.  During the time period of the proposed Class, Plaintiff utilized PACER to access judicial opinions, for which access it was charged.  Plaintiff has not been reimbursed or otherwise compensated for the charges.

14.     Defendant, The United States of America, includes the Administrative Office of the United States Courts ("AO"), which administers and maintains PACER, and agents acting at the direction of or on behalf of the AO.

## FACTUAL ALLEGATIONS

### The PACER System

15.     According to the AO's website, http://www.uscourts.gov, PACER is an electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts.  PACER is made available by the Federal Judiciary in keeping with its commitment to providing the public with access to court information via a centralized service.  PACER's mission is to facilitate and improve electronic public access to court information at a reasonable cost, in accordance with legislative and judicial policies, security requirements, and user demands.  PACER hosts millions of case file documents and docket information for all district, bankruptcy, and appellate courts.

16.     Among PACER's users are attorneys; state and local governments, including city, state, and federal employees; educational institutions, including students, educators, and staff; journalists and media organizations; judges and court staff; and the general public.

17.     Users wishing to access documents via PACER enter into a contract under which the user agrees to abide by PACER's terms and conditions in exchange for access to the

documents. Among the terms and conditions is that each user must register for an account with PACER. For instance, PACER's homepage at https://www.pacer.gov/ contains a section entitled "WHO CAN ACCESS PACER?", which states, "PACER is available to anyone who registers for an account", with "registers" linking to a registration form. Similarly, another section on PACER's homepage, entitled "HOW DO I ACCESS PACER?", states, "First, you will need a PACER account. Sign up for one using the online registration process", with "online registration process linking to a registration form. Upon registering, the user may access documents via PACER, with the costs of doing so governed by the Fee Schedule, as discussed below.

## PACER User Fees

18.     As mandated by Congress, PACER is funded through user fees set by the Judicial Conference. The Judicial Appropriations Act of 1992, Pub. L. 102–140, title III, § 303, 105 Stat. 810 (1991), as amended by the E-Government Act of 2002, Pub. L. 107–347, title II, § 205(e), 116 Stat. 2915 (2002), provides:

> **Court Fees for Electronic Access to Information**
>
> (a) The Judicial Conference ***may, only to the extent necessary, prescribe reasonable fees***, pursuant to sections 1913, 1914, 1926, 1930, and 1932 of title 28, United States Code, for collection by the courts under those sections for access to information available through automatic data processing equipment. … The Director of the Administrative Office of the United States Courts, under the direction of the Judicial Conference of the United States, shall prescribe a schedule of reasonable fees for electronic access to information which the Director is required to maintain and make available to the public.

*Id.* (codified as amended at 28 U.S.C. 1913 note) (emphasis added).

19.     Congress expressly limited the AO's ability to charge user fees for access to electronic court information by substituting the phrase "only to the extent necessary" in place of "shall hereafter" in the above statute. E-Government Act, § 205(e).

20. In accordance with this statute, the Judicial Conference prescribed user fees for electronic public access to court records, as reflected in the Fee Schedule published on PACER's website. The Fee Schedule provides in pertinent part:

**Fees for Public Access to Court Electronic Records (PACER)**

(1) Except as provided below, for electronic access to any case document, docket sheet, or case-specific report via PACER: $0.10 per page, not to exceed the fee for thirty pages.

\*\*\*

**Free Access and Exemptions**

(8) Automatic Fee Exemptions:

\*\*\*

- No fee is charged for access to judicial opinions.

*Id.* (emphasis in original). Notably, "judicial opinions" appears in the Fee Schedule under the heading of "Automatic Fee Exemptions", in contrast to the heading "Discretionary Fee Exemptions," which emphasizes that judicial opinions are supposed to be free.

21. The Fee Schedule governs the costs for PACER access, per the plain language of the Fee Schedule itself, which states, "The fees included in the Electronic Public Access Fee Schedule are to be charged for providing electronic public access to court records." This is also reflected on PACER's website. For instance, a section of the "Frequently Asked Questions" of the website entitled "Why does PACER charge a fee," discusses PACER charges and states, "For a current electronic public access fee schedule, click here," with the "click here" linking to the Fee Schedule.[2]

22. Under the unambiguous language of the Fee Schedule, then, PACER users should not be charged for access to judicial opinions. Moreover, free access to judicial opinions via

---

[2] http://www.pacer.gov/psc/faq.html (last visited February 13, 2017).

PACER is hardly new. To the contrary, such free access has been announced publicly almost since PACER'S inception.

