UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. 16-CV-62769-SCOLA/OTAZO-REYES

THEODORE D'APUZZO, P.A.,
Individually and on Behalf of All
Others Similarly Situated,

    Plaintiff,

        v.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS RESPONSE TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff, Theodore D'Apuzzo, P.A., files this notice of supplemental authority in support of its Response (D.E. 18) ("Response") to Defendant's Motion to Dismiss First Amended Complaint (D.E. 16) ("Motion").

The Motion argues that there is no contractual relationship between the Public Access to Court Electronic Records ("PACER") and PACER's users. *E.g.*, Motion p. 8 ("Here, the breach of contract claim should fail because Plaintiff has not alleged a contract with the United States based on the PACER system generally or the Fee Schedule specifically."). This argument was also raised in the Reply filed in support of the Motion (D.E. 24). *E.g.*, *id.* p. 1 (argument heading of "The PACER website is not an offer to contract with the United States").

In addition to the arguments raised in the Response, *e.g.*, pp. 5-9, among which is that both the United States Court of Federal Claims and the United States District Court in the District of Columbia have rejected the argument that PACER usage does not involve a contract, Plaintiff respectfully submits that the Court also should consider *U.S. v. Redden*, 2010 WL 2651607 (D. Md. 2010). There, The United States of America, the same party as Defendant

here, took a position contrary to that in this case, and argued that PACER utilization <u>does</u> involve a contract between it and its users. In ruling in favor of The United States of America on its <u>breach of contract</u> claim, the magistrate judge ruled that PACER's terms and conditions, which were found to have been "accepted" by the defendant's "logging into PACER" and "use of the PACER system," were sufficiently definite to be enforceable. The District Court of Maryland adopted the magistrate's ruling in its entirety, per the Order attached as Exhibit **A** hereto.

Dated: April 6, 2017

    By: */s/ Nicole W. Giuliano*
    Nicole W. Giuliano
    Florida Bar No. 71067
    **Giuliano Law, P.A.**
    500 E. Broward Blvd., Suite 1710
    Fort Lauderdale, FL 33394
    Tel: (954) 848-2940
    Email: nicole@giulianolaw.com

    -and-

    Morgan Weinstein
    Florida Bar No. 87796
    **Van Ness Law Firm, PLC**
    1239 East Newport Center Drive, Suite 110
    Deerfield Beach, Florida 33442
    Tel: (954) 571-2031
    Email: MWeinstein@vanlawfl.com
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically through CM/ECF on April 6, 2017, on all counsel or parties of record on the Service List below.

    By: */s/ Nicole W. Giuliano*
    Nicole W. Giuliano

## SERVICE LIST

Alicia H. Welch
Email: Alicia.Welch@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
*Attorney for Defendant The United States of America*

2