United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Theodore D'Apuzzo, P.A., Individually and on Behalf of All Others Similarly Situated, Plaintiffs, </br></br> v. </br></br> The United States of America, Defendant. | Civil Action No. 16-62769-Civ-Scola |

### Order on Defendant's Motion to Dismiss

The Plaintiff brings this putative class action lawsuit against the United States government (the "Government") alleging that the Federal Judiciary's Public Access to Court Electronic Records ("PACER") system improperly charges users for "judicial opinions" in violation of the contract between the Government and PACER users. This matter is before the Court on the Government's Motion to Dismiss (ECF No. 16). For the reasons set forth in this Order, the Court **denies** the motion to dismiss.

1. **Background**

D'Apuzzo brought this case to recover improper overcharges in the PACER system. (Am. Compl. ¶ 6, ECF No. 14.) The PACER system allows the public to obtain case and docket information online from federal appellate, district, and bankruptcy courts. (*Id.* ¶¶ 1, 15.) The Administrative Office of the U.S. Courts ("AO") maintains PACER. (*Id.* ¶ 14.) PACER hosts millions of case file documents and document information and has millions of users. (*Id.* ¶¶ 15, 49.)

The Judicial Conference of the United States sets PACER's fees. (*Id.* ¶ 18.) According to the governing statute, codified at 28 U.S.C. § 1913, "the Judicial Conference may, only to the extent necessary, prescribe reasonable fees . . . for access to information available through automatic data processing equipment." (*Id.* ¶ 18.) The PACER Electronic Public Access Fee Schedule ("Fee Schedule") governs the costs users pay to access documents via PACER. (*Id.* ¶ 2.) The Fee Schedule shows that access to any case document or docket sheet costs ten cents per page. (*Id.* ¶ 20.) The AO communicates this ten-cents-per-page fee to users when they sign up for PACER accounts. (*Id.* ¶¶ 17, 20.) However, the Fee Schedule explicitly states that "[n]o fee is charged for access to judicial opinions." (*Id.*) Despite the fact that judicial opinions are provided for free under the Fee Schedule, D'Apuzzo alleges that "PACER charges its

users to access numerous court documents that clearly constitute judicial opinions" in violation of the Fee Schedule and the E-Government Act. (*Id.* ¶ 28–29.)

D'Apuzzo reasons that if he was improperly charged to access judicial opinions, others likely were as well. Therefore, he seeks pursuant to Fed. R. Civ. P. 23 to represent a class of "[a]ll PACER users who, within the last six years, paid to access a document constituting a judicial opinion in PACER." (*Id.* ¶ 49.) The proposed class excludes certain government employees, judges, Plaintiff's legal counsel, and "PACER users who have incurred improper charges to access documents constituting judicial opinions in excess of $10,000." (*Id.*)

D'Apuzzo alleges that the Government breached a contract with him and the proposed class by improperly charging to access judicial opinions. (*Id.* ¶¶ 55–61.) He also alleges that the Government breached the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 62–70.) Finally, D'Apuzzo alleges that the Government's collection of excessive PACER user fees amounts to an illegal exaction that violates the Due Process Clause of the Fifth Amendment to the United States Constitution. (*Id.* ¶¶ 71–79.)

## 2. Legal Standards

### A. Lack of Subject Matter Jurisdiction

A district court must have at least one of three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction; or (3) diversity jurisdiction. *Butler v. Morgan*, 562 F. App'x. 832, 834 (11th Cir. 2014) (citations omitted). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).

Under the Tucker Act, 28 U.S.C. § 1491(a)(1), a district court has subject matter jurisdiction to hear claims against the Government "founded . . . upon any express or implied contract with the United States." Where a plaintiff alleges that he entered into a contract with the Government, the plaintiff is required to provide "no more than a non-frivolous *allegation* of a contract with the government." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (citing *Lewis v. United States*, 70 F.3d 597, 602, 604 (Fed. Cir. 1995)) (emphasis in original). Therefore, to establish subject matter jurisdiction, a plaintiff merely must allege that "either an express or implied-in-fact contract underlies [his] claim." *Id.* (quoting *Trauma Serv. Grp. v. United*

*States*, 104 F.3d 1321, 1322 (Fed. Cir. 1997)). Accordingly, to show jurisdiction, a plaintiff must plead the elements of a contract: "(1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government." *Biltmore Forest Broad. FM, Inc. v. United States*, 555 F.3d 1375, 1380 (Fed. Cir. 2009) (citation omitted).

### B. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### 3. Analysis

The Government argues that this Court lacks subject matter jurisdiction over this case or, in the alternative, that D'Apuzzo's complaint fails to state a claim upon which relief may be granted. The Court will consider each argument in turn.

