**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 16-CV-62769-SCOLA/OTAZO-REYES

THEODORE D'APUZZO, P.A.
Individually and on Behalf of All
Others Similarly Situated,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

**PROTECTIVE ORDER**

    The Court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be competition-sensitive or otherwise protectable as confidential information and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

I.

1. <u>Protected Information Defined</u>. "Protected Information" as used in this order means information that must be protected to safeguard Government networks and systems, business sensitive or competitively sensitive information, proprietary information, and confidential information of the Judicial Branch contained in:

    (a) any document (*e.g.*, a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or

    (b) any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

2. <u>Restrictions on the Use of Protected Information</u>. Protected Information may be used solely for the purposes of this litigation and may not be given, shown, made available, discussed, or otherwise conveyed in any form except as provided herein or as otherwise required by federal statutory law.

II.

3. <u>Authorized Recipients Permitted Access to Protected Information.</u>  Only Authorized Recipients may be given access to Protected Information.  Authorized Recipients are

1

defined as:
   (a) Personnel of the Judicial Branch;
   (b) Attorneys for the United States of America and their investigative, paralegal, and support staff;
   (c) Attorneys for Plaintiff and their investigative, paralegal, and support staff;
   (d) Independent consultants and experts retained to assist the attorneys identified in paragraphs 3(b) and 3(c) in connection with *Theodore D'Apuzzo, P.A. v. United States*, 16-CV-62769-SCOLA/OTAZO-REYES; and
   (e) Deposition or trial witnesses in *Theodore D'Apuzzo, P.A. v. United States*, 16-CV-62769-SCOLA/OTAZO-REYES, to the extent necessary during or in preparation for testimony.

4. Authorized Recipients Identified in Paragraphs 3(d) and 3(e). Before Protected Information may be disclosed to any Authorized Recipient defined in Paragraphs 3(d) or 3(e), the individual must be provided with a copy of this Protective Order and must sign a statement (in the form of Exhibit A to this Order) agreeing to abide by the terms of the Protective Order, to refrain from disclosing Protected Information except as permitted by the Protective Order, and to refrain from using Protected Information other than for purposes of the litigation in *Theodore D'Apuzzo, P.A. v. United States*, 16-CV-62769-SCOLA/OTAZO-REYES. A copy of the signed statement shall be provided to all counsel of record.

III.

5. Identifying Protected Information. Protected Information may be provided only to those identified in paragraph 3 of this Protective Order and must be identified as follows:

   (a) if provided in electronic form, the subject line of the electronic transmission shall read "**CONTAINS PROTECTED INFORMATION**"; or

   (b) if provided in paper form, the document must be sealed in a parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously marked on the outside.

The pages of any document containing protected information must be identified with the marking **"PROTECTED INFORMATION."**

6. Disputes Regarding Designation of Protected Information. If a party disagrees with the designation of Protected Information, the party shall so notify the designating party of the objection, and the parties shall attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be informally resolved within ten (10) business days of notice of the objection, the objecting party shall file an appropriate motion with the Court. Until the dispute or motion is resolved, the information shall be treated as Protected Information.

7. Using Protected Information at Depositions:

(a) Information disclosed at a deposition may be designated Protected Information by indicating on the record at the deposition that the testimony is Protected Information and is subject to the provisions of this Protective Order. Protected Information within the deposition transcript must be designated by instructing the court reporter to mark the pages that contain Protected Information with the legend: **PROTECTED INFORMATION**.

(b) A party may also designate information disclosed at a deposition as Protected Information by notifying all parties, in writing and within ten (10) business days after receipt, of the specified pages and lines of the transcript treated as Protected Information. Each party shall attach a copy of such written notice or notices to the face of the physical transcript and each hard copy thereof in its possession, custody,

or control. Until expiration of the ten (10) day period, the entire deposition transcript will be treated as subject to protection against disclosure under this Protective Order.

(c) Whenever any document designated as Protected Information is identified as an exhibit in connection with testimony given in a deposition, it shall be marked with the following legend: **PROTECTED INFORMATION.**

8. <u>Filing Protected Information</u>. Pursuant to this Order, to file a document containing protected information, the filing must be done under seal pursuant to Local Rule 5.4 for the Southern District of Florida and Sections 5A, 5K, 9A-D, and 10B, as applicable, of the CM/ECF Administrative Procedures. Documents containing Protected Information that are filed under seal must be designated to be permanently sealed, pursuant to Local Rule 5.4.

