UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV- 62769-SCOLA

THEODORE D'APUZZO, P.A.,
Individually and on Behalf of All
Others Similarly Situated,

        Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

        Defendant.

_____/

## DECLARATION OF WENDELL A. SKIDGEL, JR.

I, Wendell A. Skigel, Jr., hereby declare and state the following:

1. I have been employed by the Administrative Office of the U.S. Courts ("AO") since July 2006. During this time, I have served as an Attorney Advisor.

2. My role as an Attorney Advisor at the AO is to provide guidance and to advise regarding electronic public access issues and PACER. Prior to serving at the AO, I was the I.T. Director at a Federal Bankruptcy Court, and served as the Systems Manager at a Federal Court of Appeals where I also taught classes on SQL to systems staff from other courts.

3. I have reviewed the First Amended Complaint filed in the above-referenced lawsuit. Based on a provision in the PACER Fee Schedule that states that no fee is charged for judicial opinions, Plaintiff and the putative class allege that they were improperly charged for documents that are judicial opinions, but were not designated as such for purposes of PACER billing.

4. I submit this declaration based on my personal knowledge and on the information available to me in my official capacity as a Senior Attorney at the AO.

**I. Process of Identifying Documents Related to Class Allegations**

5. In March 2017, I submitted a declaration in support of the United States' Motion to Stay Discovery (ECF No. 17-1). In that declaration, I stated that in order to provide the documents related to the allegations of the putative class, the Judiciary would need to

1

develop or acquire software to run against the Judiciary's 203 separate court CM/ECF databases. I explained that the level of sophistication for the software would vary depending on the complexity of the searches required.

6. I further stated that once the documents were identified, they would need to be matched against 2.2 to 2.4 billion PACER billing transaction records from the class period to determine whether PACER users incurred charges for these documents.

7. After I submitted the March 2017 declaration, Plaintiff propounded discovery requests on the United States that I reviewed. In particular, Plaintiff sent its Third Set of Interrogatories, which include the following requests:

> 1. Identify all documents that were accessible via PACER as of November 22, 2016, whose title contain any of the following words: "Opinion," "Order," "Decision," "Report," "Recommendation," "Decree," "Findings," "Conclusions," "Injunction," "Judgment," or "Restraining" (regardless of capitalization, and whether by itself or with other words), and whose title also does not contain any of the following words, or combination of words: "Schedule" or "Scheduling," "Enlargement," "Extension", "Procedure" or "Procedural", "Conference," "Hearing," "Leave," "Deadline," "Pauperis," "Continuing" or "Continuance," "Management," "Pretrial," "Pro Hac Vice", "Setting", "Substitution," or "Time" (regardless of capitalization), which were not designated as an "opinion" for purposes of PACER charges as of November 22, 2016 (for avoidance of doubt, this response also should include documents whose "opinions" designation may have changed after November 22, 2016). For each document, please include the court, case number, docket entry number, title, filing date, and number of pages.
>
> 2. To the extent not already covered by Interrogatory No. 1 above, identify all documents accessible via PACER as of November 22, 2016, whose "Event category" for purposes of CM/ECF "Docket Activity Reports" were flagged as "order," "order-cr," "orderx," or any other "order" variation (as illustrated by the sample CM/ECF screenshot below), and whose title also does not contain any of the following words, or combination of words: "Schedule" or "Scheduling," "Enlargement," "Extension", "Procedure" or "Procedural", "Conference," "Hearing," "Leave," "Deadline," "Pauperis," "Continuing" or "Continuance," "Management," "Pretrial," "Pro Hac Vice", "Setting", "Substitution," or "Time" (regardless of capitalization), which were not designated as an "opinion" for purposes of PACER charges as of November 22, 2016 2016 (for avoidance of doubt, this response also should include documents whose "opinions" designation may have changed after November 22, 2016). For each document, please include the court, case number, docket entry number, title, filing date, and number of pages.

8. The Judiciary does not have software capable of searching its 203 court databases to identify the documents Plaintiff seeks for the putative class allegations from the 1.1 billion documents available from PACER.

9. Although software was recently developed by a district court that can conduct Full Text Search ("FTS") searching on documents and the Judiciary now has this software on its CM/ECF servers, it cannot be used to identify the documents Plaintiff requests, absent substantial modification and coordination among more than 200 federal courts.

10. The FTS software uses a Lucene database,[1] which must be populated with case information and document information ("FTS database"). Approximately, one half of the federal courts have not built FTS databases. Building an FTS database can take at least three (3) months. It may take longer as some courts will allow databases to be built only at night to ensure court operations are not affected.

11. For those courts that have already built FTS databases, the databases may need to be updated since not all courts that built FTS databases have kept the databases current. Additionally, some of the courts that have built FTS databases have not implemented FTS software.

12. In addition, even if all federal courts had updated FTS databases and had implemented the FTS software, the software cannot identify the documents Plaintiff requests.

13. The FTS software does not interface with CM/ECF to determine if a document has already been marked as an opinion. Therefore, the software would return results that include orders designated as opinions and those not designated as opinions in CM/ECF.

14. Further, the FTS software lacks the capability to differentiate between the "title of the document" and the text of the document, as Plaintiff requests, because it treats all data on a pdf as a text string.

15. Moreover, the software returns only 100 results at a time.

16. Building and updating databases and modifying, testing, and distributing FTS software capable of identifying documents related to the allegations of the putative class would be a significant undertaking for the Judiciary. This effort would require programming at the AO, testing at the AO Testing Center, and coordination and implementation across more than 200 federal courts.

17. Further, even if this could be accomplished, the searches Plaintiff requests would take two (2) to three (3) months to run. Searching could not begin until after databases were built and updated and the FTS software modified, tested, and distributed to run the searches necessary to identify the documents related to the allegations of the putative class.

---

[1] Lucene is an Full Text Search library that can add search functionality to an application.

3

18. Once the documents were identified, they would need to be matched against 2.2 to 2.4 billion PACER billable transaction records for the class period generated from over 2.1 million PACER accounts to determine whether PACER users incurred charges for these documents.

## II. Designation of Reports and Recommendations as Opinions in CM/ECF

19. When an order on a report and recommendation is designated as an opinion in CM/ECF, the report and recommendation is automatically designated as an opinion in CM/ECF, unless a court has modified its software to disable this functionality. I am not aware of any court that has disabled this functionality.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed this fifth day of January, 2018.

*[Signature]*
Wendell A. Skidgel, Jr.
Senior Attorney
Administrative Office of U.S. Courts