# Exhibit C



LEONIDAS RALPH MECHAM
Director

CLARENCE A. LEE, JR.
Associate Director

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS

WASHINGTON, D.C. 20544

November 10, 2004

**MEMORANDUM  TO ALL CHIEF JUDGES, UNITED STATES COURTS**

**SUBJECT:   Compliance with Website Requirements of the E-Government Act
(INFORMATION)**

As I first reported to you in a memorandum dated March 5, 2003,  the E-Government Act of 2002, which establishes a broad framework for the use of technology to enhance public access to government information, places specific demands on the judiciary.  The relevant portion of the Act, Section 205 (a), is included as an attachment for your reference.

The Act requires the Chief Justice of the United States and chief judges of each circuit, district and bankruptcy court, by April 16, 2005, to establish and maintain a website that provides the public with access to the following information directly or through links to other websites:

- the location and contact information for the courthouse, including the telephone numbers and contact names for the clerk's office and justices' or judges' chambers;

- the local rules and standing or general orders of the court;

- the individual rules, if in existence, of each justice or judge in that court;

- access to docket information for each case; and

- any other information (including forms in a format that can be downloaded) that the court determines useful to the public.

**Compliance with Website Requirements of the E-government Act**         **Page 2**

The Act also requires that this website provide access to the substance of all written opinions issued by the court, regardless of whether such opinions are to be published in the official court reporter, in a text searchable format. This applies to all written opinions issued after April 16, 2005. The Executive Committee of the Judicial Conference asked the Committees on Court Administration and Case Management and Information Technology to develop guidelines to assist the courts in complying with the requirement relating to opinions. The committees developed recommendations for a definition of "written opinion," as well as for how courts can satisfy the searchability requirement which were approved by the Executive Committee on behalf of the Conference by mail ballot concluded on October 26, 2004. The guidance is as follows:

> For the purposes of the E-Government Act of 2002, the official guidance is that "written opinion" is defined as, "any document issued by a judge or judges of the court, sitting in that capacity, that sets forth a reasoned explanation for a court's decision." This definition is clarified by the following points:
>
> 1. The responsibility for determining which documents meet this definition rests with the authoring judge, and the determination should be made at the time the document is filed;
>
> 2. The decision as to whether a document meets this definition is not the same as the decision about whether an opinion is to be published;
>
> 3. The definition is expressly intended to cover reports and recommendations issued by magistrate judges at such time as any action is taken by a district judge on a report and recommendations issued by a magistrate judge, and also includes a summary order adopting such report and recommendations;
>
> 4. The definition is not intended to include routine, non-substantive orders such as scheduling orders or rulings on motions for extension of time; and
>
> 5. In the courts of appeals, only those documents designated as opinions of the court meet the definition of "written opinion."

A combination of CM/ECF and the PACER systems may be used to satisfy the searchability requirement, as these systems allow for searching within a document. CM/ECF only accepts documents in portable document format (PDF) which is text

**Compliance with Website Requirements of the E-government Act****Page 3**

searchable except for scanned documents.[1]  CM/ECF will be modified to ask a user filing on behalf of a judge whether the document being filed meets the definition of "written opinion" at the time of docketing in CM/ECF.  Recognizing that CM/ECF will not be fully implemented by April 2005, a limited number of courts may need to seek deferrals, which the statute permits, as described below.[2]

Although all appellate, district and bankruptcy courts have websites, not all of these websites contain the specific information required as outlined above.  I am reminding you of these requirements at this time in order to provide your court with ample time to work on its website.  I strongly encourage all courts to review the information required by the Act and make every effort to have this information available on your court's website by April 16, 2005.

As noted above, the Act does establish a process by which a court can defer compliance with these obligations.  The process requires the chief judge of a court to submit a notification to the Administrative Office of the United States Courts to defer compliance with requirements of the Act for his or her court.[3]  The Act requires the notification to state the reasons for the deferral and the online methods, if any, or any alternative methods, such court is using to provide greater public access to information.

---

[1] Files created by electronically converting word processing documents to PDF are text searchable.  However, documents scanned into PDF format are not readily text searchable.  This is a potential issue, as some judges prefer to print their opinions, sign them, and scan them into the system.  For those judges, a scanned signature page could be inserted into the text PDF document as a substitution for the page that would contain the '/s/' signature.  While this last page will not be searchable, the substance of the opinion will be, thus meeting the Act's searchability requirement while preserving the judge's choice of signature.

[2] Of the 94 district courts, 56 are currently using CM/ECF, and 37 are in the process of implementing it.  Of the 94 bankruptcy courts, 76 are currently using CM/ECF, and 18 are in the process of implementing it.  Further, a number of courts that are not currently using CM/ECF have developed their own searchable opinions database, such that they may not need to request a deferral from this requirement.  While the courts of appeals are not currently using CM/ECF and will not be fully operational on the system until 2006, each circuit has opinions available in a format that will satisfy the Committee's determination as to searchability.

[3] Pursuant to Section 205(g)(1)(B), courts cannot seek a deferral from the obligation to keep the information on that site current as required by Section 205(b)(1).

**Compliance with Website Requirements of the E-government Act**     Page 4

The judiciary must then submit to Congress all deferral notices received, together with a summary and evaluation of all notices. Deferral notices and the report to Congress must be submitted annually.

     The Administrative Office will provide you with additional information regarding the deadline for defferals, as well as a form for submission of a deferral notice. If you have any questions regarding the E-Government Act or this memorandum please contact Katie Simon at 202-502-1563, or via email at [Katie Simon/DCA/AO/USCOURTS](Katie Simon/DCA/AO/USCOURTS).

