## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-62769-SCOLA/OTAZO-REYES

THEODORE D'APUZZO, P.A.,
Individually and on Behalf of All
Others Similarly Situated,

       Plaintiff,

          v.

THE UNITED STATES OF AMERICA,

       Defendant.

_____/

## PARTIES' JOINT INTERIM STATUS REPORT

Plaintiff, Theodore D'Apuzzo, P.A., and Defendant, United States of America, in accordance with the Scheduling Order (ECF No. 29), submit their joint interim status report.

a) Have all defendants been served? If not, state the reasons.

**Yes.**

b) Have all defendants responded to the complaint? If not, state the reasons.

**Yes.**

c) If this is a class action, has a motion for class certification been filed? If so, what is its status?

**This is a putative class action. Plaintiff filed a Motion for Class Certification on December 1, 2017 (ECF No. 37) which has been fully briefed as of February 2, 2018.**

d) Have the parties agreed on and selected a mediator? Have the parties agreed upon a place, date, and time for mediation?

**The parties tentatively agreed on Mr. Bruce Greer to serve as mediator, with the mediation likely taking place in either Miami or Fort Lauderdale. A date and time have not yet been chosen. The United States has agreed to mediate Plaintiff's claims, but declined to mediate the claims of the putative class at this time because no class has been certified and the United States' position is that the class should not be certified.**

e) Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (*e.g.*, ongoing, impasse, etc.) and the relative prospects for resolution through informal means.

**The parties have engaged in informal settlement negotiations with respect to Plaintiff's claims, but have not discussed settlement concerning the putative class claims.**

f) Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.

**Significant document discovery has taken place to date, and in particular, Defendant has produced thousands of pages in response to requests for production and interrogatories served by Plaintiff.  Defendant, as well, has served Plaintiff with interrogatories and requests for production, to which Plaintiff will be responding by no later than March 19, 2018.**

**Whether fact discovery and expert discovery can be completed by the deadlines in the Scheduling Order (August 8, 2018, and September 28, 2018, respectively), however, remains unclear.**

**Plaintiff's statement:**

**Defendant has taken the position that it has no reasonable means to comply with Plaintiff's pending discovery requests, through which Plaintiff requested Defendant to identify "orders" with certain titles that were not designated as "opinions" for purposes of PACER charges (e.g., Plaintiff's Third Set of Interrogatories, ECF 40-4). Plaintiff, for its part, has identified a process by which this could be accomplished, *id.*, but Defendant claims the process would require too much labor and is not feasible due to the lack of a clear standard as to what constitutes an "opinion," as discussed in its Sur-Reply in Opposition to Class Certification (ECF No. 45).**

**United States' statement:**

**The United States objected to the interrogatories from Plaintiff's Third Set referenced above on the ground that it does not have software capable of searching the court databases to identify the documents Plaintiff seeks from the 1.1 billion documents available from PACER (ECF No. 40-1).  In addition, the process Plaintiff has identified to accomplish this task (ECF No. 44-2), namely running tens of thousands of docket activity reports, is not administratively feasible because the United States believes it would take 100 workers working full time 2.5 years to click on the estimated over 3.5 million links in these reports**

to find the orders Plaintiff seeks (ECF No. 45-1).[1] Further, determining which orders are opinions, who was charged for the orders, and the amount they were charged would require significant individualized inquires that would be both very time consuming and not well-suited for class treatment (ECF No. 40 at pp. 11-16, 19-20; ECF No. 45 at pp. 3-5).

g) Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.

**Discovery propounded by Plaintiff is somewhat at limbo as explained in section (f) above.**

Dated: March 8, 2018

_/s/ Nicole W. Giuliano_
Florida Bar No. 71067
**Giuliano Law, P.A.**
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394
Tel: (954) 848-2940
Email: nicole@giulianolaw.com

John Anthony Van Ness
Florida Bar No. 391832
**Van Ness Law Firm, PLC**
1239 East Newport Center Drive, Suite 110
Deerfield Beach, Florida 33442
Tel: (954) 571-2031
Email:TVanness@vanlawfl.com

Morgan L. Weinstein
Florida Bar No. 87796
**Weinstein Law, P.A.**
66 West Flagler Street, 11th Floor
Miami, Florida 33130
**Tel: 954-540-2755**
Email: morgan@mlwlegal.com

_Attorneys for Plaintiff_

_/s/ Alicia H. Welch_
Florida Bar No. 100431
**Assistant U.S. Attorney, U.S. Attorney's Office**
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel: (305) 961-9370
Email: Alicia.Welch@usdoj.gov

_Counsel for Defendant United States of America_

---

[1] The United States notes that PACER users, such as Plaintiff, can generate docket activity reports and click on the links.  Thus, Plaintiff could undertake the task to cull the orders it seeks for the case.  See (ECF No. 44-2)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically through CM/ECF on March 8, 2018, on all counsel or parties of record on the Service List below.

By: */s/ Nicole W. Giuliano*
Nicole W. Giuliano

## SERVICE LIST

Alicia H. Welch
Alicia.Welch@usdoj.gov
U.S. ATTORNEY'S OFFICE
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
*Attorney for Defendant The United States of America*