United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Theodore D'Apuzzo, P.A., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-62769-Civ-Scola |
| | ) |
| United States of America, | ) |
| Defendant. | ) |

**Order on Motion for Class Certification**

This matter is before the Court on Plaintiff's motion for class certification (ECF No. 37). The Defendant United States of America opposes the Motion (ECF No. 40, 45). As explained more fully below, the Court concludes that individual issues of fact will predominate over common issues of fact, and the proposed class of plaintiffs is not ascertainable. As such, the Court **denies** the Plaintiff's motion for class certification (**ECF No. 37**).

**A. Background**

Pursuant to the E-Government Act of 2002, the chief judge of each judicial district is tasked with establishing and maintaining a system providing for "[a]ccess to the substance of all written opinions issued by the court, regardless of whether such opinions are to be published in the official reporter . . . ." Pub. L. No. 107-347, § 205(a)(5). The Public Access to Court Electronic Records system ("PACER") is an electronic system that allows registered users to access judicial records online from federal appellate, district, and bankruptcy courts. In order to provide electronic public access to court records, the courts charge certain fees, which are set forth in the Electronic Public Access Fee Schedule. The Fee Schedule specifies that "[n]o fee is charged for access to judicial opinions."[1] (ECF No. 40-3 at 2.) The E-Government Act does not contain a definition of the term "opinion," however, the Administrative Office of the United States Courts ("AO") issued a memorandum in 2004, providing guidance with respect to definition of "written opinion." (*See* ECF No. 40-5, at 3.) The AO memorandum provides that "[f]or the purposes of the E-Government Act of 2002, . . . 'written opinion' is defined as, 'any document issued by a judge or judges of the court, sitting in that capacity, that sets forth a reasoned explanation for a court's decision." (*Id.*) The

---

[1] The Electronic Public Access Fee Schedule is available on the PACER website, www.pacer.gov.

memorandum provides in addition that "[t]he responsibility for determining which documents meet this definition rests with the authoring judge, and the determination should be made at the time the document is filed." (*Id.*)

The Plaintiff contends that notwithstanding the E-Government Act's mandate, and the guidance provided with respect to what constitutes a "written opinion," PACER routinely improperly charges for court documents—including documents from courts in this district—that constitute judicial opinions. The Plaintiff purports to represent a class of PACER users who paid to access a document constituting a judicial opinion, which otherwise should have been free. In the complaint, the Plaintiff asserts three claims against the Defendant for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) illegal exaction. (*See* Complaint, ECF No. 14.) The Defendant filed a motion to dismiss (ECF No. 16), which the Court denied (ECF No. 28).

### B. Class Certification

The Plaintiff seeks to certify a nationwide class of PACER users, and the essential certification dispute is whether the class is ascertainable and administratively feasible, and whether the predominance and superiority requirements of Rule 23(b)(3) are satisfied. The Plaintiff contends that the official guidance and existing case management tools can be used to identify potential class members, and support a finding that common issues predominate and that the class action mechanism would be superior in this case. The Defendant argues that in addition to administrative limitations in identifying potential class members, the Plaintiff fails to identify objective criteria for determining whether potential class members accessed a written judicial opinion on PACER.

### 1. Legal Standard

Class actions are "exception[s] to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). Parties seeking to certify a class must "affirmatively demonstrate [ ] compliance with Rule 23." *Id.* Class certification analysis entails considering the factual and legal issues comprising the plaintiff's cause of action. *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000).

The decision to certify a class action is governed by Federal Rule of Civil Procedure 23. The "putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in 23(b)." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). The party seeking certification must demonstrate: "(1) that the

class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Where certification is sought under Rule 23(b)(3), as it is here, the plaintiff must show, in addition to the four requirements of Rule 23(a), that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3). The "burden of proof to establish the propriety of class certification rests with the advocate of the class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). And the Court must conduct a "rigorous analysis" of the facts and law to determine whether the plaintiff has met his burden of demonstrating compliance with Rule 23. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982); *see also Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1169 (11th Cir. 2010) (citation omitted). While the district court's class certification analysis "may 'entail some overlap with the merits of the plaintiff's underlying claim,' Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1195 (2013) (citations omitted). Rather, "[m]erits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *See id.*

### 2. Analysis

The Defendant does not dispute that the Plaintiff satisfies the requirements of numerosity, commonality, typicality, or adequacy under Rule 23(a). Upon review, the Court determines that indeed these requirements are met in this case. However, the Court must also address the proposed class definition. *See Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 685, 691 (S.D. Fla. 2010) (Dimitrouleas, J.) (citing cases). The Plaintiff proposes certification of a class comprising "all PACER users who, between November 22, 2010 and November 22, 2016, paid to access a document constituting a judicial opinion." (*See* Mot., ECF No. 37 at 1.) The Defendant maintains that determining class membership is not administratively feasible because the necessary database infrastructure or software capability to identify the relevant documents, and therefore class members, does not exist, and, in any event, identifying potential class members would require individual inquiries based upon the subjective definition of what

constitutes an opinion that should be accessible for free. The Plaintiff characterizes this case as involving the overarching issues of whether there is a breach of contractual duties owed to PACER customers, and whether the PACER charges for accessing judicial opinions constitute illegal exactions, and suggests that the Court may fashion a more appropriate class definition if it finds the proposed definition to be insufficient. Setting aside for the moment the technological concerns raised by the Defendant regarding identifying potential class members, the Court finds that regardless of potential class definition, this case is not suitable as a class action.

