**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-CV-62769-SCOLA/OTAZO-REYES

THEODORE D'APUZZO, P.A.,
Individually and on Behalf of All
Others Similarly Situated,

    Plaintiff,

        v.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

**PLAINTIFF'S *UNOPPOSED* MOTION FOR STAY PENDING DISPOSITION OF APPEAL TO ELEVENTH CIRCUIT COURT OF APPEALS**

Plaintiff, Theodore D'Apuzzo, P.A. ("Plaintiff"), pursuant to Fed. R. Civ. P. 23(f) and the Court's inherent authority to manage its cases, respectfully requests a stay of these proceedings pending the Eleventh Circuit's disposition of Plaintiff's petition for permissive appeal under Rule 23(f) of the Court's denial of class certification (ECF No. 47), which petition was filed with the Eleventh Circuit on April 25, 2018.[1] As argued below, a stay is warranted under the circumstances, including the economic realities of pursuing this case on an individual basis, the procedural posture of the case, and that no harm would result to the defendant, The United States of America ("Government"), or any other parties. In fact the opposite is true, as the denial of a stay could result in needless expenditure of public funds and this Court's resources in the event the appeal is accepted and successful. Moreover, the Government does not oppose the requested stay.

---

[1] In accordance with Eleventh Circuit rules the petition was filed via paper instead of electronically, and thus is not yet available in CM/ECF, but a copy is attached as **Exhibit A** hereto.

## **MEMORANDUM OF LAW**

## **FACTUAL BACKGROUND**

Plaintiff filed this case as a putative class action on November 22, 2016 (ECF No. 1), on the premise that PACER users are statutorily and contractually entitled to free access to "opinions." The initial complaint included three claims, for breach of contract, breach of implied covenant of good faith and fair dealing, and illegal exactions. On February 17, 2017, Plaintiff filed an amended complaint, with the same three claims (ECF No. 14), and the Government moved to dismiss on March 2, 2017 (ECF No. 16). Shortly after, the Government also moved for a stay of discovery pending a ruling on the motion to dismiss (ECF No. 17), which the Court granted (ECF No. 26)

The case remained stayed until September 25, 2017, when the Court issued an order denying the motion to dismiss in its entirety, and simultaneously lifted the stay (ECF No. 28). Discovery by both parties ensued, and on December 1, 2017, Plaintiff moved for class certification (ECF No. 37). The Government filed its opposition on January 5, 2018 (ECF 40). Plaintiff filed a reply on January 17, 2018 (ECF No. 41), and with leave the Government filed a sur-reply on February 2, 2018 (ECF No. 41). The Court issued the Order denying certification on April 13, 2018 (ECF No. 47), on the basis that the class is not ascertainable, and that the predominance and superiority elements of Rule 23(b)(3) were not met.

As permitted by Rule 23(f), Plaintiff filed a petition for permissive appeal of this Court's denial with the Eleventh Circuit Court of Appeals on April 25, 2018. The petition was timely filed, as it was filed within 14 days of this Court's denial.

## **ARGUMENT**

Under Rule 23(f), "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed

with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders. "

Per this rule, neither the filing of a petition for permissive appeal, nor the appeal itself if the petition is granted, stays the case before the district court unless either the district court or the appellate court grants a request for a stay. The Eleventh Circuit has not yet ruled on the standard applicable for a stay pending a permissive appeal under Rule 23(f), but district courts from the Eleventh and other Circuits apply a similar, four-factor balancing test. *E.g.*, *Veal v. Crown Auto Dealerships*, 2006 U.S. Dist. LEXIS 32381 (M.D. Fla. 2006):

> A stay pending appeal is warranted where the petitioner establishes (1) a likelihood of success on the merits of the appeal; (2) irreparable injury unless the stay is granted; (3) no substantial harm to other interested persons, and (4) no harm to the public interest.

*Id.* at *2;[2] *see also Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 U.S. Dist. LEXIS 95470, at *3 (C.D. Cal. 2015) (applying similar test).

Given the "balancing" nature of this test, courts have held that a "flexible approach….so that a stronger showing of one element may offset a weaker showing of another is appropriate in the stay context." *Id.*; *see also Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 412 (D. Del. 2010) ("[A] decision to stay pending a Rule 23(f) petition is discretionary and should be informed by a flexible application of the factors used to consider preliminary injunctive relief.") (citation omitted).

