
Neutral
As of: April 27, 2018 2:26 PM Z

# Veal v. Crown Auto Dealerships

United States District Court for the Middle District of Florida, Tampa Division

May 22, 2006, Decided ; May 23, 2006, Filed

Case No. 8:04-CV-323-T-27MSS

**Reporter**
2006 U.S. Dist. LEXIS 32381 *

ROY VEAL, individually and on behalf of all those similarly situated, Plaintiff, vs. CROWN AUTO DEALERSHIPS, INC., Defendant.

**Subsequent History:** Settled by *Veal v. Crown Auto Dealerships, Inc., 2007 U.S. Dist. LEXIS 68133 (M.D. Fla., Sept. 12, 2007)*

**Prior History:** *Veal v. Crown Auto Dealerships, Inc., 236 F.R.D. 572, 2006 U.S. Dist. LEXIS 18237 (M.D. Fla., 2006)*

## Core Terms

Notice, Dissemination, temporary

**Counsel:** [*1] For John A. Adams, Karen Ann Hensley, Julie C. Thomas, Angela. Harper, Jeffrey Golub, Plaintiffs: Craig E. Rothburd, Craig E. Rothburd, P.A., Tampa, FL; James D. Clark, Clark & Martino, P.A., Tampa, FL; Scott R. Jeeves, Jeeves Law Group, P.A., St. Petersburg, FL.

For Roy Veal, Plaintiff: Brian L. Weakland, Law Office of Brian L. Weakland, Esq., National Securities Financial Center, Glen Allen, VA; Gary J. Takacs, Gary J. Takacs, P.A., Clearwater, FL; Craig E. Rothburd, Craig E. Rothburd, P.A., Tampa, FL; James D. Clark, Clark & Martino, P.A., Tampa, FL; Scott R. Jeeves, Jeeves Law Group, P.A., St. Petersburg, FL; Anthony T. Martino, Clark, Charlton & Martino, P.A., Tampa, FL.

For Crown Auto Dealerships, Inc., Defendant: Chris S. Coutroulis, Carlton Fields, P.A., Tampa, FL; Mark Reidy Kapusta, Law Office of Bohdan Neswiarheny, Sarasota, FL; Roger A. Slade, Pathman Lewis, LLP, Miami, FL; Amanda Arnold Sansone, Carlton Fields, Tampa, FL.

Peter J. Grilli, Mediator, Pro se, Tampa, FL.

**Judges:** JAMES D. WHITTEMORE, United States District Judge.

**Opinion by:** JAMES D. WHITTEMORE

## Opinion

**ORDER**

**BEFORE THE COURT** is Defendant's Motion to Stay Dissemination of Class Notice Pending [*2] *Rule 23(f)* Appeal (Dkt. 257), Plaintiff's Response (Dkt. 258) and Defendant's Notice of Eleventh Circuit's Order Granting Crown's *Rule 23(f)* Petition (Dkt. 259). Upon consideration, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Stay Dissemination of Class Notice Pending *Rule 23(f)* Appeal is **GRANTED**. A stay pending appeal is warranted where the petitioner establishes (1) a likelihood of success on the merits of the appeal; (2) irreparable injury unless the stay is granted; (3) no substantial harm to other interested persons, and (4) no harm to the public interest. See *In re Federal Grand Jury Proceedings, 975 F.2d 1488, 1492 (11th Cir. 1992)* (citations omitted). The Eleventh Circuit has granted Defendant's petition for permission to appeal pursuant to *Fed.R.Civ.P. 23(f)*. (Dkt. 259). The Eleventh Circuit's ruling on Defendant's *Rule 23(f)* appeal may affect the form and scope of the class notice. The risk of sending notice to Crown customers who are later determined not to be members of the class outweighs the limited harm Plaintiffs may suffer due to the temporary delay of class notification. Given the limited [*3] scope of this temporary partial stay, the public and putative class will not be harmed. Accordingly, dissemination of class notice is **STAYED** pending a ruling by the Eleventh Circuit on Defendant's *Rule 23(f)* appeal. This Court defers ruling on Plaintiff s Motion for Approval of Class Notice and Clarification and/or Modification of Class and Subclass Definitions (Dkt. 254). All other aspects of this case shall proceed in accordance with the Court's case

Nicole Giuliano

## Composite Exhibit B

management and scheduling order.

