## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-62769-SCOLA

THEODORE D'APUZZO, P.A.,
Individually and on Behalf of All
Others Similarly Situated,

        Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

        Defendant.
_____/

## DEFENDANT UNITED STATES OF AMERICA'S
## MOTION TO TAX COSTS

Defendant United States of America ("United States"), by and through the undersigned Assistant United States Attorney, pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(c), respectfully requests an order and judgment awarding the United States its taxable costs of **$1,388.25** incurred in defending this action. In support of the attached Bill of Costs,[1] Defendant states the following:

1. In this case, Plaintiff asserted three counts against the United States: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) illegal exaction. (ECF No. 14).

2. On June 27, 2019, the Court entered summary judgment in favor of the United States on Counts I and II and dismissed Count III for lack of subject matter jurisdiction. (ECF No. 99 at 16).

---

[1] The United States' Bill of Costs is attached hereto, as Exhibit A. The United States has also attached its supporting documentation for the taxable costs as Exhibit B.

3. The United States is entitled to a judgment for taxable costs against Plaintiff pursuant to Federal Rule of Civil Procedure 54(d)(1).  See United States EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) ("Prevailing parties are entitled to receive costs under Fed. R. Civ. P. 54(d)").  The United States is the prevailing party here for purposes of awarding costs under Rule 54(d).  See, e.g., Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (holding that defendants were the prevailing party and entitled to their costs where the court granted summary judgment in defendants' favor on plaintiff's federal claims).

4. As reflected in the chart below and the attached Bill of Costs, the United States seeks costs that are taxable under Rule 54(d)(1) for fees expended on necessary deposition transcripts.  See 28 U.S.C. § 1920(2).

5. "Taxation of deposition costs is authorized by § 1920(2).  See EEOC, 213 F.3d at 620.  Further, "[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [defendant] might need the deposition transcripts to cross-examine the witnesses, . . . and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bounds of discovery."  Id. at 621 (quotations and citation omitted).  In addition, court reporter attendance fees are taxable costs.  See Rodriguez v. M.I. Quality Lawn Maint., Inc., 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012 (collecting cases).

6. Here, the United States seeks to recover the costs associated with the depositions of Plaintiff and Wendell Skidgel.  Both Plaintiff and Mr. Skidgel were identified in the parties' Initial Disclosures as individuals likely to have discoverable information in the case, see Exhibit C hereto.  Additionally, the deposition transcripts were used in support of the parties' motions for summary judgment.  (ECF Nos. 65, 65-1; ECF Nos. 68, 68-6).  Thus, the United States seeks to

recover these deposition costs.

## UNITED STATES' ITEMIZED TAXABLE COSTS

| Deposition Costs | | |
|---|---|---|
| Fernandez and Associates | Theodore D'Apuzzo | $741.45 |
| Olender Reporting | Wendell Skidgel | $646.80 |
| | **TOTAL BALANCE** | **$1,388.25** |

WHEREFORE, the United States respectfully requests that the Court enter an order and judgment in favor of the United States and against Plaintiff awarding taxable costs in the amount of $1,388.25, and for any such further relief as the Court deems just and proper.

### Good Faith Certificate Pursuant to Local Rule 7.1(a)(3)

On July 22, 2019, the undersigned conferred with Plaintiff's counsel regarding the taxable costs in this case, but the parties were unable to reach agreement.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    /s/Alicia H. Welch
ALICIA H. WELCH
Assistant U.S. Attorney
Florida Bar No. 100431
Email: Alicia.Welch@usdoj.gov
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Tel: (954) 660-579