**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 16-CV-62769-SCOLA/OTAZO-REYES

THEODORE D'APUZZO, P.A.,
Individually and on Behalf of All
Others Similarly Situated,

        Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

        Defendant.

_____/

**DEFENDANT UNITED STATES OF AMERICA'S REPLY**
**IN SUPPORT OF MOTION TO TAX COSTS**

Defendant, United States of America ("United States"), hereby replies to Plaintiff's Response to the United States' Motion to Tax Costs (ECF No. 103) ("Response") and states in further support of its Motion to Tax Costs (ECF No. 100) ("Motion") as follows:

Plaintiff does not contest either the reasonableness of the costs sought by the United States or the United States' entitlement to those costs. *See* Response at ¶ 3.  The sole objection Plaintiff raises is that consideration of the Motion and/or execution of a judgment should be stayed pending Plaintiff's appeal, *see id*. at ¶ 4, which to date has not been filed.  Even if Plaintiff files a Notice of Appeal, however, Plaintiff has not provided any legal or factual basis to stay consideration of the Motion or execution of a judgment pending appeal.

The "regular practice" in the Southern District of Florida "is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." *TYR Tactical, LLC v. Protective Products Enterprises, LLC*, 2016 WL 10647252, at *1 (S.D. Fla. Nov. 16, 2016) (collecting cases).  While a trial judge has discretion to

stay consideration of a motion for costs where "the appellate issue is based upon a split of decisions between the Circuits, a case of first impression or should be stayed pending an imminent appellate decision on a similar legal issue," even in those instances, "a party must show a substantial likelihood of success on the merits of its appeal . . . to justify a stay of any proceeding, including a stay of resolution of a fee and cost motion." *Id*. (citations omitted).  Relatedly, "it is not an abuse of [the Court's] discretion . . . for a district court to deny a non-prevailing party's motion for stay where the non-prevailing party has not posted a supersedeas bond." *Id*. (quoting *Hartford Acc. & Indem. Co. v. Crum & Forster Specialty Ins. Co.*, 2012 WL 3291986, at *3 (S.D. Fla. Aug. 13, 2012)).  As the Court recognized in *Hartford Acc. & Indem. Co.*, "[i]ndulging in a presumption that the judgments and dismissals by this Court, after a thoroughly litigated and intensively briefed and argued case by very experienced lawyers may be reversed, is not sufficient to justify depriving a prevailing party of the determination of its entitlement to fees and costs and the protection of a supersedeas bond." *Hartford Acc. & Indem. Co.*, 2012 WL 3291986, at *4.

Here, Plaintiff has not satisfied its burden of establishing grounds to justify a stay of consideration of the Motion or execution of a judgment, particularly in light of the "regular practice" of this Court to deny such requests nor has Plaintiff posted a supersedeas bond in accord with Federal Rule of Civil Procedure 62 and Local Rule 62.1.  Accordingly, for the reasons set forth herein and in the United States' Motion to Tax Costs, the United States respectfully requests that the Court enter an order and judgment in favor of the United States and against Plaintiff awarding taxable costs in the amount of $1,388.25, and for any such further relief as the Court deems just and proper.

                                                Respectfully submitted,

                                                ARIANA FAJARDO ORSHAN

UNITED STATES ATTORNEY

By: <u>Alicia H. Welch</u>
ALICIA H. WELCH
Assistant U.S. Attorney
Florida Bar No. 100431
Email: Alicia.Welch@usdoj.gov
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL  33394
Tel: (954) 660-5792

*Counsel for Defendant United States of America*

3