UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-62769-CIV-SCOLA/OTAZO-REYES

THEODORE D'APUZZO, P.A.,
Individually and on Behalf of All
Others Similarly Situated,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant United States of America's ("Defendant") Motion to Tax Costs (hereafter, "Motion for Costs") [D.E. 100]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 101]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Costs be GRANTED.

## PROCEDURAL BACKGROUND

Plaintiff Theodore D'Apuzzo ("Plaintiff") brought this class action against Defendant alleging that he and others were improperly charged for access to judicial opinions on the Public Access to Court Records ("PACER") system. See First Am. Class Action Compl. [D.E. 1]. On June 27, 2019, the Court rules on the Parties' cross-motions for summary judgment. See Order on Motions for Summary Judgment [D.E. 99]. On July 30, 2019, the Court entered Judgment against Plaintiff and in favor of Defendant. See Judgment [D.E. 102].

On July 23, 2019, Defendant filed the instant Motion for Costs [D.E. 100]. On August 5, 2019, Plaintiff filed his Response to Defendant's Motion for Costs (hereafter, "Response") [D.E.

103]. On August 7, 2019, Defendant filed its Reply in Support of Motion for Costs (hereafter, "Reply") [D.E. 104]. On August 20, 2019, Plaintiff filed his Notice of Appeal [D.E. 105].

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995).

The prevailing party is required "to submit a request for costs that is sufficiently detailed to permit the court to determine what costs were actually incurred and whether the prevailing party is entitled to them." Nelson v. N. Broward Med. Ctr., No. 12-61867-CIV, 2014 WL 2195157, at *1 (S.D. Fla. May 27, 2014). When challenging whether costs are taxable, the non-prevailing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). A "[d]efendant must provide evidence to show that the costs it seeks are recoverable and were reasonably incurred."

TCC Air Servs., Inc. v. Schlesinger, No. 05-80543-CIV, 2009 WL 565516, at *6 (S.D. Fla. Mar. 5, 2009).

Title 28, United States Code, Section 1920 (hereafter, "Section 1920"), "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

Defendant requests an award of $1,388.25 for deposition costs as prevailing party in this case, including the transcription of two depositions and court reporter attendance fees. See Bill of Costs [D.E. 100-1]. There is no dispute that Defendant is the prevailing party in this action. Plaintiff does not object to the amount recoverable and requests only that the award of costs be addressed upon completion of his appeal. See Response [D.E. 103].

In light of Plaintiff's non-objection to the amount of costs, the undersigned finds them to be both reasonable and recoverable. With regard to Plaintiff's request to stay the costs award pending appeal, the "regular practice . . . is not to stay matters collateral to a final judgment,

3

principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." TYR Tactical, LLC v. Protective Prods. Enters, LLC, No. 15-cv-61741, 2016 WL 10647252 (S.D. Fla. Nov. 15, 2016) (quoting King Cole Condo. Ass'n v. QBE Ins. Corp., 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010)).

## CONCLUSION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs be GRANTED, and that Defendant be awarded **$1,388.25** in costs as prevailing party in this action.

The parties have **fourteen days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Judge Robert N. Scola, Jr., United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida on this 29th day of August, 2019.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Robert N. Scola, Jr.
Counsel of Record