23.     For instance, a July 2005 official PACER announcement ("2005 Announcement") contained a prominent, bolded announcement as its main headline entitled "**NEW! Free Written Opinions**", which stated in pertinent part, "In the spirit of the E-Government Act of 2002, modifications have been made to the District Court CM/ECF system to provide our customers with **access to written opinions free of charge**…." *Id.* (text emphasis added).[3]

24.     The announcement went on to reiterate this "free" access to opinions: "PACER customers can also access opinions via existing reports and queries…and **will not be billed for accessing the written opinion** document itself…. If the customer…clicks on the document number hyperlink for a written opinion document, the customer **will not be charged** for viewing the document." *Id.* (emphasis added). The same information was repeated in later PACER announcements, for instance, in January and April 2006.[4]

25.     A similar announcement was made in an official 2012 PACER "summary."[5] A section of that document, entitled "**Free Information and Exemptions**," discussed the costs involved in providing the public with electronic access to court records, and stated that a "great deal of federal court information" is provided to the public at "no charge." The summary included examples of such "free" information, with the first example being "judicial opinions":

> **Free Information and Exemptions**
>
> There is a high cost to providing electronic public access, and as described above,

---

[3] The announcement may still be viewed on the PACER website at https://www.pacer.gov/announcements/quarterly/qa200507.pdf (last visited November 10, 2016).
[4] These announcements may still be viewed on the PACER website at https://www.pacer.gov/announcements/quarterly/qa200601.pdf (last visited October 26, 2016) and https://www.pacer.gov/announcements/quarterly/qa200604.pdf (last visited November 5, 2016), respectively.
[5] The summary may still be viewed on the PACER website at https://www.pacer.gov/documents/epasum2012.pdf (last visited October 27, 2016).

> Congress decided in 1991 that the funds needed to improve electronic access to court information were to be provided by the users of this information through reasonable fees rather than by all tax payers through appropriated funds. It is also important to note, however, that the public access program does provide a great deal of federal court information to the American public for **no charge**. For example:
>
> - The Judiciary **does not charge** for access to judicial opinions….

*Id.* (text emphasis added).

26. Consistent with these PACER announcements, the "Frequently Asked Questions" on the AO's website relating to electronic case access states, "There is no charge to view court opinions…."[6]

27. Free PACER access to judicial opinions is consistent with both the language and purpose of the E-Government Act and related laws, which were meant to increase public access to court documents.

### PACER Improperly Charges for Access to Judicial Opinions

28. Despite the Fee Schedule explicitly stating that "judicial opinions" are "automatically exempt" from charges, PACER charges its users to access numerous court documents that clearly constitute judicial opinions.

29. The E-Government Act does not define "judicial opinions," but the 2005 Announcement explained that "[w]ritten opinions have been defined by the Judicial Conference as 'any document issued by a judge or judges of the court sitting in that capacity, that sets forth a reasoned explanation for a court's decision.'" *Id.* p. 1. That announcement went on to state that "[t]he responsibility for determining which documents meet this definition rests with the authoring judge." *Id.*

---

[6] http://www.uscourts.gov/courtrecords/electronic-filing-cmecf/faqs-case-management-electronic-case-files-cmecf (last visited November 11, 2016).

30. According to the Judicial Conference, the above definition of "written opinions" is "<u>expressly</u> intended to cover reports and recommendations issued by magistrate judges…and also includes a summary order adopting such report and recommendations."[7] (emphasis added). It is not, however, intended to include "routine, non-substantive orders such as scheduling orders or rulings on motions for extension of time." *Id.*

31. The Judicial Conference's definition of "written opinions" is used by courts to designate documents as "judicial opinions" for purposes of PACER billing, but the definition has been applied very inconsistently, so that many court documents that satisfy that definition are nonetheless not flagged as "judicial opinions."  As a result, PACER users are improperly required to pay for access to many such opinions, in plain violation of the Fee Schedule, which is part of the users' contracts with PACER.

32. Defendant, including the AO, is liable for these improper charges, since the charges stem from Defendant's failure to promulgate a definition of "judicial opinion" that could be applied consistently by the courts of the United States, or to otherwise implement safeguards to prevent judicial opinions from requiring a charge to be accessed via PACER.

33. An example of a court document that is a "judicial opinion", but which was not flagged as such in PACER and thus requires a charge to be accessed, is found in **Exhibit A**, for which Plaintiff was charged to access.  The document, from the district court in the Southern District of Florida, meets the Judicial Conference's definition of a written opinion.  It is a "document" that was "issued by a judge…sitting in that capacity", and "sets forth a reasoned explanation for [the] court's decision."  Further, the document is not a "routine, non-substantive" order.  Yet, Plaintiff and other users are required to pay to access this document in PACER.