### A. Lack of Subject Matter Jurisdiction

D'Apuzzo has met his burden of pleading jurisdiction. The alleged contract at issue is the contract that all PACER users enter into with the Government when they sign up for PACER accounts. According to this contract, PACER users and the Government agree (mutual agreement, offer, and acceptance) that the users will pay for access to court records (consideration). The Fee Schedule, which according to D'Apuzzo is incorporated

into the alleged contract at issue, states that, "[n]o fee is charged for access to judicial opinions." (Am. Compl. ¶ 2, ECF No. 14.) Thus, PACER users should have free access to judicial opinions under PACER's terms and conditions. According to D'Apuzzo, the Government has breached the contract between the Government and PACER users by improperly charging for access to judicial opinions.

Further, the AO, which operates under the Judicial Conference of the United States, is specifically authorized by statute to administer the PACER program, so it has actual authority to contract on behalf of the Government. *See* 28 U.S.C. § 1913. Although the Government seeks to hold D'Apuzzo to a higher burden, at the present stage of the case D'Apuzzo is required only to provide "no more than a non-frivolous *allegation* of a contract with the government." *Engage Learning*, 660 F.3d at 1353. D'Apuzzo has alleged the elements of a contract and that the AO is specifically authorized to contract on behalf of the Government. On a motion to dismiss, the Court is required to accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon*, 467 U.S. at 73. Therefore, D'Apuzzo has sufficiently alleged that a valid contract with the Government underlies his claims and this Court has subject matter jurisdiction over those claims.

### B. Failure to State a Claim

The Government moves to dismiss each cause of action in the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court will address each of the counts specifically set forth in the First Amended Complaint.

#### a. Count One: Breach of Contract

To adequately plead a breach of contract claim, a plaintiff must allege (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach. *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989). However, "[a] court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment." *Assa Compañia de Seguros, S.A. v. Codotrans, Inc.*, 15 F. Supp. 3d 1271, 12 (S.D. Fla. 2014) (Altonaga, J.) (quoting *McKissack v. Swire Pac. Holdings, Inc.*, No. 09-22086-Civ, 2011 WL 1233370, at *3 (S.D. Fla. Mar. 31, 2011) (Cooke, J.); *see also Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.*, No. 10-60170-CIV, 2011 WL 6024572, at *8 (S.D. Fla. Dec. 2, 2011) (Moreno, J.) ("A determination of the proper interpretation of the contract should be decided at the summary judgment stage, not in a ruling on a [] motion to dismiss."); *Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d

1360, 1373 (S.D. Fla. 2008) (Moore, J.) ("The proper interpretation of this provision is not a matter that can be resolved on a motion to dismiss for failure to state a claim. Interpretation of a clear and unambiguous contractual provision is a question of law properly decided on summary judgment." (citation omitted)).

D'Apuzzo maintains he has alleged the existence of a valid contract between the parties (the contract all PACER users enter into with the Government when they sign up for PACER accounts), an obligation arising out of the contract (for D'Apuzzo, the obligation to pay for access to electronic records; for the Government, the obligation to provide access pursuant to the Fee Schedule, including providing free access to judicial opinions), the Government's breach of that contract (charging for judicial opinions in violation of the Fee Schedule), and damages (expenses incurred as a result of the improper charges). (*See* Resp. 5, ECF No. 18). D'Apuzzo claims that the alleged PACER contract and the attendant Fee Schedule bear the hallmarks of "clickwrap" contracts that are routinely formed over the Internet. (*Id.* at 7.) To the extent the Government argues that the PACER system and Fee Schedule do not contain an offer to contract and that the "judicial opinions provision" is insufficiently definite (Mot. 8–12, ECF No. 16), D'Apuzzo takes the position that this requires an interpretation of the Agreement, which, as explained, is inappropriate at the motion to dismiss stage. (*See* Resp. 10–11, ECF No. 18).

D'Apuzzo's position is well taken. "On the internet, the primary means of forming a contract are the so-called 'clickwrap' (or 'click-through') agreements, in which website users typically click an 'I agree' box after being presented with a list of terms and conditions of use, and the 'browsewrap' agreements, were website terms and conditions of use are posted on the website typically as a hyperlink at the bottom of the screen." *IT Strategies Grp., Inc. v. Allday Consulting Grp., L.L.C.*, 975 F. Supp. 2d 1267, 1280 (S.D. Fla. 2013) (Snow, M.J.). This is exactly the type of contract into which D'Apuzzo alleges the parties entered. (Resp. 7–8, ECF No. 18.) As D'Apuzzo correctly notes, these contracts are enforceable. *Segal v. Amazon.com, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011) (Cooke, J.) ("In Florida and the federal circuits . . . clickwrap agreements are valid and enforceable contracts.") (internal quotations omitted).

According to the First Amended Complaint, the clickwrap agreement at issue set forth the obligations of the parties to the contract. D'Apuzzo, as the PACER user, would pay a ten-cents-per-page fee for access to documents other than judicial opinions. (Am. Compl. ¶ 20, ECF No. 14.) In return, the Government would provide D'Apuzzo access to electronic records and would provide access to judicial opinions free of charge. (*Id.*) The Government claims

that these provisions do not create a contract between the parties. (Mot. 8–13, ECF No. 16.)