9. <u>Protecting Documents Not Previously Sealed</u>. If a party determines that a previously produced or filed document contains Protected Information, the party must give notice in writing to the Court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order. Any copies of the unmarked document must be destroyed and written notice will be provided to counsel for the opposing party that unmarked documents have been destroyed.

IV.

10. <u>Redacting Protected Documents For the Public Record</u>.

(a) <u>Initial Redactions</u>. After filing a document containing protected information in accordance with paragraph 8, or after later sealing a document pursuant to paragraph 9, a party must promptly serve on the other parties a proposed redacted version marked **"Proposed Redacted Version"** in the upper right-hand corner of the first page with the claimed protected information deleted.

(b) <u>Additional Redactions</u>. If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within five (5) business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties. The filing party must then provide the other parties with a second redacted version of the document clearly marked **"Agreed-Upon Redacted Version"** in the upper

      right-hand corner of the page with the additional information deleted.

    (c) <u>Final Version</u>. At the expiration of the period noted in (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party must file with the Court the final redacted version of the document clearly marked **"Redacted Version"** in the upper right-hand corner of the first page. This document will be available to the public.

    (d) <u>Objecting to Redactions</u>. Any party at any time may object to another party's redactions. If the parties are unable to reach an agreement regarding redactions, the objecting party may submit the matter to the Court for resolution. Until the Court resolves the matter, the disputed information must be treated as protected.

V.

11. <u>Copying Protected Information.</u> No party, other than the United States, may for its own use, make more than three (3) copies of a document containing Protected Information, except with the consent of all other parties. A party may make additional copies of such documents, however, for filing with the Court, service on the parties, or use in discovery. All copies of such documents must be clearly labeled in the manner required by paragraph 5.

12. <u>Waiving Protection of Information</u>. A party may at any time waive the protection of this order with respect to any information it has designated as protected by advising the Court (if the information has been filed) and the other parties in writing and identifying with specificity the information to which this Protective Order will no longer apply.

13. <u>Safeguarding Protected Information</u>. Any individual admitted under this Protective Order must take all necessary precautions to prevent disclosure of Protected Information, including but not limited to physically securing, safeguarding, and restricting access to the protected information.

14. <u>Breach of the Protective Order</u>. If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to individuals not admitted under this Protective Order. The parties must reasonably cooperate in determining the reasons for any such breach, and the means to cure the consequences of any such breach.

15. <u>Seeking Relief From the Protective Order</u>. Nothing contained in this order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court setting forth the basis for the relief sought.

VI.

16. <u>Maintaining Filed Documents Under Seal</u>. The Court will maintain properly marked protected documents under seal throughout this litigation and thereafter, if designated as permanently sealed. If the documents are not designated as permanently sealed, the party who designated the documents as protected will object to the unsealing of the documents, pursuant to Administrative Order 2014-69.

17. <u>Disposing of Protected Information</u>. Within thirty (30) days after the conclusion of this action (including any appeals and remands), each party must destroy all Protected Information received pursuant to this litigation and certify in writing to each other party that such destruction has occurred or must return the protected information to the parties from which the information was received. With respect to protected electronically stored information (ESI) stored on counsel's computer network(s), destruction of such ESI for purposes of compliance with this paragraph shall be complete when counsel takes reasonable steps to delete all such ESI from the active email system (such as, but not limited to, the "Inbox," "Sent Items," and "Deleted Items" folders) of admitted counsel and of any personnel who received or sent emails with protected information while working under the direction and supervision of such counsel, and by deleting any protected ESI from databases under counsel's control.

Compliance with this paragraph does not require counsel to search for and remove ESI from any computer network back-up tapes, disaster recovery systems, or archival systems. Each party may retain one copy of such documents, except when the retention of additional copies is required by federal law or regulation, provided those documents are properly marked and secured.

**DONE and ORDERED** in Chambers, Miami, Florida, this _____ day of November, 2017.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**Acknowledgment of Protective Order**

I have read and understand the provisions of the Protective Order governing *Theodore D'Apuzzo, P.A. v. United States*, Case No.16-CV-62769-SCOLA/OTAZO-REYES, currently pending in the United States District Court for the Southern District of Florida. I agree to abide by the terms of the Protective Order. If I receive any Protected Information, as defined in the Protective Order, I will refrain from disclosing it except as permitted by the Protective Order, and refrain from using it other than for purposes of the case listed above. At the conclusion of the case and the exhaustion of all appeals, or the expiration of the period for filing any appeals or petitions for rehearing or review, I will destroy all Protected Information, including all copies, or will return it to counsel for the party or third party who disclosed it to me.

Date:_____        Signature:_____

                                  Printed Name:_____