                    Leonidas Ralph Mecham

Attachment

cc:    Circuit Executives
        District Executives
        Clerks, United States Courts

**ATTACHMENT 1**

**SEC. 205. FEDERAL COURTS.**

6. (a) INDIVIDUAL COURT WEBSITES- The Chief Justice of the United States, the chief judge of each circuit and district and of the Court of Federal Claims, and the chief bankruptcy judge of each district shall cause to be established and maintained, for the court of which the judge is chief justice or judge, a website that contains the following information or links to websites with the following information:

    (1) Location and contact information for the courthouse, including the telephone numbers and contact names for the clerk's office and justices' or judges' chambers.

    (2) Local rules and standing or general orders of the court.

    (3) Individual rules, if in existence, of each justice or judge in that court.

    (4) Access to docket information for each case.

    (5) Access to the substance of all written opinions issued by the court, regardless of whether such opinions are to be published in the official court reporter, in a text searchable format.

    (6) Access to documents filed with the courthouse in electronic form, to the extent provided under subsection (c).

    (7) Any other information (including forms in a format that can be downloaded) that the court determines useful to the public.

  (b) MAINTENANCE OF DATA ONLINE-

    (1) UPDATE OF INFORMATION- The information and rules on each website shall be updated regularly and kept reasonably current.

    (2) CLOSED CASES- Electronic files and docket information for cases closed for more than 1 year are not required to be made available online, except all written opinions with a date of issuance after the effective date of this section shall remain available online.

  (c) ELECTRONIC FILINGS-

    (1) IN GENERAL- Except as provided under paragraph (2) or in the rules prescribed under paragraph (3), each court shall make any document that is filed electronically publicly available online. A court may convert any document that is filed in paper form to electronic form. To the extent such conversions are made, all such electronic versions of the document shall be made available online.

(2) EXCEPTIONS- Documents that are filed that are not otherwise available to the public, such as documents filed under seal, shall not be made available online.

(3) PRIVACY AND SECURITY CONCERNS- (A)(i) The Supreme Court shall prescribe rules, in accordance with sections 2072 and 2075 of title 28, United States Code, to protect privacy and security concerns relating to electronic filing of documents and the public availability under this subsection of documents filed electronically.

(ii) Such rules shall provide to the extent practicable for uniform treatment of privacy and security issues throughout the Federal courts.

(iii) Such rules shall take into consideration best practices in Federal and State courts to protect private information or otherwise maintain necessary information security.

(iv) To the extent that such rules provide for the redaction of certain categories of information in order to protect privacy and security concerns, such rules shall provide that a party that wishes to file an otherwise proper document containing such information may file an unredacted document under seal, which shall be retained by the court as part of the record, and which, at the discretion of the court and subject to any applicable rules issued in accordance with chapter 131 of title 28, United States Code, shall be either in lieu of, or in addition, to, a redacted copy in the public file.

(B)(i) Subject to clause (ii), the Judicial Conference of the United States may issue interim rules, and interpretive statements relating to the application of such rules, which conform to the requirements of this paragraph and which shall cease to have effect upon the effective date of the rules required under subparagraph (A).

(ii) Pending issuance of the rules required under subparagraph (A), any rule or order of any court, or of the Judicial Conference, providing for the redaction of certain categories of information in order to protect privacy and security concerns arising from electronic filing shall comply with, and be construed in conformity with, subparagraph (A)(iv).

(C) Not later than 1 year after the rules prescribed under subparagraph (A) take effect, and every 2 years thereafter, the Judicial Conference shall submit to Congress a report on the adequacy of those rules to protect privacy and security.

(d) DOCKETS WITH LINKS TO DOCUMENTS- The Judicial Conference of the United States shall explore the feasibility of technology to post online dockets with links allowing all filings, decisions, and rulings in each case to be obtained from the docket sheet of that case.

(e) COST OF PROVIDING ELECTRONIC DOCKETING INFORMATION- Section 303(a) of the Judiciary Appropriations Act, 1992 (28 U.S.C. 1913 note) is amended in the first sentence by striking `shall hereafter' and inserting `may, only to the extent necessary,'.

(f) TIME REQUIREMENTS- Not later than 2 years after the effective date of this title, the websites under subsection (a) shall be established, except that access to documents filed in electronic form shall be established not later than 4 years after that effective date.

(g) DEFERRAL-

    (1) IN GENERAL-

        (A) ELECTION-

            (i) NOTIFICATION- The Chief Justice of the United States, a chief judge, or chief bankruptcy judge may submit a notification to the Administrative Office of the United States Courts to defer compliance with any requirement of this section with respect to the Supreme Court, a court of appeals, district, or the bankruptcy court of a district.

            (ii) CONTENTS- A notification submitted under this subparagraph shall state--

                (I) the reasons for the deferral; and

                (II) the online methods, if any, or any alternative methods, such court or district is using to provide greater public access to information.

        (B) EXCEPTION- To the extent that the Supreme Court, a court of appeals, district, or bankruptcy court of a district maintains a website under subsection (a), the Supreme Court or that court of appeals or district shall comply with subsection (b)(1).

(2) REPORT- Not later than 1 year after the effective date of this title, and every year thereafter, the Judicial Conference of the United States shall submit a report to the Committees on Governmental Affairs and the Judiciary of the Senate and the Committees on Government Reform and the Judiciary of the House of Representatives that--

>(A) contains all notifications submitted to the Administrative Office of the United States Courts under this subsection; and

>(B) summarizes and evaluates all notifications.