While the Plaintiff meets the Rule 23(a) requirements, the Plaintiff's certification argument deteriorates when the Court turns to Rule 23(b). After all the requirements of Rule 23(a) have been met, a court must still determine that both predominance and superiority are satisfied. *See* Fed. R. Civ. P. 23(b)(3). "Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Klay*, 382 F.3d at 1255. The Court's predominance inquiry "is far more demanding than Rule 23(a)'s commonality requirement." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997). "Predominance is lacking and certification is inappropriate under Rule 23(b)(3) where the case does not lend itself to generalized proof tending to prove or disprove the elements of plaintiffs' claims." *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 637 (S.D. Fla. 2010) (Lenard, J.). Despite the Plaintiff's contentions, neither the predominance nor superiority requirements have been established in this case.

The flaw in the Plaintiff's proposed class definition—which also undermines predominance in this case—is that the official guidance with respect to the definition of "written opinion" is inherently subjective. Therefore, the Plaintiff's claims are not subject to determination with generalized proof. While the Plaintiff is correct that the E-Government Act mandates public access to the content of written opinions, and the PACER Fee Schedule represents that there is no fee for judicial opinions, the Act does not mandate free access to such opinions and is conspicuously silent regarding what constitutes a written opinion.[2] Furthermore, the guidance specifies that the responsibility of making that determination rests with the authoring judge. Even assuming that the over 1.1 billion PACER documents over 200 court databases nationwide are easily searchable, scrutiny of each order not already designated as a freely accessible opinion under the Fee Schedule would be

---

[2] Certainly, the E-Government Act could have included a definition for written opinions, or even a list of documents, that would make the intended documents objectively identifiable.

required to determine whether, in someone other than the authoring judge's view, the order fits within the definition provided by the official guidance. The issue of what orders constitute opinions subject to the E-Government Act and encompassed by the Fee Schedule is central not only to the Plaintiff's class definition, but also to the Plaintiff's causes of action, and would require individualized proof, precluding the ability to maintain this case as a class action.

Moreover, based upon the Fee Schedule, which specifies exemptions from application of the fee, review of each PACER user's account would be required to determine which potential class members in fact improperly paid for an opinion on PACER.[3] As a result, individualized issues would also predominate over common issues in the determination of damages.

For the same reasons, the superiority requirement is also not met in this case. "To determine if the superiority requirement of Rule 23(b)(3) is satisfied, the Court must consider the following: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of the litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." *Jones*, 250 F.R.D. at 695 (citing Fed. R. Civ. P. 23(b)(3)). In his motion, the Plaintiff draws on *National Veterans Legal Services Program v. United States*, 235 F. Supp. 3d 32 (D.D.C. 2017) for support. In *National Veterans*, the plaintiffs claimed that the Fee Schedule charges excessive fees, i.e. fees higher than necessary to cover the cost of operating PACER, in violation of the E-Government Act. *Nat'l Veterans*, 235 F. Supp. 3d at 35. The district court certified a class of plaintiffs defined as "[a]ll individuals and entities who have paid fees for the use of PACER between April 21, 2010, and April 21, 2016, excluding class counsel in this case and federal government entities." *Id.* at 36. However, *National Veterans* is distinguishable from the case at bar because, as the court noted, the "plaintiffs' theory of liability is that the fee schedule itself violated the E-Government Act, not that the charges to individual plaintiffs violated the Act when they amounted to more than the cost of distribution to those particular plaintiffs." *Id.* at 44. In contrast, the Plaintiff here does not challenge the Fee Schedule itself; but rather, the application of the Fee Schedule to one specific category of documents, and the charges he contends were improperly incurred due to misidentification.

---

[3] According to the PACER Fee Schedule, "[n]o fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $15.00 in a quarter billing cycle." (ECF No. 40-3 at 3.)

Upon consideration, the Court finds that the difficulties in managing such a class action heavily weigh against class treatment in this case and far outweigh the remaining factors. Ultimately, the underlying individualized inquiry required in order to identify opinions in this case renders it inherently unmanageable as a class action.

### C. Conclusion

Accordingly, the Plaintiff's motion for class certification (**ECF No. 37**) is **denied**.

**Done and ordered** at Miami, Florida, on April 12, 2018.

_____
Robert N. Scola, Jr.
United States District Judge