An application of these factors here supports the entry of the requested stay.

---

[2] A copy of this and other cited decisions from Lexis are attached hereto as **Composite Exhibit B** for the Court's convenience.

### A. The Likelihood of Success of Plaintiff's Appeal on the Merits

Courts applying this factor have held that the movant "need *not* demonstrate that it is more likely than not that it will succeed on the merits." *Flo & Eddie, Inc.,* 2015 U.S. Dist. LEXIS 95470, at *4 (quotation omitted; emphasis in original). Rather, the "minimum quantum of likely success necessary to justify a stay is a reasonable probability of success, a substantial case on the merits, or that serious questions are raised." *Id.* at *4-5. In addition, courts have held that a "Rule 23(f) petition that presents an <u>unsettled</u> question of law constitutes a serious legal question sufficient to satisfy th[e] first prong of the stay analysis." *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *2 (N.D. Cal. 2012) (emphasis added).

This factor supports a stay here, because even if this Court were to believe that Plaintiff's putative appeal does not have a reasonable probability of success, the appeal nonetheless presents a "substantial case on the merits," and raises "serious questions," including "unsettled" or "novel" legal issues, militating this factor in Plaintiff's favor. *Id.*; *see also Gray v. Golden Gate Nat. Recreational Area*, 2011 WL 6934433, at *2 (N.D. Cal. 2011) (finding factor met in 23(f)-related case where appeal involved "serious" and "novel" legal questions). Indeed, the central issue in both this Court's certification denial, and in the appeal, is a "novel" or "unsettled" one, namely how "opinions" for purposes of the E-Government Act and PACER's contracts with its users should be defined. In its denial this Court ruled that such a definition involves an "inherently subjective" standard that was not amenable to class-wide resolution. In its appeal petition, Plaintiff argues that the Government's own definition of "opinions" is not inherently subjective, but that even if it were, its "subjective" aspects could have been narrowed or otherwise addressed by the fashioning of an alternate definition. Again, whether this Court believes that Plaintiff's appeal will succeed on this or other points is not really the issue; instead,

4

it suffices that reversal on appeal is a realistic outcome. *E.g.*, *Rosen v. J.M. Auto Inc.*, 2009 WL 7113827, at *1 (S.D. Fla. 2009) (in finding this factor of a stay motion pending a Rule 23(f) petition met, court stated, "While the Court is confident that it has correctly applied the law to the issues of this case, we acknowledge that the Court of Appeals may reverse our ruling. Defendants have therefore established this element."); *Gray*, 2011 WL 6934433 at *1 (same; "[T]he Court recognizes that the appellate court could reverse this Court's rulings on novel issues raised by the motion for class certification.").

### B. Irreparable Injury

The scheduling order here (ECF No. 29), issued long before the denial, on September 28, 2017, had assumed the case would be litigated on a class basis, with fact discovery to be completed in August 2018, dispositive motions heard by September 2018, and a trial in 2019. Plaintiff's appeal petition argues that an interlocutory review of this Court's denial is warranted, given that the denial may very well serve as a "death knell" here, considering Plaintiff's individual damages of $0.80. In this vein, Plaintiff also noted that even if the case were to proceed on an individual basis, it would be grossly inefficient for both the Court and the parties to do so, only to possibly have to re-litigate much of the case on a class basis in the event Plaintiff's appeal succeeds.

As such, while Plaintiff acknowledges that most courts regard litigation expenses or effort as not constituting "irreparable" harm, at the same time courts often find this prong nonetheless satisfied if a stay would avoid needless expenditure of resources in the event of a later reversal. *E.g.*, *Ewing Industries Corporation v. Bob Wines Nursery, Inc.*, 2015 WL 12979096, at *3 (M.D. Fla. 2015) (observing that while "mere litigation expense" usually is not considered "irreparable injury," courts "balancing the factors in the contexts of stays during the

pendency of Rule 23(f) petitions have found that wasteful, unrecoverable, and possibly duplicative costs are proper considerations"); *see also Herrera v. HCA Holdings, Inc.*, 2015 U.S. Dist. LEXIS 62102, at *3 (M.D. Fla. 2015) (in granting stay pending Rule 23(f) petition, court noted that "given the current procedural posture of the case and the small amount in controversy, staying discovery will conserve the parties' resources and prevent duplication of discovery if the Eleventh Circuit does ultimately reverse the Order"). In light of the procedural posture of this case, then, and the possibility of a reversal down the road, this factor supports a stay.