**DONE AND ORDERED** in chambers this 22nd day of May, 2006.

**JAMES D. WHITTEMORE**

**United States District Judge**

---

**End of Document**


Caution
As of: April 27, 2018 2:26 PM Z

# *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*

United States District Court for the Central District of California

June 8, 2015, Decided; June 8, 2015, Filed

CV 13-5693-PSG (RZx)

**Reporter**
2015 U.S. Dist. LEXIS 95470 *; 115 U.S.P.Q.2D (BNA) 1070 **

Flo & Eddie, Inc. v. Sirius XM Radio, Inc.

**Prior History:** *Flo & Eddie Inc. v. Sirius XM Radio Inc., 2014 U.S. Dist. LEXIS 139053 (C.D. Cal., Sept. 22, 2014)*

## Core Terms

class certification, merits, unsettled, one-way, irreparable harm, public interest, hardships, sharply, tips, likelihood of success, interlocutory appeal, class action, resources, prong

**Counsel:** [*1] Attorneys Present for Plaintiff(s): Not Present.

Attorneys Present for Defendant(s): Not Present.

**Judges:** Philip S. Gutierrez, United States District Judge.

**Opinion by:** Philip S. Gutierrez

## Opinion

[**1071] CIVIL MINUTES - GENERAL

**Proceedings (In Chambers): Order GRANTING Sirius XM's *Ex Parte* Application and STAYING the Case**

Before the Court is Defendant Sirius XM, Inc.'s ("Sirius XM") *ex parte* application to stay the case pending a *Federal Rule of Civil Procedure 23(f)* ("*Rule 23(f)*") petition or, alternatively, to modify the scheduling order. *See* Dkt. # 228. Plaintiff Flo & Eddie, Inc. ("Flo & Eddie") opposes the application in part. Dkt. # 230. After considering the arguments presented in the supporting and opposing papers, and at a hearing on June 8, 2015, the Court GRANTS the application and STAYS the case.

I. Background

The Court granted Flo & Eddie's summary judgment as to liability in this case on September 22, 2014. Dkt. # 117. Subsequently, Sirius XM moved to certify the summary judgment order for interlocutory appeal, *see* Dkt. # 123, and for the Court to reconsider the order, *see* Dkt. # 154. The Court denied both motions. Dkts. # 159, 175. On May 27, 2015, the Court granted Flo & Eddie's motion for class certification ("Class Certification Order"). *See* Dkt. # 225. [*2]

Pursuant to the Court's scheduling order, the final pretrial conference in this case is set for August 10, 2015 and the jury trial on the remaining damages issue will take place on August 25, 2015. *See* Dkt. # 126.

Sirius XM intends to petition the Ninth Circuit for interlocutory review of the Class Certification Order pursuant to *Rule 23(f)*. *See* App. 1:10-11.[1] Thus, Sirius XM now requests, via *ex parte* application, a stay of the case pending resolution of the *Rule 23(f)* petition and, if the petition is granted, pending the outcome of Sirius XM's appeal. *See id.* 1:19-21. In the alternative, Sirius XM requests that the Court modify the scheduling order to allow the parties more time for pre-trial notice issues and to permit Sirius XM to obtain post-certification discovery. *Id.* 1:22-2:13.

II. Legal Standard

Under *Federal Rule of Civil Procedure 23(f)*, a party may petition the court of appeals for permission to immediately appeal a grant or denial of class certification. *See Fed. R. Civ. P. 23(f)*. If the petition is granted, the interlocutory appeal "does not stay proceedings [**1072] in the district court unless the

---

[1] *Rule 23(f)* requires a petition for immediate appeal of a class certification order to be filed within 14 days after the order is entered. *See Fed. R. Civ. P. 23(f)*.

Case 0:16-cv-62769-RNS Document 48-2 Entered on FLSD Docket 04/27/2018 Page 4 of 9

Page 2 of 5

2015 U.S. Dist. LEXIS 95470, *2; 115 U.S.P.Q.2D (BNA) 1070, **1072

district judge or the court **[*3]** of appeals so orders." *Id.*

The Ninth Circuit's standard for stay requests is adopted from the preliminary injunction context. *See Leiva-Perez v. Holder, 640 F.3d 962, 963-66 (9th Cir. 2011)*; *Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)*. "To prevail on [a] motion to stay, [the moving party] must show: (1) it is likely to succeed on the merits of the appeal; (2) it will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure [the non-moving party]; and (4) the stay is in the public interest." *See Brown v. Wal-Mart Stores, Inc., No. 5:09-CV-03339-EJD, 2012 U.S. Dist. LEXIS 163731, 2012 WL 5818300, at * 1 (N.D. Cal. Nov. 15, 2012)* (citing *Leiva-Perez, 640 F.3d at 964-70*; *Gray v. Golden Gate Nat'l Recreational Area, No. C 08-722 EDL, 2011 U.S. Dist. LEXIS 149232, 2011 WL 6934433, at *1 (C.D. Cal. Dec. 29, 2011)*).