---

[7] Document on compliance with E-Government Act, footnote 1 *supra*.

34. Plaintiff also was charged to access the document attached as **Exhibit B**, a judicial opinion issued by the district court in the Western District of Washington.

35. Other examples of court documents that constitute judicial opinions but that are not available for free in PACER abound. One is the detailed, <u>82-page</u> ruling issued by the bankruptcy court for the Southern District of Florida following a trial, attached as **Exhibit C**. Not only does it meet the Judicial Conference's definition of a written opinion, the document more than once refers to itself as an "Opinion." Ex. C, p. 2, fn. 3 (explaining abbreviations used "throughout this Opinion"); p. 37, fn. 53 ("For purposes of this Opinion….").

36. Many documents in PACER that are not flagged as judicial opinions, and thus require users to pay for access to them, even contain the word "Opinion" in their very title. For instance, attached as **Exhibit D** is a document entitled "Opinion Granting Defendants' Motion to Dismiss", a 29-page ruling from the bankruptcy court in the Eastern District of Michigan. Not only is the document actually entitled "Opinion", the issuing judge twice referred to the document as an "opinion." Ex D, p. 1 ("For the reasons explained in this opinion…."); p. 28 ("The Court will enter an order consistent with this opinion.").

37. Similar is the "Memorandum Opinion and Order" from the district court in the District of Columbia (copy attached as **Exhibit E**). As with Exhibit D, besides the "Opinion" in its title, the judge referred to the document in its text as an "opinion." Ex. E, p. 4 (directing responses to be filed within 21 days "of the issuance of this opinion"). Yet, users must pay to access this document.

38. Yet another example is the "Opinion and Order" from the district court in the Southern District of Ohio (copy attached as **Exhibit F**). Again, in addition to the title, the

document is twice referred to in its text as an "Opinion", on page 6 fn. 2, and page 7. This document was not flagged as a judicial opinion in PACER, however.

39. The "Opinion and Order" from the district court in the Middle District of Florida attached as **Exhibit G**, too, was not flagged as a judicial opinion in PACER.

40. In addition to the many documents that are not flagged as judicial opinions in PACER despite their titles or text containing the word "opinion", numerous documents also are not flagged as judicial opinions even though PACER's own docket sheet for the particular case refers to them as "opinions." An example is the "Opinion and Order" issued by the district court in Oregon (copy attached as **Exhibit H**), which requires a charge to access. Not only does its title contain the word "Opinion", the accompanying docket report entry in PACER states, "See 5-page opinion & order attached."

41. Further illustrating the inconsistency with how court rulings are flagged as "opinions" in PACER, another document in the same case as Exhibit H, issued a few months earlier, and bearing the identical title of "Opinion & Order" was flagged as an "opinion" (copy attached as **Exhibit I**), and thus is freely available.

42. Similar is the "Consent Decree and Order of Dismissal With Prejudice," from the district court in Minnesota (copy attached as **Exhibit J**). The accompanying docket report entry refers to it as a "Written Opinion", yet PACER users must pay to access this document.

43. Indeed, even magistrates' "reports and recommendations", as well as orders adopting such reports and recommendations, both of which the Judicial Conference has stated **"expressly"** fall within the definition of "written opinions," routinely are not available for free in PACER. Two examples of each that require payment by PACER users are attached as **Composite Exhibits K** and **L**, respectively.

44. In short, PACER users are being improperly charged to access many court documents that constitute "judicial opinions," in contravention of the Fee Schedule, which is part of PACER users' contracts, and the E-Government Act, which was enacted to provide the public with access to judicial opinions.  The inconsistency with which documents constituting judicial opinions are flagged as such in PACER amounts to objectively unreasonable or arbitrary conduct by Defendant.

45. All conditions precedent to this action have occurred, been performed, or have been excused.

46. Plaintiff has retained the law firms of Giuliano Law, P.A., and Van Ness Law Firm, PLC, as its attorneys in this action and has incurred attorneys' fees and costs in prosecuting this action.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this class action on behalf of itself and all others similarly situated as members of a proposed Class defined as follows:

> **All PACER users who, within the last six years, paid to access a document constituting a judicial opinion in PACER**.

Excluded from the Class are the United States government and the agencies and officers thereof; any judges, justices, or judicial officers presiding over this matter, the members of their immediate families, and their judicial staff; Plaintiff's legal counsel and their law firms; and PACER users who have incurred improper charges to access documents constituting judicial opinions in excess of $10,000.