The Government is effectively asking the Court to conclude that the clickwrap agreement at issue did not create contractual obligations on the part of the Government. (*See id.* at 5–10.) But such a conclusion requires the Court to interpret the Agreement, which the Court will not do at the motion to dismiss stage. It is noteworthy that the case law relied upon by the Government throughout its briefing predominantly addresses this issue at the motion for summary judgment stage. And every case relied upon by the Government in arguing that D'Apuzzo has waived his claims considers the waiver question on a motion for summary judgment. (*See id.* at 16–17.) That is the appropriate stage to address the Government's arguments. But when considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon*, 467 U.S. at 73. Through the allegations of his First Amended Complaint, D'Apuzzo has sufficiently pleaded the four elements of a claim for breach of contract. Accordingly, the Government's motion is denied as to Count I.

### b. Count Two: Breach of Implied Covenant of Good Faith and Fair Dealing

The Government also argues that D'Apuzzo's breach of an implied covenant of good faith and fair dealing claim should be dismissed. In support, the Government makes three arguments, two of which are predicated on its argument that D'Apuzzo has not sufficiently alleged the existence of a contract or a breach of contract. (Mot. 17–19, ECF No. 16.) As noted above, D'Apuzzo has sufficiently alleged breach of contract at this stage of the litigation. Therefore, the Court need only address one of the Government's arguments: that D'Apuzzo cannot maintain his claims for both breach of contract and breach of an implied covenant of good faith and fair dealing because those claims are duplicative.

The implied covenant of good faith and fair dealing "is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Metcalf Constr. Co. v. United States*, 742 F.3d 984, 994 (Fed. Cir. 2014) (citations omitted). A party to a contract must refrain from doing anything "that will hinder or delay the other party in performance of the contract" or that will destroy the other party's reasonable expectations regarding the fruits of the contract. *Essex Electro Eng'rs, Inc. v. Danzig*, 224 F.3d 1283, 1291 (Fed. Cir. 2000) (quotation omitted).

Applied to the alleged contract at issue here, this means that an implied covenant existed in the PACER contract pursuant to which the Government

should have "implement[ed] safeguards to ensure free access to judicial opinions via PACER, so as to not deprive PACER users of this contractual benefit." (Am. Compl. ¶ 67, ECF No. 14.) This implied covenant is not duplicative of D'Apuzzo's express contract claims, which allege that the overcharges themselves violate the PACER contract's express terms. The breach of contract claim focuses on the Government's charging D'Apuzzo for access to judicial opinions in direct contravention to the PACER contract's terms. The breach of implied covenant of good faith and fair dealing focuses on the Government's failure to adequately exercise the discretion afforded it under the PACER contract to insure proper designation of judicial opinions as such.

As D'Apuzzo pointed out in his response, the court in *Fisher v. United States* considered this very issue in similar claims asserted against the Government with regard to the PACER system. 128 Fed. Cl. 780, 787–88 (2016). The Government attempts to distinguish the *Fisher* court's determination that claims for breach of the implied covenant of good faith and fair dealing are not duplicative of breach of contract claims, asserting that "[t]he factual allegations in *Fisher* are distinct from this case." (Reply 9.) But the Government does not explain how the analysis should differ in this case, nor is the Court able to discern sufficient differences to warrant a result contrary to the *Fisher* court's ruling. Therefore, D'Apuzzo's claim for breach of the implied covenant of good faith and fair dealing survives, and the Government's motion is denied as to Count II.

### c. Count Three: Illegal Exaction

The Government argues that the Court should dismiss D'Apuzzo's illegal exaction claims because he has not alleged that the fees he paid for judicial opinions were improperly paid. An illegal exaction claim exists when "the plaintiff has paid money over to the Government, either directly or in effect, and seeks return of all or part of that sum that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Aerolineas Argentinas v. U.S.*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996) (quotations omitted). Under the Tucker Act, 28 U.S.C. § 1491(a)(1), this Court may adjudicate claims "made for recovery of monies that the government has required to be paid contrary to law." *Id.* at 1572.

Here, D'Apuzzo alleges that PACER's governing statutes, codified at 28 U.S.C. § 1913–14, its policies, and the Fee Schedule prohibit the AO from charging a fee to access judicial opinions on PACER. Under D'Apuzzo's theory, any money charged to access judicial opinions would be paid "contrary to law." *Id.* at 1572. The entire premise of D'Apuzzo's case is that he was improperly charged a fee to access judicial opinions that should have been provided free of charge. Therefore, D'Apuzzo has sufficiently alleged that the Government illegally overcharged him contrary to PACER's governing statutes and policies,

and his complaint states a claim for illegal exaction. The Government's motion is denied as to Count III.

### 4. Conclusion

Accordingly, the Court **denies** the Government's motion to dismiss (**ECF No. 16**). In addition, the stay on discovery, which the Court previously granted (*see* ECF No. 26), is lifted. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Government shall file an answer to the amended complaint on or before **October 10, 2017**.

**Done and ordered** at Miami, Florida, on September 25, 2017.

_____
Robert N. Scola, Jr.
United States District Judge