### C. No Substantial Harm to Interested Persons Would Result

This factor strongly favors the requested stay, because a grant of the stay "would merely maintain the status quo while the parties await a decision from the Eleventh Circuit that could possibly reshape this litigation," and "[a]ny harm from a brief stay while the Court of Appeals considers a decision when juxtaposed to the potential magnitude of a decision by the Court of Appeals on the issues before it, is simply de minimis." *Ewing Indus. Corp.* at *7-8; *see also St. Charles Hosp. & Rehad. Ctr. v. Mylan Labs. (in Re Lorazepam & Clorazepate Antitrust Litig.)*, 208 F.R.D. 1, 6 (D.D.C. 2002) (same; in granting Rule 23(f)-related stay, court noted that relatively brief delay in litigation would not cause significant harm to appellee). That the Government would not be harmed from the stay is reflected by the fact that it does not oppose Plaintiff's request. Indeed, harm is much more likely to result from a *denial* of the stay, including to the Government, for as noted above if the parties continue litigating the case on an individual basis, only to possibly have to do so again on a class basis in the event of a reversal, the result would be needless expenditure of resources.

### D. The Stay is in the Public Interest

For reasons similar to those discussed in the preceding factor, the stay would strongly favor the public interest. It is well recognized that "the public generally has an interest in accuracy of judicial proceedings and in efficient use of government resources," *Flo & Eddie, Inc.*, 2015 U.S. Dist. LEXIS 95470, at *4 (quotation omitted), and these interests apply here, given the potentially large number of members in the putative class whose certification was denied – almost 400,000 – and that the defendant here is the Government. Requiring the Government to continue litigating this case on an individual basis, when there is a chance that a reversal would require re-litigation, decidedly would *not* be an "efficient use of government resources," including those of this Court. *Id.* at *12-13 (stay favored public interest because it would "avoid costly and potentially unnecessary litigation, thus conserving judicial resources); *see also Nieberding v. Barrette Outdoor Living, Inc.*, 2014 WL 5817323, at *5 (D. Kan. 2014) (finding that the "public interest is best served by not requiring [parties] to incur significant costs that may in the end be unnecessary and duplicative").

### CONCLUSION

Plaintiff respectfully requests that the Court stay these proceedings pending the Eleventh Circuit's disposition of the Rule 23(f) petition for permissive appeal. In the event the petition is denied, Plaintiff would ask that the stay remain in place for one week after the date of denial; if it is granted, Plaintiff would ask that the stay remain in place for one week after the ruling on appeal, regardless of the outcome.

Dated: April 27, 2018

### Good Faith Certificate Pursuant to Local Rule 7.1(a)(3)

The undersigned conferred by e-mail with Government's counsel, Alicia Welch, who stated she did not oppose the requested stay.

>By: */s/ Nicole W. Giuliano*
>Nicole W. Giuliano
>Florida Bar No. 71067
>**Giuliano Law, P.A.**
>500 E. Broward Blvd., Suite 1710
>Fort Lauderdale, FL 33394
>Tel: 954-848-2940
>Email: nicole@giulianolaw.com
>
>John Anthony Van Ness
>Florida Bar No. 391832
>**Van Ness Law Firm, PLC**
>1239 East Newport Center Dr., Suite 110
>Deerfield Beach, FL 33442
>Tel: 954-571-2031
>Email: tvanness@vanlawfl.com
>
>Morgan L. Weinstein
>Florida Bar No. 87796
>**Weinstein Law, P.A.**
>66 West Flagler Street, 11th Floor
>Miami, Florida 33130
>Tel: 954-540-2755
>Email: morgan@mlwlegal.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically through CM/ECF on April 27, 2018, on all counsel or parties of record on the Service List below.

>By: */s/ Nicole W. Giuliano*
>Nicole W. Giuliano

## SERVICE LIST

Alicia H. Welch
Email: Alicia.Welch@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
*Attorney for Defendant The United States of America*