A "flexible approach" to balancing these factors, "so that a stronger showing of one element may offset a weaker showing of another[,]" is "appropriate in the stay context." *Leiva-Perez, 640 F.3d at 964-66* (internal quotation omitted). Thus, along this continuum, the factors comprise "two interrelated legal tests." *See Lopez, 713 F.2d at 1435*. At one end of the continuum, a stay is justified if the moving party shows "a probability of success on the merits and the possibility of irreparable injury." *Id.* (citation omitted). At the other end, the moving party must demonstrate "that serious legal questions are raised and that the balance **[*4]** of hardships tips sharply in its favor." *Id.* (citation omitted); *see also Brown, 2012 U.S. Dist. LEXIS 163731, 2012 WL 5818300, at *4* ("[W]here the movant relies on a 'serious legal question' to satisfy the first prong of the stay analysis, the movant must show that the balance of harm tips sharply in its favor.") (citing *Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011))*.

III. Discussion

Sirius XM seeks a stay pending its *Rule 23(f)* appeal on the grounds that the Class Certification Order "raises serious legal issues warranting review by the Ninth Circuit," including "whether and under what circumstances defendants can waive the 'one-way intervention rule' where, as here, an early merits judgment in favor of the plaintiff has occurred." *See App.* 1:11-15. Sirius XM argues that, in light of this serious legal issue, consideration of the extent to which the balance of hardships favors Sirius XM and the public's interest in a stay indicate that the issuance of a stay is warranted in this case. The Court agrees.

A. Likelihood of Success on Appeal

"To satisfy the likelihood of success factor, [Sirius XM] need *not* demonstrate that it is more likely than not that [it] will succeed on the merits." *See Gray, 2011 U.S. Dist. LEXIS 149232, 2011 WL 6934433, at *1* (emphasis added) (citing *Leiva-Perez, 640 F.3d at 966*). Rather, the "minimum quantum of likely success necessary to justify a stay" is a "reasonable **[*5]** probability" of success, "a substantial case on the merits," or "that serious questions are raised." *Leiva-Perez, 640 F.3d at 967-68* (internal quotations omitted). "A *Rule 23(f)* petition that presents an unsettled question of law constitutes a 'serious legal question' sufficient to satisfy th[e] first prong of the stay analysis." *See Brown, 2012 U.S. Dist. LEXIS 163731, 2012 WL 5818300, at *2* (citing *Gray, 2011 U.S. Dist. LEXIS 149232, 2011 WL 6934433, at *2)*.

As the Court indicated in its Class Certification Order, the Ninth Circuit has not addressed the permissibility of class certification after a judgment in favor of *plaintiff* in light of the one-way intervention rule. *See* Dkt. # 225 at 6 (citing *Schwarzschild v. Tse, 69 F.3d 293, 297 n.4 (9th Cir. 1995)*; *Weir v. Joly, No. CV-10-898-HZ, 2011 U.S. Dist. LEXIS 139393, 2011 WL 6043024, at *1 (D. Or. Dec. 2, 2011))*. Flo & Eddie's citation to *Wright v. Schock, 742 F.2d 541 (9th Cir. 1984)*, a case concerning defendants' ability to obtain pre-certification judgments on the merits, is unavailing because the Ninth Circuit did not examine the unique risks raised by a plaintiff's precertification judgment in that case. *Opp.* 5:3-24; *see Wright, 742 F.2d at 544* (reasoning that defendants assume the risk that their summary judgment rulings will only have stare decisis effect when defendants file such motions prior to class certification, an observation irrelevant to summary judgment motions by plaintiffs).[2] This Court thus analyzed the one-way intervention rule in the context of this case "[w]ithout clear direction **[*6]** from the Ninth Circuit[.]" Dkt. # 225 at 6. Accordingly, Sirius XM's petition for appellate review of the Class Certification Order presents an unsettled question of law in the Ninth Circuit.