48. This action is brought as and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

49. ***Numerosity Under Rule 23(a)(1)***.  The Class is so numerous that the individual joinder of all members ("Class Members") is impracticable.  While the exact number of Class Members is currently unknown and can only be ascertained through appropriate discovery, PACER has millions of users and many of those users have improperly been charged to access judicial opinions.  This is more than sufficient to satisfy the numerosity requirement.  Each of these Class Members can also be ascertained by referencing the AO's business records, which include the contact information for Class Members.

50. ***Commonality Under Rule 23(a)(2)***.  Common legal and factual questions exist that predominate over any questions affecting only individual Class Members.  These common questions, which do not vary among Class Members and which may be determined without reference to any Class Member's individual circumstances, include, but are not limited to:

   A. Whether Defendant charged PACER users, including Plaintiff and other Class Members, for access to judicial opinions in breach of its contract with the users;

   B. Whether Defendant owed a duty to PACER users, including Plaintiff and other Class Members, to not bill them to access judicial opinions;

   C. Whether PACER users, including Plaintiff and other Class Members, are improperly charged to access judicial opinions;

   D. Whether Defendant breached the implied covenant of good faith and fair dealing by charging PACER users to access judicial opinions;

   E. Whether Defendant's conduct of unnecessarily and unreasonably charging PACER users to access judicial opinions, in contravention of the Fee Schedule as promulgated under the E-Government Act and related laws, constituted an illegal exaction; and

   F. Whether Plaintiff and other Class Members have been damaged by the wrongs alleged and are entitled to compensatory damages.

51. Each of these common questions is also susceptible to a common answer that is capable of classwide resolution and will resolve an issue central to the validity of the claims.

52. *Adequacy of Representation Under Rule 23(a)(4)*. Plaintiff is an adequate Class representative because it is a Class Member, and its interests do not conflict with the Class's interests. Plaintiff has retained counsel that is competent and experienced in prosecuting class actions. Plaintiff and its counsel intend to prosecute this action vigorously for the Class's benefit and will fairly and adequately protect the Class's interests.

53. *Rule 23(b)(2) Generally Applicable Grounds*. The Class can be properly maintained under Rule 23(b)(2). Defendant has charged, and continues charging, Plaintiff and other Class Members for access to court documents constituting "judicial opinions." Defendant, therefore, has acted or refused to act, with respect the issues presented in this Complaint, on grounds generally applicable to the Class.

54. *Rule 23(b)(3) Predominance and Superiority*. The Class can be properly maintained under Rule 23(b)(3), because the above common questions of law and fact predominate over any questions affecting only individual Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of this litigation because individual litigation of each Class Member's claim is impracticable. Even if each Class Member could afford individual litigation, the court system could not. It would be unduly burdensome if thousands of individual cases were to proceed. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class-action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Contract

55.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1-54 of this Complaint.

56.     As part of the process to register with and access PACER, Plaintiff and the Class entered into contracts with Defendant, which had actual authority to enter into said contracts.

57.     These contracts incorporated the terms and conditions on PACER's website and those provided to Plaintiff and the Class during the registration process for PACER, and include the Fee Schedule.

58.     Under the terms of the contracts, and specifically the Fee Schedule, PACER users are not supposed to be charged to access "judicial opinions" via PACER.

59.     By charging Plaintiff and the Class to access "judicial opinions" via PACER, Defendant violated the express terms of the contracts.  As a result, the Defendant breached their contracts with Plaintiff and the Class.

60.     Plaintiff and the Class performed their duties under the contracts or were excused from doing so.

61.     As a direct and proximate cause of Defendant's breach of the contracts, Plaintiff and the Class were harmed and are owed compensatory damages.

### COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

62.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1-54 of this Complaint.

63. As part of the process to register and access PACER, Plaintiff and the Class entered into contracts with Defendant, which had actual authority to enter into said contracts.

64. Federal common law imposes an implied covenant of good faith and fair dealing in the performance of all contracts on all contracting parties.

65. These contracts incorporated the terms and conditions on PACER's website and those provided to Plaintiff and the Class during the registration process for PACER, and include the Fee Schedule.

66. Under the terms of the contracts, and specifically the Fee Schedule, PACER users are not supposed to be charged to access "judicial opinions" via PACER.

67. Defendant has breached the implied covenant of good faith and fair dealing in the performance of these PACER contracts by charging users to access judicial opinions. This breach, in turn, stems from Defendant's failure to promulgate a definition of "judicial opinion" that could be applied consistently by the various courts of the United States, or to otherwise implement safeguards to ensure free access to judicial opinions via PACER, so as to not deprive PACER users of this contractual benefit. The inconsistent manner in which judicial opinions are flagged as such in PACER amounts to arbitrary or unreasonable conduct by Defendant.