**[**1073]** Flo & Eddie also contests Sirius XM's showing on the first prong of the stay analysis by arguing that Sirius XM cannot demonstrate that the Ninth Circuit is

---

[2] The Court fully incorporated the *Wright* case into its one-way intervention rule analysis in the Class Certification Order. Dkt. # 225 at 5-6.

Case 0:16-cv-62769-RNS   Document 48-2   Entered on FLSD Docket 04/27/2018   Page 5 of 9

Page 3 of 5

2015 U.S. Dist. LEXIS 95470, *6; 115 U.S.P.Q.2D (BNA) 1070, **1073

likely to grant its *Rule 23(f)* petition. *See Opp.* 3:20-4:6; *Gray, 2011 U.S. Dist. LEXIS 149232, 2011 WL 6934433 at \*1* ("Looking to the likelihood of success on the merits, the Court must consider both the likelihood that the Ninth Circuit will grant Defendants' *Rule 23(f)* petition, and the likelihood that the Ninth Circuit will agree with Defendants on the substantive merits."). Flo & Eddie contend that Sirius XM fails to make this showing because it ignores that "'[w]hen an error is alleged, [the Ninth Circuit] generally will permit an interlocutory appeal [under *Rule 23(f)*] only when the certification decision is manifestly erroneous and virtually certain to be reversed on appeal from the final judgment.'" *Opp.* 3:20-4:6 (quoting *Chamberlan v. Ford Motor Co., 402 F.3d 952, 962 (9th Cir. 2005)*). Flo & Eddie complains that "Sirius XM does not even address the **[*7]** *Chamberlan* standard" when Sirius XM instead urges a stay on the basis of the "'substantial questions' test." *Id.* 4:7-14. Flo & Eddie's selective quotation aside, Sirius' argument is entirely consistent with *Chamberlan*.

In *Chamberlan*, the Ninth Circuit identified the criteria that it would consider in evaluating whether to permit an interlocutory appeal under *Rule 23(f)*, an occurrence that should be "rare." *See Chamberlan, 402 F.3d at 955*. It outlined "three categories" in which review of class certification decision would be most appropriate and held that, ordinarily, "a case warranting review pursuant to *Rule 23(f)* must come within one or more of the specified categories." *Id. at 959-60*. Flo & Eddie's citation to the "manifest error of law" standard is only one of these categories, and the presentation of "an unsettled and fundamental issue of law relating to class actions" is another category that can independently justify interlocutory appeal under *Rule 23(f)*. *Id.* Thus, contrary to Flo & Eddie's assertion, there was no need for Sirius XM to "acknowledge" *Chamberlan's* manifest error standard when it argued that a stay was appropriate under a different category — that the petition presents a fundamental issue of class action law unsettled in the Ninth **[*8]** Circuit.

The Court concludes that Sirius XM's forthcoming petition for review satisfies the likelihood of success prong because the Court's ruling on the one-way intervention rule raises a serious legal issue warranting review by the Ninth Circuit.[3]

---

[3] The Court notes that it is not persuaded by any of Sirius XM's alternate grounds for satisfying this factor. *See App.* 4:25-7:4 (*e.g.*, "the Ninth Circuit has never considered whether . . . it is appropriate to certify a class of copyright owners").

B. Balance of Hardships

As described above, "where the movant relies on a 'serious legal question' to satisfy the first prong of the stay analysis, the movant must show that the balance of harm tips sharply in its favor." *Brown, 2012 U.S. Dist. LEXIS 163731, 2012 WL 5818300 at \*4* (citing *Wild Rockies, 632 F.3d at 1132*). Because Sirius XM demonstrates that it is likely to suffer irreparable harm in the absence of a stay, while Flo & Eddie will not suffer substantial injury if a stay is granted, the Court determines that the balance of hardships tips sharply in Sirius XM's favor, and thus in favor of a stay.