68. Defendant continues to breach the implied covenant of good faith and fair dealing because it is aware of its improper charging for judicial opinions, has received complaints regarding same, and yet continues to allow such charges.

69. Plaintiff and the Class performed their duties under the contracts or were excused from doing so.

70. As a direct and proximate cause of Defendant's breach of the implied covenant of good faith and fair dealing under the contracts, Plaintiff and the Class were harmed and are owed compensatory damages.

## COUNT III
### Illegal Exaction

71. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1-54 of this Complaint.

72. Defendant, acting through the AO, improperly collected user fees from Plaintiff and the Class in excess of those authorized by Congress under the E-Government Act and under the PACER Fee Schedule.

73. The E-Government Act provides that "[t]he Judicial Conference may, *only to the extent necessary*, prescribe reasonable fees…for collection by the courts…for access to information available through automatic data processing equipment" and that "[t]he Director of the [AO], under direction of the Judicial Conference…shall prescribe a schedule of *reasonable* fees for electronic access to information…." 28 U.S.C. 1913 note (emphasis added).

74. The Fee Schedule plainly states that "[n]o fee is charged for access to judicial opinions."

75. By improperly charging PACER users, including Plaintiff and other Class Members, to access "judicial opinions," Defendant collected charges from Plaintiff and the Class in excess of that authorized by the E-Government Act and the Fee Schedule, which charges are both unnecessary and unreasonable.

76. By necessary implication, the E-Government Act, the Fee Schedule, and other related policies and procedures promulgated by Defendant provide that the remedy for their violation entails a return of money unlawfully exacted. By directly prescribing the limits on fees

charged to PACER users, these laws, policies, and procedures lead to the conclusion that they provide a monetary remedy for fees charged in excess of the prescribed limits.

77. Plaintiff and the Class are intended beneficiaries of the E-Government Act and related policies and procedures, as PACER's mission is to facilitate and improve electronic public access to court information at a reasonable cost, in accordance with legislative and judiciary policies, security requirements, and user demands.

78. Defendant has retained the funds it unlawfully collected from Plaintiff and the Class for access of judicial opinions via PACER and has not reimbursed or otherwise compensated Plaintiff and the Class.

79. Plaintiff and the Class seek return of all funds improperly paid, exacted, or taken from them in contravention of the E-Government Act and related policies and procedures.

**Prayer for Relief**

Plaintiff, on behalf of itself and the Class, requests that the Court order the following relief and enter judgment against the Defendant as follows:

    A. An order certifying the proposed Class under Federal Rule of Civil Procedure 23;

    B. An order appointing Plaintiff and its counsel to represent the Class;

    C. A finding that Defendant breached its contracts with Plaintiff and the Class;

    D. A finding that Defendant breached the implied covenant of good faith and fair dealing with the Class;

    E. A finding that the Defendant illegally exacted money from Plaintiff and the Class in violation of the Due Process Clause of the Fifth Amendment;

    F. A judgment awarding Plaintiff and the Class compensatory damages and any other damages authorized by law in amounts to be proven at trial;

    G. Pre-judgment and post-judgment interest at the maximum allowable rate;

      H.      Attorneys' fees and expenses and the costs of this action; and

      I.      All other relief, including equitable and injunctive relief, that this Court deems necessary, just, and proper.

Dated: February 17, 2017

> By: */s/ Nicole W. Giuliano*
> Nicole W. Giuliano
> Florida Bar No. 71067
> **Giuliano Law, P.A.**
> 500 E. Broward Blvd., Suite 1710
> Fort Lauderdale, FL 33394
> Tel: (954) 848-2940
> Fax: (954) 848-2941
> Email: nicole@giulianolaw.com
> Secondary: service@giulianolaw.com
>
> -and-
>
> Morgan Weinstein
> Florida Bar No. 87796
> **Van Ness Law Firm, PLC**
> 1239 East Newport Center Drive, Suite 110
> Deerfield Beach, Florida 33442
> Tel: (954) 571-2031
> Email: MWeinstein@vanlawfl.com
> Secondary: pleadings@vanlawfl.com
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically through CM/ECF on February 17, 2017, on all counsel or parties of record on the Service List below.

> By: */s/ Nicole W. Giuliano*
> Nicole W. Giuliano

## SERVICE LIST

Alicia H. Welch
Email: Alicia.Welch@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
*Attorney for Defendant The United States of America*