Sirius XM must demonstrate that it is "likely" to suffer irreparable injury in the absence of a stay. *See Leiva-Perez, 640 F.3d at 968* (discussing the factor in the preliminary injunction context). Sirius XM is **[*9]** likely to suffer irreparable harm if the case is not stayed because it is probable that, in the absence of a stay, this case will proceed to trial and final judgment prior to the Ninth Circuit's consideration and disposition of Sirius XM's *Rule 23(f)* petition and appeal. *See App.* 7:6-15. When evaluating whether to stay a case pending appeal, "the imminence of trial [is] a factor that could change the analysis[.]" *Richards v. Ernst & Young LLP, No. C-08-4988 RMW, 2012 U.S. Dist. LEXIS 3523, 2012 WL 92738, at \*3 (N.D. Cal. Jan. 11, 2012)*; *see Bradberry v. T-Mobile USA, Inc., No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801, 2007 WL 2221076, at \*4 (N.D. Cal. Aug. 2, 2007)* ("[t]he cost of some pretrial litigation does not constitute an irreparable harm to Defendant" but "this Court indicated that a stay would be appropriate when the trial date approaches or if discovery were burdensome"). Not only will Sirius XM expend significant resources preparing for and likely actually trying the class action, Sirius XM will concurrently spend considerable resources litigating its Rule 26(f) appeal, an appeal that Sirius XM will have to abandon in favor of a full-blown appeal of the final judgment if the trial concludes before an interlocutory appellate decision issues. *See Gray, 2011 U.S. Dist. LEXIS 149232, 2011 [\*\*1074] WL 6934433 at \*3* (explaining **[*10]** that monetary losses can be considered irreparable harm if defendants are forced to incur much of the expense of potentially unnecessary trial-oriented litigation before their appeal is heard).

Trial in this case is fast-approaching, set for August 25, 2015. *See* Dkt. # 126. Although Sirius XM must file its Rule 26(f) petition within the upcoming week, the Ninth Circuit is unlikely to evaluate whether to accept the petition and issue a decision on the merits of the appeal

Case 0:16-cv-62769-RNS Document 48-2 Entered on FLSD Docket 04/27/2018 Page 6 of 9

Page 4 of 5

2015 U.S. Dist. LEXIS 95470, *10; 115 U.S.P.Q.2D (BNA) 1070, **1074

before August 25, 2015 (from the date of the hearing on this application, the trial is 78 days away).[4] Due to the costs associated with pre-trial and trial work on this high-stakes litigation as well as the concurrent significant costs associated with the Rule 26(f) appeal, an appeal that will be moot if Sirius XM litigates this class action to final judgment before the Ninth Circuit reaches its appeal, Sirius XM is likely to suffer some irreparable harm in the absence of a stay.[5]

Flo & Eddie can barely articulate a harm to itself in the event that the Court issues a stay. *See Opp.* 9:12-21. Flo & Eddie cites the general principle that "'[i]t is the duty of the courts to avoid unnecessary delay in resolving the rights of litigants.'" *Id.* (quoting *LG Elecs., Inc. v. Eastman Kodak Co., No. 09-CV-0344-H (BLM), 2009 U.S. Dist. LEXIS 44056, 2009 WL 3320497, at \* (S.D. Cal. Oct. 14, 2009)*). In light of the unsettled issue of law in this case, the Court cannot conclude that the delay to the class members attendant to resolving that issue through Sirius XM's appeal is "unnecessary" because, if Sirius XM's appeal is successful, the Court will de-certify this class. The only possible harm to Flo & Eddie and the class members resulting from a stay is "having to wait longer to monetize [their] [] sound recording performing right[s]." *App.* 8:6-8. Contrary to situations in **[\*12]** which plaintiffs seek injunctive relief, plaintiffs seeking damages awards are not substantially injured by some delay. *See Brown, 2012 U.S. Dist. LEXIS 163731, 2012 WL 5818300 at \*4* ("Plaintiff's complaint seeks penalties and fees, but does not seek an injunction requiring Defendant to provide seats or otherwise comply with suitable seating laws . . . [t]he potential delay in Plaintiff's ability to recover penalties [] does not constitute a substantial injury.").

Because Flo & Eddie will be minimally harmed by the issuance of a stay, the irreparable harm to Sirius XM that is likely to result in the absence of a stay "sharply"

tips the balance of hardships in favor of Sirius XM.

C. Public Interest

Lastly, the Court considers whether the public interest favors a stay. Sirius XM points out that "[t]he public 'generally has an interest in accuracy of judicial proceedings and in efficient use of government resources.'" *App.* 9:16-18 (quoting *Bristow v. Lycoming Engines, No. CIV. S-06-1947 LKK/GGH, 2008 U.S. Dist. LEXIS 50416, 2008 WL 2561105, at \*3 (E.D. Cal. Jun. 24, 2008))*. The Court agrees that this interest is served by staying the case to avoid costly and potentially unnecessary litigation, thus conserving judicial resources, while the Ninth Circuit decides whether the oneway intervention rule precludes class certification in this case. *See* **[\*13]** *id.* 9:18-10:3. Flo & Eddie responds that the public interest is against a stay because Sirius XM has failed to show a sufficient likelihood of success on the merits. *Opp.* 9:23-10:7. As discussed previously, the Court disagrees because the Court's threshold analysis of the one-way intervention rule under the circumstances of this case addressed an unsettled legal issue in the Ninth Circuit. While "there is no guarantee that the Ninth Circuit will accept Sirius XM's petition," *see Opp.* 10:8-17, given the significance of the unsettled application of the one-way intervention rule raised by this case, both to the parties at bar and class litigants generally, it is a sound bet that the Ninth Circuit will accept the petition.[6] If the Ninth Circuit does not accept Sirius XM's petition, the delay will be negligible and the effect on the public slight. While the public interest in the grant or denial of the stay does not weigh heavily in either direction, this factor also favors the issuance of a stay.

**[\*\*1075]** Upon considering the necessary factors, **[\*14]** due to the unsettled and significant question of class action law presented by Sirius XM's *Rule 26(f)* appeal, the balance of hardships that tips sharply in Sirius XM's favor, and the public's general interest in conserving judicial resources, the Court concludes that it should stay this case pending the resolution of Sirius XM's *Rule 23(f)* appeal of the Class Certification Order. Because a stay is appropriate, the Court does not address the parties' arguments regarding modification of the scheduling order and additional discovery.

IV. Conclusion

---

[4] Sirius XM notes 80-day and 81-day periods between defendants' petitions and the Ninth Circuit's decisions in *Brown* and *Gray*. *See App.* 7:10-15 (citing *Gray*, Court of Appeals Dkt. No. 11-80287; *Brown*, Court of Appeals Dkt. Nos. 12-801169 & 12-17623).

[5] For an unrelated **[\*11]** reason (desiring more time for notice activities), Flo & Eddie requests a 90-day extension of the trial date. *See Opp.* 1:2-9. The Court declines to issue that modification and analyze the harm to Sirius XM under that hypothetical situation because, under the current facts of the case, a stay of this action is appropriate pending the disposition of Sirius XM's Rule 26(f) appeal.

[6] Though it is not a sure bet like American Pharoah, who went off at 3-5 on Saturday to win the Belmont Stakes and become the first Triple Crown Winner in 37 years.

Case 0:16-cv-62769-RNS   Document 48-2   Entered on FLSD Docket 04/27/2018   Page 7 of 9

Page 5 of 5

2015 U.S. Dist. LEXIS 95470, *14; 115 U.S.P.Q.2D (BNA) 1070, **1075

For the foregoing reasons, the Court GRANTS Sirius XM's application and STAYS the case pending the resolution of Sirius XM's forthcoming *Rule 23(f)* petition to the Ninth Circuit and possible appellate proceedings.

**IT IS SO ORDERED**.

---

**End of Document**


Neutral
As of: April 27, 2018 2:26 PM Z

# Herrera v. HCA Holdings, Inc.

United States District Court for the Middle District of Florida, Tampa Division

May 12, 2015, Decided; May 12, 2015, Filed

Case No: 8:14-cv-2327-T-30TBM

**Reporter**
2015 U.S. Dist. LEXIS 62102 *

MARISELA HERRERA, Plaintiff, v. HCA HOLDINGS, INC., et al., Defendants.

**Prior History:** Herrera v. JFK Med. Ctr. L.P., 2014 U.S. Dist. LEXIS 133636 (M.D. Fla., Sept. 22, 2014)

## Core Terms

discovery, mediation, Permissive, district court, interlocutory appeal, court of appeals, allegations, proceedings, disfavor, ordering, parties

**Counsel:** [*1] For Marisela Herrera, individually and on behalf of others similarly situated, Plaintiff: Andrew N. Friedman, Douglas J. McNamara, LEAD ATTORNEYS, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Diana L. Martin, Leslie M. Kroeger, Theodore J. Leopold, LEAD ATTORNEYS, Cohen, Milstein, Sellers & Toll, PLLC, Palm Beach Gardens, FL; Kimberly L. Boldt, LEAD ATTORNEY, Boldt Law Firm, PA, Hollywood, FL.

For JFK Medical Center Limited Partnership, doing business as JFK Medical Center, Defendant: Jessica Zagier Wallace, Thomas Meeks, Walter J. Tache, LEAD ATTORNEYS, Carlton Fields Jorden Burt, PA, Miami, FL.

For HCA Holdings, Inc., Defendant: Ashley Bruce Trehan, Edward Martin Waller, Jr., John David Emmanuel, LEAD ATTORNEYS, Buchanan Ingersoll & Rooney, PC | Fowler White Boggs, Tampa, FL; Walter J. Tache, LEAD ATTORNEY, Carlton Fields Jorden Burt, PA, Miami, FL.

For Memorial Healthcare Group, Inc. doing business as Memorial Hospital Jacksonville, North Florida Regional Medical Center, Inc., Defendants: Walter J. Tache, LEAD ATTORNEY, Carlton Fields Jorden Burt, PA, Miami, FL.

**Judges:** JAMES S. MOODY, JR., UNITED STATES DISTRICT JUDGE.

**Opinion by:** JAMES S. MOODY, JR.

## Opinion

### ORDER

THIS CAUSE comes before the Court upon [*2] the Defendants' Motion to Stay Discovery Pending Ruling on Plaintiff's Petition for Rule 23(f) Permissive Appeal (Dkt. #59), Defendants' Motion to Refer Case to Early Mediation (Dkt. #60) and Plaintiff's Responses in Opposition to the Motions (Dkts. #62 and #63). Upon review and consideration, it is the Court's conclusion that a stay of discovery is appropriate at this time, but mediation is premature.

On February 20, 2015, this Court entered an Order (Dkt. #51) striking the class allegations in this lawsuit ("the Order"), which sought to certify a class of individuals treated at HCA-affiliated facilities across Florida. The Order also dismissed all of the Plaintiffs except Marisela Herrera. Following entry of the Order, the only hospital defendant remaining in this action is Defendant JFK Medical Center Limited Partnership d/b/a JFK Medical Center, which Plaintiff Herrera alleges billed her approximately $6,500.

On March 5, 2015, Herrera (along with the dismissed Plaintiffs) filed a Petition for a Rule 23(f) Permissive Appeal (the "Petition") to the Eleventh Circuit Court of Appeals regarding the Order. Rule 23(f) provides that an appeal under this provision does not stay proceedings in the district court unless [*3] the district court or the court of appeals so orders. Fed. R. Civ. P. 23(f). "The Eleventh Circuit has not articulated a standard for considering whether a stay should be granted if a party appeals a class certification decision under Rule 23(f)." Rosen v. J.M. Auto Inc., 07-61234-CIV, 2009 U.S. Dist. LEXIS 130129, 2009 WL 7113827, at *1 (S.D. Fla. May

20, 2009).

Interlocutory appeals are disfavored and the Eleventh Circuit has made it clear that it will "use restraint in accepting Rule 23(f) petitions[.]" See Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1276 (11th Cir. 2000). As a result, "district courts disfavor a stay of district-court proceedings pending a Circuit Court's ruling on permission to pursue an interlocutory appeal." Bacon v. Stiefel Labs., Inc., 837 F. Supp. 2d 1280, 1282 (S.D. Fla. 2011). Nonetheless, given the current procedural posture of the case and the small amount in controversy, staying discovery will conserve the parties' resources and prevent duplication of discovery if the Eleventh Circuit does ultimately reverse the Order.

The Court concludes that a stay of discovery is appropriate, but mediation is unlikely to be effective at this time. If the Eleventh Circuit denies the Petition, the Court is willing to reconsider ordering the parties to early mediation, upon proper motion.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Stay Discovery Pending Ruling on Plaintiff's Petition for Rule 23(f) Permissive Appeal **[*4]** (Dkt. #59) is **GRANTED**.

2. Defendants' Motion to Refer Case to Early Mediation (Dkt. #60) is **DENIED** without prejudice.
3. Discovery is stayed pending a ruling by the Eleventh Circuit on Plaintiff's Petition. Plaintiff shall file a notice with this Court within seven (7) days after the Eleventh Circuit issues its order.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of May, 2015.

/s/ James S. Moody, Jr.

**JAMES S. Moody, JR.**

**UNITED STATES DITRICT JUDGE**

**End of Document**