```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
 2
                   CASE NO. 16-62769-CIV-SCOLA
 3
    THEODORE D'APUZZO, PA,
 4                                   Miami, Florida
                    Plaintiff(s),
 5                                   June 26, 2019
            vs.
 6
    United States of America,
 7
                    Defendant(s).
 8  -----------------------------------------------------------

 9                          HEARING
           BEFORE THE HONORABLE ROBERT N. SCOLA, JR.
10                 UNITED STATES DISTRICT JUDGE

11  APPEARANCES:

12  FOR THE PLAINTIFF(S):  Nicole W. Giuliano, Esquire
                           Douglas J. Giuliano, Esquire
13                         Giuliano Law, PA
                           121 South Orange Avenue
14                         Suite 1500
                           Orlando, Florida 32801
15


16
    FOR THE DEFENDANT(S):  Alicia H. Welch, Esquire
17                         United States Attorney's Office
                           500 East Broward Boulevard
18                         Seventh Floor
                           Fort Lauderdale, Florida 33394
19


20


21


22  REPORTED BY:           Tammy Nestor, RMR, CRR
                           Official Court Reporter
23                         400 North Miami Avenue
                           Miami, Florida 33128
24                         tammy_nestor@flsd.uscourts.gov

25
```

```
 1   Thereupon,
 2   the following proceedings began at 9:59 a.m.:
 3           THE COURT:  Good morning, everyone.  Our next case is
 4   the United States -- excuse me, Theodore D'Apuzzo versus United
 5   States.  Who is here on behalf of the plaintiff?
 6           MS. GIULIANO:  Good morning, Your Honor.  Nicole
 7   Giuliano for the plaintiff.  I'm joined by my co-counsel
 8   Douglas Giuliano.
 9           THE COURT:  Good morning.
10           On behalf of the United States?
11           MS. WELCH:  Good morning, Your Honor.  Alicia Welch on
12   behalf of the United States.  With me at counsel table is
13   William Meyers from the administrative office of the U.S.
14   courts.
15           THE COURT:  All right.  Good morning.
16           You can have a seat, please.
17           So we are here for arguments on both sides, cross
18   motions for summary judgment.
19           It's set for an hour, so each side has 30 minutes.  We
20   will have the plaintiff go first.  Do you want to reserve some
21   of your time for rebuttal?
22           MS. GIULIANO:  Yes, Your Honor.
23           THE COURT:  How much time?
24           MS. GIULIANO:  Ten minutes, Your Honor.
25           THE COURT:  Okay.
```

1           MS. GIULIANO:  Again, Your Honor, Nicole Giuliano for

2      the plaintiff, Theodore D'Apuzzo.  And thank you for the

3      opportunity today to have this hearing to further discuss our

4      case.

5           As you know, this case involves PACER, the public

6      access to the court's electronic records, which is a website

7      that we all use to access those records that are filed in

8      federal court.

9           Plaintiff has alleged that the government wrongfully

10     charged for access to opinions in violation of both the

11     government's contract with PACER customers and in violation of

12     statutes, specifically the E-Government Act and 28 U.S.C. 1913.

13          We have brought three counts.  First, for breach of

14     contract alleging that the government has breached that

15     contract with its customers.  Second, for a breach of the

16     implied covenant of good faith and fair dealing in the

17     government's execution of that contract.  And finally, for

18     illegal exaction which occurs when the government wrongfully

19     collects money in contravention of statute, regulation, or the

20     constitution.

21          The parties agree that there is no genuine issue of

22     material fact, and we have each submitted cross motions for

23     summary judgment.

24          So as the Court has requested, I would like to go

25     through each count and explain why plaintiff is entitled to

1    summary judgment.

2         THE COURT:  Okay.

3         MS. GIULIANO:  First, in discussing our breach of

4    contract claim, the government contends, with even the

5    preliminary foundation of this, they contend, first, that there

6    is actually no contract between PACER and its customers -- or

7    rather, the government and its customers as it relates to

8    PACER.

9         We find this argument untenable for a number of

10   reasons.  All of the trappings of a traditional contract are

11   present, offer, acceptance, consideration, and authority.  The

12   different websites of the court and the PACER website itself

13   offer to the public to come and register to be able to access

14   the federal courts documents.  Customers accept by signing up

15   on the PACER website where they are told that there will be no

16   access -- rather, that there will be no charge for accessing

17   opinions.

18        The customer signs up, they are issued a log-in and a

19   password, and they can put in their credit card to cover any

20   charges that they incur via PACER.  The consideration of the

21   transaction is the money for documents pursuant to the terms of

22   the contract.  The government says that all documents will cost

23   ten cents per page up to a maximum of three dollars per

24   transaction and that there will be no charge for opinions.

25        This court and other courts have clearly interpreted

```
 1   this as a contract.  In denying the motion to dismiss in this
 2   case, the court compared it to any other click-wrap contract
 3   that people use to sign up on the internet.  The court of
 4   federal claims in the Fisher case also found that a contractual
 5   relationship existed and found it difficult to understand the
 6   government's position that this is some other kind of
 7   agreement.  And finally, the government has also sued to
 8   collect moneys under this contract in the Redden case, for
 9   example.
10           Now, we are seeking summary judgment as to the
11   existence of a contract.  Now, we believe that the Court could
12   reach the ultimate merits and find that there has been a breach
13   of contract.  But the government has argued that there is
14   ambiguity as to the terms, and the Court, in denying class
15   certification, seemed to accept that argument.  And that's why
16   we haven't moved for a complete adjudication of Count~1,
17   because the case law says that if there is ambiguity, which we
18   don't necessarily agree with, but if there is ambiguity, the
19   Court is allowed to hear extrinsic evidence which may actually
20   require a trial or an evidentiary hearing.  This would be a
21   bench trial anyway, Your Honor.  So we believe there is enough
22   evidence before the Court, but that's why we haven't moved
23   completely on Count~1, because there is this disagreement as to
24   the ambiguity.  And actually also --
25           THE COURT:  But if I find that there was a contract,
```

1    then that would resolve that issue.  It would resolve the issue

2    of whether there would need to be a trial on that issue.

3          MS. GIULIANO:  We believe so, Your Honor.  The

4    government will argue with that point.  There is definitely a

5    contract here.

6          THE COURT:  No, but I'm saying if I find that there

7    was a contract.

8          MS. GIULIANO:  Absolutely, Your Honor.  If the Court

9    finds that there is a contract here, then there is a question

10   of what the terms of that contract were, whether they are

11   ambiguous or not, and you could hear further extrinsic evidence

12   as to the terms of that contract.  But I should note that any

13   ambiguity that the government argues as to Count~1 actually

14   plays into and creates liability under Count~2, which is our

15   claim for breach of the implied covenant of good faith and fair

16   dealing.

17         The government, like any private party, has an implied

18   obligation to ensure that the other party of the contract

19   receives the benefits of that contract.  Here the benefits of

20   that contract include free access to opinions.  We have alleged

21   that the government has breached that obligation of good faith

22   by entirely inconsistently applying the definition of what an

23   opinion is.  And even more so, in this very case, the

24   government has argued, and this is a direct quote from their

25   papers, fundamentally, it is unclear what constitutes an

1    opinion.  And they fall back on that as their sword and shield,

2    that nobody really knows what an opinion is so there can't be

3    liability here or there can't be any breach.

4          THE COURT:  So what if you sign up, say look, I will

5    pay for anything that is not an opinion, and the opinion is

6    whatever a judge thinks is an opinion.

7          MS. GIULIANO:  In sum, that's the government's

8    position, Your Honor.  But we have demonstrated through

9    hundreds upon hundreds of examples that it's not necessarily

10    what the court designated as opinion but an entire failure to

11    consistently apply that term of the contract.

12          They have advertised in different advertisements to

13    the public that opinions are free.  They have then put this

14    information on several of the court's websites, opinions are

15    free.  In the very sign-up, when people sign up for PACER, they

16    are told that opinions are free.  And more importantly, in the

17    fee schedule, which ultimately governs the terms of the

18    contract, it says that there is no charge --

19          THE COURT:  And it is true, therefore, that when a

20    judge says this piece of paper that I'm filing, I consider that

21    to be an opinion, then it is true that they don't have to

22    pay -- a user of PACER doesn't have to pay for it.  So any

23    document that is labeled an opinion -- it's not like somebody

24    says this is an opinion and PACER says I don't care, we are

25    still going to charge you, right?

1          MS. GIULIANO:  Yes, Your Honor.  I don't think we have

2     alleged in any case that chambers designated something as an

3     opinion, and it was later charged for.  Rather, what we have

4     demonstrated to the Court is -- this is what I should make

5     clear.  We are not attacking the individual judges or their

6     chambers for designating something as an opinion or not

7     designating something as an opinion.

8          What we are attacking is the system that the

9     government provided to the courts, the lack of guidance that

10    the government provided to the courts because our examples,

11    hundreds upon hundreds of examples, demonstrate that it's

12    completely lackadaisical.

13         And the government admits this.  They say not --

14    rather than defining that opinions will be free, they have

15    stated that whatever is free is an opinion, and everything else

16    we can pound sand for.

17         It would be like if you and I, for instance, were in a

18    contract to sell widgets.  And I tell you that the terms of the

19    contract are that all widgets are ten cents, but blue widgets

20    are free.  And then when you come to buy widgets from me, I go,

21    you know what, I'm the only one that can decide what blue

22    means, and what was blue yesterday is not necessarily blue

23    tomorrow.  And when you come to me with blue widgets and try to

24    get your money back, then I say, you know what, nobody really

25    knows what blue means anyway.

1          That the opinions would be free is a key term of the

2     contract.  Any ambiguity in the definition of opinions must be

3     construed against the drafter.  And further, the failure to

4     consistently apply any definition or find a workable definition

5     after the government received countless complaints about this

6     problem, this case has been pending for three years, and we

7     have continued to show, to demonstrate, that there is complete

8     arbitrariness, that it's wholly inconsistent.

9          One example I will give you, Your Honor, it's docket

10    entry 59-1.  It relates to our class arguments, which are not

11    set for hearing today, but it demonstrates this point quite

12    well.

13         During one week last year, the Southern District of

14    Florida issued 46 orders acting on or otherwise -- adopting or

15    otherwise acting upon reports and recommendations of the

16    magistrate judges.  None of those are available for free.  None

17    of the reports and recommendations that they cite to are

18    available for free.  And yet the official guidance from the

19    AO's office to the courts is that the definition of opinions is

20    expressly intended to cover reports and recommendations and

21    those orders adopting.

22         So in one week alone, the Southern District of Florida

23    produced 92 different documents which require a charge to

24    access and which continue to require a charge to access and

25    will continue to charge to access in perpetuity unless

1  meaningful change is brought.

2      Now, we believe and we have shown the Court that there

3  are actually objective guideposts that the Court can apply.

4  Like any contract, this Court can interpret it as a matter of

5  law.

6      The user manual for PACER defines an opinion as a

7  reasoned explanation explaining the Court's decision.

8  Plaintiff has provided hundreds of examples of documents that

9  are free via PACER versus documents that are not, and there is

10  absolutely no rhyme or reason.

11      We have shown you, for instance, ten examples of

12  orders granting summary judgment that are free and ten examples

13  of orders granting summary judgment that are not free.  And we

14  can take this even further and look at the actual orders that

15  my client was charged to access.  Take, for instance, Judge

16  Cohn's order which is at 14-1.  It's a three-page order denying

17  the parties' request for judicial notice.  It has findings of

18  fact.  It has case law.  And no one could reasonably argue that

19  it does not contain a reasoned explanation of the Court's

20  decision.

21      Compare, for instance, a contemporaneous order from

22  Judge Cohn, which is at 68-11.  It's a one-sentence order that

23  says because Rule 60 doesn't provide relief, the request is

24  denied.  That document, that one-pager, that one sentence is

25  free.  And the document that my client was charged for cost 30

1   cents.  It still costs 30 cents.  And if you or I –– not you,

2   Your Honor, but if I was to go access it, it would still cost

3   30 cents and continues to cost 30 cents.

4        If you look at Judge Jones's order which my client

5   paid 50 cents to access, it's a five-page order granting a

6   preliminary injunction.  It has findings of fact.  It has case

7   law.  Compare, for instance, a contemporaneous order from Judge

8   Jones which is at 68-12.  It is a one-sentence order returning

9   a party's passport to them.  That opinion is free.  And the

10  order granting preliminary injunction which has findings of law

11  is not.  And it cost 50 cents to access, continues to cost 50

12  cents to access.

13       And this as well as the hundreds of other examples we

14  have provided demonstrate that the government has wholly failed

15  to address this issue.  They are not applying any definite

16  definition, and they admit and use it as their defense that

17  there is this ambiguity.

18       No reasonable person could explain the inconsistency.

19  As a matter of law, this Court could find that it is completely

20  arbitrary, and, in fact, the government admits that.

21       Now, the government's argument as to this is that the

22  judges have complete and subjective discretion.

23       First, there is no factual basis for that.  The word

24  discretion is nowhere to be found.  The actual language from

25  the user manual and the AO's official guidance to the courts is

```
1   that it is the responsibility of the authoring judge to
2   designate the opinion.  Responsibility is not necessarily
3   discretion.  It simply tells us who actually makes the
4   designation, physically makes the designation.
5           But rather, the guidance tells us specific objective
6   guideposts that the Court should use in applying the
7   definition, that it is a reasoned statement explaining the
8   Court's decision, and that it is not a routine or
9   non-substantive order.
10          The AO gives the examples of scheduling orders, orders
11  granting motions for extension of time.  We know those aren't
12  opinions.  And then it gives specific examples such as the
13  reports and recommendations and the orders adopting those
14  reports and recommendations that allegedly are expressly
15  intended to be included and yet they are not.  And the
16  government's response to this is, well, nobody designated them
17  as opinions.  And again, we are not attacking the individual
18  judges.  We are attacking the system that the government
19  provides to the judges so that it can be applied consistently.
20          This is not an instance of one or two administrative
21  mistakes.  This is rampant arbitrariness.  This is complete and
22  utter lack of enacting any safeguards on a key term of the
23  contract.
24          The government, according to the Court of Federal
25  Claims in Timber Products versus the United States, the
```

1   government is under an obligation to exercise its discretion

2   reasonably and may not do so arbitrarily or capriciously.  As

3   we have argued, we don't think that discretion necessarily

4   needs to be read into this.  But to the extent that it is, to

5   the extent that the Court agrees that there is some leeway,

6   that decision must be exercised both reasonably and not

7   arbitrarily, otherwise it frustrates my client and other PACER

8   customers benefits under the contract.

9           Again, if there is any latent ambiguity as to what an

10  opinion is, it was the duty of the government to provide a

11  workable definition.  But instead, the government has only made

12  matters worse.  The government contends that there are over 200

13  versions of CM/ECF, that there are multiple ways in which

14  different courts designate an opinion.  I'm referring to

15  physically the box you click or what a user might see on their

16  end when they are docketing an opinion.

17          They have failed -- in deposition, their corporate

18  representative admitted that there hasn't been any meaningful

19  training to the courts, and there's been no memoranda or

20  further instruction to the courts since 2005.  So for 14 years,

21  they have continued to receive complaints on this issue.  Our

22  case has been pending for three years.  And yet the government

23  falls back on it's whatever we say it is.  We have compared it,

24  Your Honor, to Humpty Dumpty and Alice in Wonderland.  Words

25  mean what I say they mean.  Unfortunately, in the case of a

1    contract, that's just an untenable position.

2            And accordingly, we believe that the government has

3    wholly breached its covenant of good faith.  And even if the

4    Court doesn't reach a legal exaction, which I will continue to

5    discuss, the contract claims survive unto themselves.

6            Our third count is for a legal exaction.  As I have

7    discussed, that occurs when the government collects money from

8    people in contravention of the constitution, a statute or a

9    regulation.  Here we have alleged violations of two statutes,

10   whether taken together or in the alternative, the E-Government

11   Act and 28 U.S.C. 1913 which is the portion of the code that

12   requires the AO to maintain the fee schedule of reasonable

13   fees.  And that's at 37-1, Your Honor, the actual fee schedule.

14           The Court, in denying class certification, previously

15   seemed to accept the government's argument that the

16   E-Government Act did not mandate free opinions access.  They

17   are going to argue that it only mandates access to opinions.

18           THE COURT:  How much does it cost to join PACER?

19           MS. GIULIANO:  Nothing.

20           THE COURT:  Nothing.  So what if there was no such

21   thing as PACER, okay, and then we just had -- everything was

22   just filed electronically.  And then anytime anybody wanted to

23   access or get copies of something, you could click on it and it

24   would say this has been designated an opinion, it's free, you

25   get it for free, this has not been designated an opinion, it's

```
 1   going to cost you $10, and you are going to say I really don't
 2   want to pay $10 for that.
 3        So you are making a choice each time whether you want
 4   to buy it or not buy it.  And you are not really suffering
 5   anything whether the judge correctly or incorrectly labeled it
 6   as an opinion.
 7        Then you just decide, okay, so you join PACER, so --
 8   it's not like you are saying pay us $10,000 a year, a lump sum,
 9   and we will give you free all the opinions.  Anything that is
10   not an opinion, you pay a certain pennies per page.  Now you
11   have given up $10,000 thinking, well, look, I'm going to get
12   all these free opinions.  And when they are mislabeling them,
13   you are not getting the benefit of your bargain.  Okay.  But
14   what have you given up to say, okay, look, this judge
15   mislabeled that and I have to pay for this when I shouldn't pay
16   for it?
17        MS. GIULIANO:  Several things, Your Honor.  First,
18   your hypothetical flies in the face of the E-Government Act
19   which provides that all of these documents will be made
20   available electronically.  But opinions are actually called out
21   separately in the E-Government Act.
22        The subsection that discusses opinions is A5.  And it
23   says that the courts are required to furnish the public with
24   the substance of all written opinions.  Compare that to
25   subsequent subsections.  A6 requires the court to provide
```

1    access to documents which are filed at the courthouse.  And C1

2    later provides that we must -- that the courts must provide

3    access to the documents filed electronically.

4            If you read substance of all opinions not to be any

5    different than the other subsections, it renders it completely

6    superfluous.  By stating substance of those opinions, congress

7    was reinforcing the need for the public to access the rulings

8    of the court.  And there's obviously public policy there.

9            The common law of this --

10           THE COURT:  So you can't read those opinions without

11   paying for them?

12           MS. GIULIANO:  Right.  Basically what the government

13   is saying, Your Honor --

14           THE COURT:  If you are a member of PACER, can you read

15   the opinion online without paying?

16           MS. GIULIANO:  If it's designated for free, you can

17   click through, and it will be free when you click.  If it's not

18   designated for free, you have to pay to see it, to even see it.

19   And you don't know what you are going to see before you click

20   through.

21           But remember, Your Honor, PACER isn't just used by

22   lawyers and judges.  It's used by the public.  It's used by all

23   kind of different laypeople, by prisoners.  And the public

24   policy behind it is that the people should have -- should not

25   have to pay to know what the law is.  The common law of this

```
1    court out of all of the other federal courts sitting across the
2    country is the law of the land.  And my client nor anyone
3    should have to pay to know what the law is that they are
4    subject to, whether they are researching their own case to find
5    out what the judge did or researching another case that the
6    same judge or the same court or even on the same facts.
7              Congress intended for people to have free access to
8    what the law is.  And everything else in the E-Government Act
9    discusses that the documents will be accessible.
10             So as I have argued, that distinction, if you read
11   that subsection A5 to mean anything else, it renders it
12   completely superfluous and meaningless, and that's not how we
13   construe legislation.
14             I should also note, however, that even if this Court
15   finds -- we disagree, but even if this Court finds that the
16   E-Government Act did not mandate free access, that does not at
17   all foreclose our contract claims.  Whether or not the
18   E-Government Act mandated that, which we believe it did since
19   2005, the effective date of the E-Government Act, on that
20   effective date, the government began advertising free access to
21   opinions.  They put it on their website, free access to
22   opinions.  They put it in the sign-up when you sign up for
23   PACER, there's no charge for opinions.  And it's in the actual
24   fee schedule.  So it's obviously a significant term or it
25   wouldn't be mentioned at all.
```

 1              And here the government has continued to frustrate

 2      that, and now that we have brought them to court, falls back on

 3      this, well, nobody really knows what an opinion is.

 4              Moreover, Your Honor, I should also mention, as to

 5      legal exactions, we have discussed the E-Government Act, but we

 6      have also alleged that the government's collection of these

 7      moneys violates 28 U.S.C. 1913.  That portion of the code

 8      requires the AO to maintain a fee schedule of, quote,

 9      reasonable fees.  That exact fee schedule provides that there

10      will be no charge for written opinions.

11              My client has paid for opinions, and accordingly, we

12      have found that those resulted in illegal exactions.  But

13      again, Your Honor, our contract claims and our claims for

14      illegal exactions stand alone and are pled in the alternative.

15              Even if this Court should not reach the ultimate

16      question, we still find that there is absolutely arbitrariness,

17      there is need for reform, and the government has continued to

18      violate their obligations under the contract and under the

19      statute.

20              With that, unless the Court has any further questions,

21      I would like to yield the balance of my time.

22              THE COURT:  Okay.  Thank you.

23              MS. GIULIANO:  Thank you, Your Honor.

24              MS. WELCH:  Good morning, Your Honor.

25              THE COURT:  Good morning.

1            MS. WELCH:  United States is entitled to summary

2      judgment on each of plaintiff's three claims.  Before I get

3      into the legal argument, there are two overarching points that

4      bear on the argument with respect to each claim.  One is a

5      factual argument.  The second is a legal argument.

6            The first is that the plaintiff paid to access just

7      two orders on PACER that are at issue in this case.  The first

8      is on the screen now which is an order denying defendant's

9      request for judicial notice entered here in the Southern

10     District of Florida.  The plaintiff paid 30 cents to access

11     that order on November 3, 2016, which was 20 days before this

12     lawsuit was filed.

13            The second order is a five-page order.

14            Is the screen on, Your Honor?

15            THE COURT:  Yes.  It's fuzzy.

16            MS. WELCH:  That might be a resolution issue.

17            The second is a five-page order from the Western

18     District of Washington converting a TRO into a preliminary

19     injunction.  The plaintiff paid 50 cents for that order in

20     March of 2017 which was while this lawsuit was pending.  The

21     plaintiff did not report any billing errors associated with

22     these orders to the PACER service center, nor did it request a

23     credit or a refund for these orders.

24            You heard during argument from counsel and throughout

25     the summary judgment briefs that there are hundreds of other

1    orders.  And, in fact, there have been hundreds of other orders

2    filed in the docket amounting to over 3,000 pages of documents,

3    but the fact remains that these are the only two orders that

4    the plaintiff paid to access.  These are the two orders that

5    are at issue in this case.

6          The second overarching point, Your Honor, is that the

7    E-Government Act does not do two things that are important to

8    this case.  It does not create private contractual rights, and

9    it does not mandate free access to judicial opinions.

10         There has been language used in the briefing by the

11   plaintiff in this case that there's been a breach of statutory

12   obligation.  There can be no breach of a statutory obligation

13   premised on the E-Government Act because that law does not

14   create any private contractual rights.  There's no language in

15   that statute that suggests that.

16         And that's important because that means that the

17   breach of contract claim, Count~1, and the breach of the

18   covenant of good faith and fair dealing claim must be premised

19   on a contract, not a statute.  That E-Government Act does not

20   mandate free access to judicial opinions is important to

21   Count 3, the illegal exaction claim, because that means the

22   Court has no jurisdiction over that claim.

23         So those are the two overarching points that bear on

24   all of the government's arguments in this case.

25         Turning now to Count~1, breach of contract, Your

1    Honor, there's three reasons why that claim fails and summary
2    judgment should be awarded to the government.  The first is
3    there is no contract here.  The second is there is no breach of
4    that contract.  And the third is that plaintiff waived any
5    rights to a refund or credit of the 80 cents that it paid under
6    the contract.
7            With respect to the fact that there's no contract,
8    there are two reasons why there is no contract.  There's
9    insufficiently definite terms, and the consideration is
10   lacking.
11           Now, the plaintiff claims that it entered into a
12   contract with the government through the PACER online
13   registration process.  When the plaintiff registered for PACER,
14   it was -- he was presented with a screen that said judicial
15   opinions accessed via PACER will not generate charges.  The fee
16   schedule contains similar language, that no fee is charged for
17   access to judicial opinions.
18           When the plaintiff registered for PACER, the PACER
19   user manual stated, quote -- this is on the screen, Your Honor.
20   This is from the user manual.  -- written opinions have been
21   defined by the judicial conference as, quote, any document
22   issued by a judge or judges of the court sitting in that
23   capacity that sets forth a reasoned explanation for a court's
24   decision, end quote.  The responsibility for determining which
25   documents meet this definition rests with the authoring judge.

1          That was in the user manual on the website when the

2    plaintiff registered for PACER.  That language comes from the

3    guidance that was issued by the judicial conference.

4          The guidance repeats that same definition and states

5    as the very first qualifying point to that definition that the

6    responsibility for determining which documents meet the

7    definition rests with the authoring judge, and a determination

8    should be made at the time the document is filed.

9          So the guidance and the user manual do not just state

10   that the judge designates the document as an opinion.  It

11   states that the judge determines whether the document meets the

12   definition of an opinion.

13         When the Court denied class certification, in Your

14   Honor's order, you had this language, and the Court said that,

15   and this is on the screen, the official guidance with respect

16   to the definition of written opinion is inherently subjective.

17         That the E-Government Act is conspicuously silent

18   regarding what constitutes a written opinion and that the

19   guidance specifies that the responsibility of that

20   determination rests with the authoring judge, and finally, that

21   there is no list of documents that would make what an opinion

22   is objectively identifiable.

23         So there is essentially no objective guideposts by

24   which this Court can determine whether a breach has occurred.

25   There is no way to determine whether an order is an opinion

```
 1   that is not left up to the authority of the authoring judge to
 2   make that determination at the time the document is filed.  And
 3   so the offer to contract is insufficiently definite on this
 4   point, and so there is no valid contract.
 5          Now, the government submits --
 6          THE COURT:  I don't understand how it's not definite.
 7   To me, it's anytime a judge says this is an opinion, it's an
 8   opinion.  That's definite.  So you sign up.  You are saying, I
 9   understand, okay, that I am going to be relying on the judge to
10   author the opinion to determine if it is an opinion.  To me,
11   that's definite.
12          Now, you don't know what each judge is -- you can say,
13   okay, I know if the judge doesn't designate it, I'm going to
14   pay a certain amount per page.  And if the judge does
15   designate, I'm not going to pay.  To me, that's definite.
16          MS. WELCH:  So if that is the Court's interpretation
17   of the agreement, then in that case, when the judge determines
18   that a document is not an opinion, then that is the final word
19   on it.  And if that's what's occurred, then there can be no
20   breach when a judge has determined that a document is not an
21   opinion, which is what occurred in this case.
22          THE COURT:  But you are saying there's no contract.
23   How can there not be a contract?  You are saying, here, fill
24   this out, register, okay, and we will give you these for free
25   and these for a certain amount of money.  How does that not
```

1    create a contract?

2          MS. WELCH:  So on the point of insufficiently definite

3    terms, the reason that's not a contract is because when you

4    enter into a contract, there has to be a meeting of the minds

5    on the essential terms of that contract.

6          Here the plaintiff has made out that an essential term

7    of that contract is that judicial opinions are free.  But

8    fundamentally, what constitutes an opinion is up to the

9    authoring judge.  So there's no meeting of the minds, so to

10   speak, between the contracting parties as to an essential

11   term --

12         THE COURT:  You just pointed out in the manual where

13   they are being told this is our definition of opinion, based

14   upon what the authoring judge says.  Okay.  So that puts them

15   on notice, okay, sometimes I may agree with what the authoring

16   judge defines as an opinion, sometimes I won't.  But I

17   understand, okay, by clicking, I understand I'm going to pay 10

18   cents a page for these other things and I'm going to get free

19   those opinions that a judge says is an opinion.  Why isn't that

20   a contract?

21         MS. WELCH:  I mean, if that's the Court's

22   interpretation --

23         THE COURT:  No, that's a question.

24         MS. WELCH:  Our position, Your Honor, is that there is

25   no clear definite definition of what an opinion is because it

```
 1    is up to each authoring judge and that the opinion, what an
 2    opinion is, is an essential term of the contract.
 3            Now, if the Court construes that as giving the judges
 4    complete discretion, then in this case, and I can discuss this
 5    in a minute, then there's no breach of the contract here
 6    because that's exactly what happened with respect to the two
 7    orders that the plaintiff paid to access, is that the judges
 8    for those two orders did not designate those documents as
 9    opinions.
10            But there is a second reason why there is no contract
11    here, and that's because the consideration is lacking.
12            The government, as was pointed out in plaintiff's
13    argument, the plaintiff did not pay for registration fee or
14    anything to gain access to PACER.  So essentially, the promise
15    that judicial opinions would be free was a gratuitous
16    undertaking by the government.  There is no bargained-for
17    exchange there.  So that's the second reason why there's no
18    contract is because there is no consideration.  There was no
19    benefit that the government obtained through this purported
20    contract.
21            But I'll move into the breach argument now, Your
22    Honor, because the Court seems to be alluding to that, I think.
23            So in the government's summary judgment motion, we
24    asserted two facts that go to breach.  They are at paragraphs
25    22 and 23 of our statement of undisputed facts.
```

1          The first is that the order from the Southern District

2     of Florida was not docketed as an opinion in CM/ECF because it

3     was not designated as an opinion by the authoring judge or his

4     chambers staff.  And that was supported by the declaration of

5     the clerk of court for the Southern District of Florida whose

6     staff docketed that order.

7          The second fact is that the order from the Western

8     District of Washington was not coded as an opinion in CM/ECF

9     because it was not designated as an opinion by the authoring

10    judge.  That fact was also supported by the declaration of the

11    clerk of court from the Western District of Washington whose

12    staff docketed that order.

13         The plaintiff did not dispute those two facts, Your

14    Honor.  And it is the authoring judge's determination that

15    controls whether an order meets the definition of an opinion at

16    the time the document is filed.  So there is no dispute here,

17    there's no countervailing evidence that the authoring judges

18    actually did not designate those two orders that the plaintiff

19    paid for as opinions.

20         The plaintiff seems to concede as much in their

21    briefing, and Ms. Giuliano stated this as well during argument,

22    that the plaintiff's position is not that the authoring judges

23    committed a breach of contract by not designating the two

24    rulings that the plaintiff paid for.  Rather, it goes on to say

25    they contend that it was a breach of the implied covenant of

1    good faith and fair dealing.

2          So based on that, Your Honor, the government submits

3    that summary judgment should be awarded in favor of the

4    government on Count 1 for breach of an express or implied

5    contract because there is no dispute on the evidence that the

6    judges actually did not designate those two orders as opinions.

7    They did not designate them as opinions at the time that they

8    were filed.

9          Now, on Count~2, breach of the implied covenant of

10   good faith and fair dealing, of course if there is no contract,

11   which we contend there is not for the reasons I have already

12   stated including the lack of consideration, then there can be

13   no breach of an implied covenant of good faith and fair

14   dealing.  But even if the Court would were to find a contract,

15   there is still no breach of the implied covenant of good faith

16   and fair dealing.

17         I would like to just briefly read the standard from

18   the court of federal claims for this type of a claim because I

19   think that it's illuminating in this case.  In Baystar

20   Mechanical, Inc. versus United States, 128 Fed Claim 504 Court

21   of Claims 2016, the Court of federal claims said that rather

22   than deriving solely from the express terms, the implied duty

23   is based upon the parties' reasonable expectations of the

24   contract.  Because the implied duty of good faith and fair

25   dealing is premised upon protecting reasonable expectations,

```
 1    any particular obligations imposed by the duty will be limited

 2    by the governing contract.  More specifically, the implied duty

 3    cannot expand a party's contractual duties beyond those in the

 4    express contract or create duties inconsistent with the

 5    contract's provisions.

 6         Now, the plaintiffs claim for breach of the implied

 7    covenant of good faith and fair dealing has been a moving

 8    target throughout this case, Your Honor.  In the amended

 9    complaint, which is at ECF No. 14 in paragraph 67, the

10    plaintiff said that the breach of implied covenant of good

11    faith and fair dealing was premised upon the fact that the

12    government did not promulgate a different definition of

13    judicial opinion from that we have seen in the guidance or,

14    quote, otherwise implement safeguards to ensure free access to

15    judicial opinions.

16         Now, I asked Mr. D'Apuzzo at deposition what

17    safeguards the government was supposed to implement, how did

18    the government breach the contract, in other words.  And this

19    is Mr. D'Apuzzo's deposition testimony.

20         The question was, so what safeguard should be

21    implemented?

22         The answer was, I mean, there could be, I don't know,

23    a training course for judges.  There could be an overview

24    process.  There could be another box that says are you a

25    magistrate, and if the answer is yes, it cannot be charged.  I
```

mean, it could be any number of things.  The sky is the limit

for finding a reasonable way of fixing this problem, I think.

So it was still somewhat unclear what exactly the

government did that constituted a breach of the implied

covenant of good faith and fair dealing.

The one specific we knew at that time was that the

government should have adopted a different definition of

opinion.  But if the Court finds in this case that there is a

contract, then one of the terms of that contract is the

definition that we have already been discussing that was in the

user manual, that was in the guidance at the time that the

parties entered into the purported contract.

The breach of implied covenant of good faith and fair

dealing cannot be premised upon a term that is inconsistent

with what's in the contract itself.  So to say that we breached

by failing to adopt a term that is different from the term on

which the parties agreed fundamentally cannot constitute a

breach of the implied covenant of good faith and fair dealing.

The other thing that the plaintiff has said in

briefing is that somehow the manner by which documents are

designated as opinions within CM/ECF is a breach of the implied

covenant of good faith and fair dealing.  But the government's

representative Mr. Skidgel testified at deposition there are

only two ways that opinions are designated within CM/ECF.

One is by the prompt which is what I believe is still

1    used in the Southern District of Florida where a box comes up

2    that you can check if a document is an opinion or not.  And the

3    other is a silent method where opinions are designated based on

4    events.  So, for example, an order on a motion for summary

5    judgment is automatically designated as an opinion.

6         Those are the only two methods by which you can

7    designate an opinion in CM/ECF.  So I hardly think that having

8    two different ways that this can be done can constitute a

9    breach of the implied covenant of good faith and fair dealing.

10        The plaintiff has also said that the government should

11   have had trainings or seminars for judges and their law clerks

12   or additional memoranda on this topic.  Mr. Skidgel also

13   testified at deposition that the courts in the Southern

14   District of Florida and the Western District of Washington,

15   which are the courts that issued the orders the plaintiff

16   accessed, explained to chambers and the court's office staff

17   their procedures for marking documents as opinions so they are

18   not charged for in PACER.  And I also believe that in the

19   Southern District of Florida, there are internal operating

20   procedures for this that are referenced in Mr. Larimore's

21   declaration in the case.

22        Now, the crux of the breach of implied covenant of

23   good faith and fair dealing claim has morphed into this

24   argument that there are all of these orders in the system.  And

25   some of them are designated as opinions and some of them

1    aren't.  So it's an arbitrary process and it's frustrated the

2    plaintiff from gaining the benefits of the contract.

3           Your Honor, the problem with this argument is that

4    it's not anchored in the plaintiff's claims themselves.  As I

5    said at the beginning of this case, the plaintiff paid to

6    access two orders.

7           But more than that, Your Honor, the evidence in this

8    case shows that the plaintiff had no intention of accessing all

9    of these other hundreds of orders that have been filed in the

10   docket in this case.

11          The breach of implied covenant of good faith and fair

12   dealing has to frustrate, and this is in Your Honor's order

13   denying the motion to dismiss, must frustrate the other

14   parties' rights to the benefit of the contract.  That's at

15   ECF28 at page 6.

16          The plaintiff -- there's no evidence here that the

17   plaintiff wanted access to all of those other orders that were

18   filed in this case but was frustrated from doing that because

19   they were charged for orders.  In fact, he testified that the

20   only reason he accessed all of those other orders was because

21   his lawyers told him to.  He accessed them at the direction of

22   counsel during this litigation.

23          Unfortunately, the plaintiff's attorneys are not the

24   plaintiff in this case.  They are not the party in this case.

25   Mr. D'Apuzzo had no intention of accessing all of those other

1   orders.  It was his lawyers who told him to.  And that's in his

2   deposition testimony that we filed with the Court, Your Honor.

3         These other orders were not part of the initial

4   complaint.  They were not part of the amended complaint.  They

5   first showed up in connection with the motion for class

6   certification.  All these other orders were actually first

7   attached to a declaration of plaintiff's counsel detailing how

8   searches were conducted to find these orders, and that

9   declaration was withdrawn after I asked to take the plaintiff's

10  attorney's depositions and was replaced by a declaration from

11  Mr. D'Apuzzo himself wherein he said, I accessed these other

12  orders in March of 2018.

13        So what I asked him at deposition why did you access

14  these other orders, he said I did it at the direction of my

15  attorneys.

16        So the breach of implied covenant of good faith and

17  fair dealing claim, to the extent that its premised on all of

18  these hundreds of other orders, should fail because it did not

19  deprive the plaintiff of any benefit under the contract.

20        Turning to the third count, which is illegal exaction,

21  it's plaintiff's burden to establish jurisdiction over this

22  claim, as it always is.  The federal circuit has said in Norman

23  versus United States, 429 F.3d 1080, Federal Circuit 2005, that

24  the plaintiff must identify a substantive statute that provides

25  either expressly or by necessary implication a monetary remedy

1  for the alleged exaction.  Demonstrating that money was

2  improperly paid, exacted, or taken is necessary but not

3  sufficient to establish jurisdiction for an illegal exaction

4  claim.  The claimant must demonstrate, this is also from

5  Norman, that the statute or provision causing the exaction

6  itself provides either expressly or by necessary implication

7  that the remedy for its violation entails a return of money

8  unlawfully exacted.

9       Now, the E-Government Act, as the Court has already

10  recognized, provides that the Court must create websites that

11  contain certain information.  Some of that information includes

12  the access to the substance of all written opinions issued by

13  the Court regardless of whether such opinions are to be

14  published in the official court reporter in a text searchable

15  format.

16       This language does not mandate free access to judicial

17  opinions, as the Court has already recognized in the order

18  denying class certification, and it doesn't do so by

19  implication either.  The fact that the act says that the

20  substance of all written opinions must be provided is because

21  only opinions must be text searchable on the court websites

22  under the E-Government Act.  That's why the word substance is

23  there.

24       The plaintiff has pointed to no legislative history to

25  suggest that congress intended for there to be free access to

1    judicial opinions.  And also, Your Honor, opinions were

2    actually free in PACER before the E-Government Act.  Going back

3    as far as 1998, there was free access to judicial opinions.

4           So the judiciary did not start issuing PACER

5    announcements touting free assess to judicial opinions because

6    of the E-Government Act.  Those opinions had been free for a

7    good while.  The E-Government Act simply stated that the

8    substance of those opinions needs to be text searchable on

9    court websites.

10          The plaintiff has also argued that the fee schedule

11   which was issued pursuant to 28 U.S.C. 1913 provides the

12   requisite statutory basis for jurisdiction over the illegal

13   exaction claim.  That is not correct.  28 U.S.C. 1913 gives the

14   judicial the authority to set and collect fees.  It says

15   nothing about PACER.  It says nothing about free access to

16   judicial opinions.

17          The fee schedule itself is not a statute,

18   constitutional provision, or regulation, so it too cannot

19   provide the required jurisdictional underpinning for the

20   illegal exaction claim.

21          But even if the Court were to find that it has

22   jurisdiction over that claim, there has been no illegal

23   exaction because, as we discussed earlier, the judges in this

24   case did not designate the orders at issue as opinions.  So the

25   80 cents that the plaintiff paid for those orders was not

1    illegally exacted.

2         Now, I mentioned earlier waiver.  If the Court were to

3    find a breach of a contract or an illegal exaction, it's the

4    government's contention that the plaintiff waived any right to

5    a refund or a credit.

6         When the plaintiff accessed the two orders at issue in

7    this case, he saw transaction receipts for those orders.  Those

8    transaction receipts reflected an amount due for each order, 30

9    cents and 50 cents respectively.  This was before he accessed

10   the order.  He then clicked that he accepted the charges

11   associated with those orders, and at that point he gained

12   access to the orders.

13        Now, the plaintiff testified at deposition that he had

14   actually read one of those orders in its entirety before he

15   paid for it from PACER because he had written the motion

16   associated with that order, so he got the first free click

17   thing.  So he had read it.  He knew what was in it.  He knew it

18   was substantive.

19        The other order, he had some sense it was substantive

20   because it had to do with a related case.  For both orders, he

21   knew they weren't designated as opinions before he clicked on

22   them because the transaction receipts reflected a charge.  But

23   he went ahead and he accepted those charges.  He didn't call

24   PACER and say, hey, I think these should be free.  He didn't do

25   any of that.

1              But then after he accepted the charges and gained

2       access to the orders and got his bill, he never reported any

3       billing errors to the PACER service center.  And in the PACER

4       policies and procedures which the plaintiff agreed to when he

5       registered for PACER, it states there, I must alert the PACER

6       service center to any errors in billing within 90 days of the

7       date of the bill.  He didn't do that, Your Honor.  In fact,

8       he -- and here's -- this is also the PACER user manual, if

9       there is an error on your bill, you must submit to the credit

10      request form.  He didn't do that.

11             What he did was he paid for the order from the

12      Southern District of Florida on November 3, 2016, and 20 days

13      later he filed the lawsuit.  Then with respect to the other

14      order from the Western District of Washington, he paid for that

15      order actually during this litigation.  And he testified at

16      deposition that he knew that he was improperly charged for

17      these orders before he filed this lawsuit.

18             So I asked him, well, then why didn't you call the

19      PACER service center and report any errors in the billing?

20             And he said, it's a matter of utility.  How much time

21      am I going to spend calling, possibly getting a runaround on

22      the phones trying to dispute a bill that's on a system versus

23      paying the dollar and moving on with my life?

24             And even after he received the bill, he said he still

25      didn't report it because he said that it's too time consuming.

1   You need the orders.  What's the utility of battling over

2   potentially 30 cents on the phone with someone versus moving

3   on, you know, billable time I can't charge the client.  It's

4   time out of my own schedule.  And then he went on to make an

5   assumption about cross-referencing items.

6        So essentially, he knew he had been improperly charged

7   for these orders.  He did not report them to the PACER service

8   center because he felt it would be a waste of his time, it

9   would be too time consuming, and he couldn't bill his clients.

10  And he did that despite knowing, believing he had been

11  improperly charged and knowing that the PACER policies and

12  procedures say you must alert the PACER service center to any

13  errors in your bill within 90 days.  Instead, he moved forward

14  with this lawsuit, Your Honor.

15       So on that basis, we submit to the Court that should

16  you find breach or illegal exaction, that the plaintiff waived

17  his right to recover the 80 cents that he paid for.

18       Your Honor, unless the Court has any questions, I can

19  end there and sum up that the government is entitled to summary

20  judgment on all three claims in this case.

21       THE COURT:  All right.  Thank you.

22       MS. GIULIANO:  Good morning again, Your Honor.  I will

23  try to move through several points as expeditiously as

24  possible.

25       First, let me clarify a factual discrepancy.

```
 1    Ms. Welch stated that my client accessed one of these opinions

 2    during litigation.  The opinion was accessed during litigation,

 3    but as the complaint alleges, it was first accessed prior to

 4    litigation.  We are certainly not alleging that standing was

 5    created after filing.  That five-page opinion from Judge Jones

 6    was accessed on November 3, 2016, as the amended complaint

 7    states, and the order from Judge Cohn was accessed in August of

 8    2016.  This case was filed on November 22, 2016.

 9            Second, as to this point on inherent subjectivity,

10    this Court found in denying class certification that there was

11    some inherent subjectivity as to the definition.

12            I should take a moment to remind the Court that there

13    is a pending motion for reconsideration, which I know is not

14    set for hearing today, but the arguments overlap in so much as

15    we have alleged that there are objective guideposts.

16            This Court stated in that order that the government

17    could have provided, for instance, a list of documents which

18    are supposed to be free.  But the government did provide a list

19    of documents.  The actual guidance from the AO says that it's a

20    reasoned explanation -- or rather, explaining the Court's

21    decision, that it's not routine or non-substantive, that it's

22    not a scheduling order, and that it is expressly intended to

23    include certain documents including those reports and

24    recommendations we have talked about.

25            The government would have you believe that expressly
```

 1   intended does not mean expressly intended.  And again, we get

 2   into an argument about semantics.

 3        Your Honor suggested that whatever a judge says an

 4   opinion is a definite guidepost, but I would remind Your Honor

 5   of the example I gave.  I cannot as a party to a contract say

 6   that a term of the contract is whatever I say it is.  Moreover,

 7   we have given ten examples -- we have given hundreds of

 8   examples, but for instance, those ten granting summary judgment

 9   and those ten granting summary judgment that are not free.

10   Essentially what we are saying is that what a judge says is

11   free today may not be free tomorrow.

12        And recall also the example I gave about the 46

13   reports and recommendations.  That's 46 documents in one week

14   in one court alone that are, according to the AO, expressly

15   intended to be free.

16        And I will offer another example, and I don't offer

17   this to harass the Court or to point any fingers, but the order

18   denying the motion to dismiss in this case is a free opinion.

19   The order denying class certification is not.  You have to pay

20   to access it.

21        Now, again, that's not to point out that Your Honor or

22   your chambers has done anything wrong but to point out that the

23   system that the government uses to designate these opinions is

24   wholly inconsistent.

25        THE COURT:  So part of your argument relating to the

1   breach of the covenant of good faith, you are saying that the

2   government failed to -- or the Court failed to enact better or

3   different definitions of opinion.  Do you have any cases where

4   a court or the government, any government agent, was found to

5   have breached an implied covenant of good faith by not enacting

6   regulations or legislation with that specific guidance?

7          MS. GIULIANO:  Your Honor, in the case of Timber

8   Products versus the United States, the court of federal claims

9   found that the government had to apply discretion in that

10   contract reasonably and not capriciously.  And that's what's

11   happening here.

12          We don't offer these examples -- this is an important

13   point.  Ms. Welch made a big deal about my client accessing all

14   of those hundreds of other orders because I told him to.  To be

15   clear, those other hundreds and hundreds of examples that we

16   gave are not to create standing or necessarily point out

17   liability as to a breach of the contract itself, but rather, to

18   demonstrate the breach of the implied covenant of good faith.

19   Without those examples, I could not explain to Your Honor how

20   rampant this problem is.

21          My client did access them under my direction because I

22   can't testify in this case.  The Court could take judicial

23   notice of the documents.  We certainly could stipulate to the

24   fact that they are free or not free.  But the point is that

25   yesterday in the Southern District of Florida you might have to

 1   pay for a ten-page document titled opinion, and tomorrow you
 2   might be able to access a different ten-page document titled
 3   opinion for free.
 4          And if there is no rhyme or reason, it was the
 5   government's obligation when it undertook that obligation in
 6   the contract to apply the definition consistently.
 7          Next, Your Honor, I would also like to discuss this
 8   issue of waiver.  The government arguments that my client
 9   somehow waived by clicking through and paying for these
10   documents.
11          First, my client testified that at the time he
12   accessed these documents, he was not aware of the issue with
13   free opinions access.  Waiver requires knowing and voluntary
14   waiver of one's rights.
15          Now, the government can't just rip people off because
16   they don't know that they are being ripped off.  Moreover, a
17   person can't voluntarily waive by paying when the payment in
18   and of itself is a violation of statute, here the E-Government
19   Act.  You can't say just because I was told to pay and I paid
20   under some kind of duress or ignorance that there is not a
21   breach because I paid anyway.
22          Moreover, there is no voluntary waiver here because
23   the only way for plaintiff to access those documents was to
24   click through and pay at that moment.  Now, the government goes
25   on and on, he should have called the PACER service center, but

1    in discovery we learned that calling the PACER service center

2    will in most cases just get you someone parroting back that it

3    is the discretion of the judge.  You are told to stop

4    everything, you are told to submit a written detailed

5    explanation of your dispute, or you are told to call chambers.

6          Could you imagine, Your Honor, the futility of a

7    layperson or a prisoner or a reporter or even a lawyer

8    encountering a document that should have been free and then

9    taking time out of their day or in the case of a layperson or

10   someone else not even knowing what to do calling chambers to

11   tell you that an order you issued three years ago, that judge

12   may not even be sitting anymore, should have been free?

13         Other courts have found that this is not a billing

14   error.  In the National Veterans' case, moreover, the court

15   found that this administrative, this supposed administrative

16   remedy was futile.  And accordingly, my client could not have

17   knowingly waived.

18         Moreover, I would like to discuss Count~2.  Ms. Welch

19   argues the court of federal claims case that says that the

20   obligation can't be derived solely from the express terms but

21   also from one's reasonable expectations under the contract.

22         Here we have alleged that the government has not only

23   violated the express terms of the contract, but also that no

24   reasonable person could have expected for these documents not

25   to be free or could distinguish between what is free and what

1    isn't.  So not only have they failed to apply a consistent

2    definition or in the alternative adopt a modified definition,

3    they failed again to give any meaningful guidance to the courts

4    or to safeguard against this.

5         It's not plaintiff's burden to necessarily find the

6    solution to this problem, but we have suggested many, many

7    different kinds of solutions.  For one, everything that the

8    Court states could be free, or it could be at the event level.

9         Ms. Welch alluded to the fact that there are generally

10   two different ways which these documents are physically

11   designated.  One is what we call the clicky box, that someone

12   clicks a box and says yes, this is an opinion.  And the other

13   is this automatic way at the event level.

14        The fact that there are even two different ways

15   demonstrates the inconsistency and arbitrariness of the

16   contract.  But moreover, the examples that we have given show

17   that the box or the automatic or whatever is happening does not

18   result in a consistent and nonarbitrary result.  It's clear

19   that this isn't a question of a judge saying I think this is an

20   opinion or I'm not sure this is an opinion.  This is wide scale

21   rampant administrative failure.  And that's why the government

22   has breached its violation of good faith and fair dealing.

23        Next, as to illegal exaction, Ms. Welch discusses that

24   it must be an express violation of the statute or necessarily

25   implied.

1          Here the phrase substance of all written opinions is

2     express.  She argues without much factual basis that that only

3     requires it to be text searchable.  That actual language isn't

4     present.  Again, Your Honor, as we have argued, if you read it

5     that way, it renders the entire subsection superfluous.  All

6     documents are accessible via PACER whether they be filed here

7     or somewhere else or electronically.  Written opinions, the

8     substance of those written opinions, was meant to be freely

9     accessible.

10          But again, even if Your Honor doesn't reach that under

11     the E-Government Act, they are still to consider U.S.C. 1913

12     which requires the AO to adopt and maintain the reasonable fees

13     under the fee schedule which they have failed to do.  And

14     moreover, there is a contract here that the government has

15     failed to uphold its obligations.

16          If I may, Your Honor, I would just like to confer with

17     co-counsel for a moment to be sure I have covered everything.

18          THE COURT:  Sure.

19          MS. GIULIANO:  If I could just take a moment.

20          The only thing additionally, Your Honor, I will

21     mention on the issue of waiver, we find that the government's

22     position is inconsistent.  First they say that my client or

23     other PACER customers should call the PACER service center and

24     haggle with them or call chambers and say that this should have

25     been designated as free, but then they fall back on this

1  backwards definition of whatever was designated as free is

2  free.  That's very different, Your Honor, from saying opinions

3  will be available for free.  And now their position is whatever

4  is free is an opinion.

5        The government cannot continue to lackadaisically

6  apply that term of the contract in violation of the

7  E-Government Act and the U.S. Code.  And for those reasons, we

8  would respectfully request that the Court grant summary

9  judgment in favor of the plaintiff.

10        THE COURT:  All right.  Thank you.

11        MS. GIULIANO:  Thank you, Your Honor.

12        THE COURT:  Thank you both for your excellent

13  presentations.  I'm going to take this under advisement.  I

14  will get the order out in the next several days hopefully.

15  Thank you.  We will be in recess.

16        (Thereupon, the hearing concluded at 11:07 a.m.)

17                         - - -

18                  C E R T I F I C A T E

19        I hereby certify that the foregoing is an

20  accurate transcription of the proceedings in the

21  above-entitled matter.

22  8/30/19              s/ Tammy Nestor
                         Tammy Nestor, RMR, CRR
23                       Official Court Reporter
                         400 North Miami Avenue
24                       Miami, Florida 33128
                         tammy_nestor@flsd.uscourts

25

MS. GIULIANO: [18]  2/6
2/22 2/24 3/1 4/3 6/3 6/8 7/7
8/1 14/19 15/17 16/12 16/16
18/23 37/22 40/7 44/19
45/11
MS. WELCH: [8]  2/11 18/24
19/1 19/16 23/16 24/2 24/21
24/24
THE COURT: [26]  2/3 2/9
2/15 2/23 2/25 4/2 5/25 6/6
6/4 7/19 14/18 14/20 16/10
16/14 18/22 18/25 19/15
23/6 23/22 24/12 24/23
37/21 39/25 44/18 45/10
45/12

$
$10 [2]  15/1 15/2
$10,000 [2]  15/8 15/11

1
10 [1]  24/17
1080 [1]  32/23
11 [1]  10/22
11:07 [1]  45/16
12 [1]  11/8
121 [1]  1/13
128 [1]  27/20
14 [2]  13/20 28/9
14-1 [1]  10/16
1500 [1]  1/14
16-62769-CIV-SCOLA [1]
1/2
19 [1]  45/22
1913 [6]  3/12 14/11 18/7
34/11 34/13 44/11
1998 [1]  34/3

2
20 [2]  19/11 36/12
200 [1]  13/12
2005 [3]  13/20 17/19 32/23
2016 [6]  19/11 27/21 36/12
38/6 38/8 38/8
2017 [1]  19/20
2018 [1]  32/12
2019 [1]  1/5
22 [2]  25/25 38/8
23 [1]  25/25
26 [1]  1/5
28 [5]  3/12 14/11 18/7 34/11
34/13

3
3,000 [1]  20/2
30 [8]  2/19 10/25 11/1 11/3
11/3 19/10 35/8 37/2
32801 [1]  1/14
33128 [2]  1/23 45/24
33394 [1]  1/18
37-1 [1]  14/13

4
400 [2]  1/23 45/23
429 [1]  32/23
46 [3]  9/14 39/12 39/13

5
50 [5]  11/5 11/11 11/11
19/19 35/9
500 [1]  1/17
504 [1]  27/20
59-1 [1]  9/10

6
60 [1]  10/23
67 [1]  28/9
68-11 [1]  10/22
68-12 [1]  11/8

8
8/30/19 [1]  45/22
80 [5]  21/5 34/25 37/17

9
90 [2]  36/6 37/13
92 [1]  9/23
9:59 [1]  2/2

A
a.m [2]  2/2 45/16
A5 [2]  15/22 17/11
A6 [1]  15/25
able [2]  4/13 41/2
about [8]  9/5 34/15 34/15
37/5 38/24 39/2 39/12 40/13
above [1]  45/21
above-entitled [1]  45/21
absolutely [3]  6/8 10/10
18/16
accept [3]  4/14 5/15 14/15
acceptance [1]  4/11
accepted [3]  35/10 35/23
36/1
access [48]  3/6 3/7 3/10 4/13
4/16 6/20 9/24 9/24 9/25
10/15 11/2 11/5 11/11 11/12
14/16 14/17 14/23 16/1 16/3
16/7 17/7 17/16 17/20 17/21
19/6 19/10 20/4 20/9 20/20
21/17 25/7 25/14 28/14 31/6
31/17 32/13 33/12 33/16
33/25 34/3 34/15 35/12 36/2
39/20 40/21 41/2 41/13
41/23
accessed [13]  21/15 30/16
31/20 31/21 32/11 35/6 35/9
38/1 38/2 38/3 38/6 38/7
41/12
accessible [3]  17/9 44/6 44/9
accessing [4]  4/16 31/8
31/25 40/13
according [2]  12/24 39/14
accordingly [3]  14/2 18/11
42/16
accurate [1]  45/20
across [1]  17/1
act [23]  3/12 14/11 14/16
15/18 15/21 17/8 17/16
17/18 17/19 18/5 20/7 20/13
20/19 22/17 33/9 33/19
33/22 34/2 34/6 34/7 41/19
44/11 45/7
acting [2]  9/14 9/15
actual [6]  10/14 11/24 14/13
17/23 38/19 44/3

actually [3]  8/1 26/13 30/3
6/13 10/3 12/3 15/20 26/18
27/6 32/6 34/2 35/14 36/15
additional [1]  30/12
additionally [1]  44/20
address [1]  11/15
adjudication [1]  5/16
administrative [5]  2/13 12/20
42/15 42/15 43/21
admit [1]  11/16
admits [2]  8/13 11/20
admitted [1]  13/18
adopt [3]  29/16 43/2 44/12
adopted [1]  29/7
adopting [3]  9/14 9/21 12/13
advertised [1]  7/12
advertisements [1]  7/12
advertising [1]  17/20
advisement [1]  45/13
after [5]  9/5 32/9 36/1 36/24
38/5
again [10]  3/1 12/17 13/9
18/13 37/22 39/1 39/21 43/3
44/4 44/10
against [1]  9/3 43/4
agent [1]  40/4
ago [1]  42/11
agree [3]  3/21 5/18 24/15
agreed [2]  29/17 36/4
agreement [2]  5/7 23/17
agrees [1]  13/5
ahead [1]  35/23
alert [2]  36/5 37/12
Alice [1]  13/24
Alicia [2]  1/16 2/11
all [30]  2/15 3/7 4/10 4/22
8/19 15/9 15/12 15/19 15/24
16/4 16/22 17/1 17/17 17/25
20/24 30/24 31/8 31/17
31/20 31/20 32/6 32/17
33/12 33/20 37/20 37/21
40/13 44/1 44/5 45/10
alleged [8]  3/9 6/20 8/2 14/9
18/6 33/1 38/15 42/22
allegedly [1]  12/14
alleges [1]  38/3
alleging [2]  3/14 38/4
allowed [1]  5/19
alluded [1]  43/9
alluding [1]  25/22
alone [3]  9/22 18/14 39/14
already [4]  27/11 29/10 33/9
33/17
also [18]  5/4 5/7 5/24 17/14
18/4 18/6 26/10 30/10 30/12
30/18 33/4 34/1 34/10 36/8
39/12 41/7 42/21 42/23
alternative [3]  14/10 18/14
43/2
always [1]  32/22
am [2]  23/9 36/21
ambiguity [8]  5/14 5/17 5/18
5/24 6/13 9/2 11/17 11/17 13/9
ambiguous [1]  6/11
amended [3]  28/8 32/4 38/6
America [1]  1/6
amount [3]  23/14 23/25 35/8
amounting [1]  20/2
anchored [1]  30/1

another [3]  17/5 28/24 39/16
answer [2]  28/22 28/25
any [34]  4/19 5/2 6/12 6/17
7/3 7/22 8/2 9/2 9/4 10/4
11/15 12/22 13/9 13/18 16/4
18/20 19/21 20/14 21/4
21/21 28/1 29/1 32/19 35/4
35/25 36/2 36/6 36/19 37/12
37/18 39/17 40/3 40/4 43/3
anybody [1]  14/22
anymore [1]  42/12
anyone [1]  17/2
anything [6]  7/5 15/5 15/9
17/11 25/14 39/22
anyway [3]  5/21 8/25 41/21
AO [6]  12/10 14/12 18/8
38/19 39/14 44/12
AO's [2]  9/19 11/25
APPEARANCES [1]  1/11
applied [1]  3/12
apply [7]  7/11 9/4 10/3 40/9
41/6 43/1 45/6
applying [3]  6/22 11/15 12/6
arbitrarily [2]  13/2 13/7
arbitrariness [4]  9/8 12/21
18/16 43/15
arbitrary [2]  11/20 31/1
are [96]  2/17 3/7 4/10 4/15
4/18 5/10 6/10 7/13 7/14
7/16 7/16 7/24 8/5 8/8 8/19
8/19 8/20 9/10 9/16 9/17
10/3 10/9 10/9 10/12 10/13
11/15 12/14 12/15 12/17
12/18 13/12 13/13 13/16
14/17 15/1 15/3 15/4 15/8
15/12 15/13 15/20 15/23
16/1 16/14 16/19 17/3 17/4
18/14 19/3 19/7 19/25 20/3
20/4 20/5 20/7 20/23 21/8
23/8 23/22 23/23 24/7 24/13
25/24 28/24 29/20 29/23
29/24 30/3 30/6 30/15 30/17
30/19 30/20 30/24 30/25
31/23 31/24 33/13 38/4
38/15 38/18 39/9 39/10
39/14 40/1 40/16 40/24
41/16 42/3 42/4 42/5 43/9
43/10 43/14 44/6 44/11
aren't [2]  12/11 31/1
argue [3]  6/4 10/18 14/17
argued [5]  6/13 6/24 13/3
17/10 34/10 44/4
argues [3]  6/13 42/19 44/2
argument [16]  4/9 5/15 11/21
14/15 19/3 19/4 19/5 19/5
19/24 25/13 25/21 26/21
30/24 31/3 39/2 39/25
arguments [5]  2/17 9/10
20/24 38/14 41/8
as [73]  3/5 3/24 4/7 5/1 5/10
5/14 5/23 6/12 6/13 7/1 7/10
8/2 8/6 8/7 10/4 10/6 11/13
11/13 11/16 11/19 11/21
12/12 12/17 13/2 13/9 14/6
14/21 15/6 17/10 18/4 21/21
22/5 22/10 24/10 24/16 25/3
25/8 25/12 26/2 26/3 26/6

as... [32]  26/9 26/19 26/20
26/21 27/6 27/7 29/21 30/5
30/17 30/25 31/4 32/22 33/9
33/17 34/3 34/3 34/23 34/24
35/21 37/23 37/23 38/3 38/6
38/9 38/11 38/14 39/5 40/17
43/23 44/4 44/25 45/1
asked [4]  28/16 32/9 32/13
36/18
asserted [1]  25/24
assess [1]  34/5
associated [3]  19/21 35/11
35/16
assumption [1]  37/5
attached [1]  32/7
attacking [4]  8/5 8/8 12/17
12/18
attorney's [2]  1/17 32/10
attorneys [2]  31/23 32/15
August [1]  38/7
author [1]  23/10
authoring [14]  12/1 21/25
22/7 22/20 23/1 24/9 24/14
24/15 25/1 26/3 26/9 26/14
26/17 26/22
authority [3]  4/11 23/1 34/14
automatic [2]  43/13 43/17
automatically [1]  30/5
available [4]  9/16 9/18 15/20
45/3
Avenue [3]  1/13 1/23 45/23
awarded [2]  21/2 27/3
aware [1]  41/12

**B**

back [7]  7/1 8/24 13/23 18/2
34/2 42/2 44/25
backwards [1]  45/1
balance [1]  18/21
bargain [1]  15/13
bargained [1]  25/16
bargained-for [1]  25/16
based [4]  24/13 27/2 27/23
30/3
Basically [1]  16/12
basis [4]  11/23 34/12 37/15
44/2
battling [1]  37/1
Baystar [1]  27/19
be [71]  4/13 4/15 4/16 4/24
5/20 6/2 7/2 7/3 7/21 8/14
8/17 9/1 9/2 11/24 12/15
12/19 13/4 13/6 15/19 16/4
16/17 17/9 17/25 18/10
19/16 20/12 20/18 21/2 22/8
23/9 23/19 23/23 24/4 25/15
25/22 27/3 27/12 28/1 28/20
28/22 28/23 28/24 28/25
29/1 29/14 30/8 33/13 33/20
33/21 33/25 34/8 35/24 37/8
37/9 38/18 39/11 39/15
40/14 41/2 42/12 42/20
42/25 43/8 43/8 43/24 44/3
44/6 44/8 44/17 45/3 45/15
bear [2]  19/4 20/23
because [35]  5/17 5/23 8/10
10/23 20/13 20/16 20/21
24/3 24/25 25/6 25/11 25/18

27/24 31/18 31/20 32/18
33/20 34/5 34/23 35/15
35/20 35/22 36/25 37/8
40/14 40/21 41/15 41/19
41/21 41/22
been [21]  5/12 9/6 13/18
13/19 13/22 14/24 14/25
20/1 20/10 20/11 21/20 28/7
29/10 31/9 34/6 34/22 37/6
37/10 42/8 42/12 44/25
before [10]  1/9 5/22 16/19
19/2 19/11 34/2 35/9 35/14
35/21 36/17
began [2]  2/2 17/20
beginning [1]  31/5
behalf [3]  2/5 2/10 2/12
behind [1]  16/24
being [2]  24/13 41/16
believe [9]  5/11 5/21 6/3 10/2
14/2 17/18 29/25 30/18
38/25
believing [1]  37/10
bench [1]  5/21
benefit [4]  15/13 25/19 31/14
32/19
benefits [4]  6/19 6/19 13/8
31/2
better [1]  40/2
between [3]  4/6 24/10 42/25
beyond [1]  28/3
big [1]  40/13
bill [7]  36/2 36/7 36/9 36/22
36/24 37/9 37/13
billable [1]  37/3
billing [5]  19/21 36/3 36/6
36/19 42/13
blue [6]  8/19 8/21 8/22 8/22
8/23 8/25
both [5]  2/17 3/10 13/6 35/20
45/12
Boulevard [1]  1/17
box [6]  13/15 28/24 30/1
43/11 43/12 43/17
breach [40]  3/13 3/15 4/3
5/12 6/15 7/3 20/11 20/12
20/17 20/17 20/25 21/3
22/24 23/20 25/5 25/21
25/24 26/23 26/25 27/4 27/9
27/13 27/15 28/6 28/10
28/18 29/4 29/13 29/18
29/21 30/9 30/22 31/11
32/16 35/3 37/16 40/1 40/17
40/18 41/21
breached [6]  3/14 6/21 14/3
29/15 40/5 43/22
briefing [3]  20/10 26/21
29/20
briefly [1]  27/17
briefs [1]  19/25
brought [3]  3/13 10/1 18/2
Broward [1]  1/17
burden [2]  32/21 43/5
buy [3]  8/20 15/4 15/4

**C**

C1 [1]  16/1
call [6]  35/23 36/18 42/5
43/11 44/23 44/24
called [2]  15/20 41/25

can [22]  2/16 4/19 8/16 8/21
10/3 10/4 10/14 12/19 16/14
16/16 20/12 22/24 23/12
23/19 23/23 25/4 27/12 30/2
30/6 30/8 30/8 37/18
can't [9]  7/2 7/3 16/10 37/3
40/22 41/15 41/17 41/19
42/20
cannot [7]  28/3 28/25 29/14
29/17 34/18 39/5 45/5
capacity [1]  21/23
capriciously [2]  13/2 40/10
card [1]  4/19
care [1]  7/24
case [46]  1/2 2/3 3/4 3/5 5/2
5/4 5/8 5/17 6/23 8/2 9/6
10/18 11/6 13/22 13/25 17/4
17/5 19/7 20/5 20/8 20/11
20/24 23/17 23/21 25/4
27/19 28/8 29/8 30/21 31/5
31/8 31/10 31/18 31/24
31/24 34/24 35/7 35/20
37/20 38/8 39/18 40/7 40/22
42/9 42/14 42/19
cases [2]  40/3 42/2
causing [1]  33/5
center [9]  19/22 36/3 36/6
36/19 37/8 37/12 41/25 42/1
44/23
cents [18]  4/23 8/19 11/1
11/1 11/3 11/3 11/5 11/11
11/12 19/10 19/19 21/5
24/18 34/25 35/9 35/9 37/2
37/17
certain [5]  15/10 23/14 23/25
33/11 38/23
certainly [2]  38/4 40/23
certification [7]  5/15 14/14
22/13 32/6 33/18 38/10
39/19
certify [1]  45/19
chambers [8]  8/2 8/6 26/4
30/16 39/22 42/5 42/10
44/24
change [1]  7/1
charge [11]  4/16 4/24 7/18
7/25 9/23 9/24 9/25 17/23
18/10 35/22 37/3
charged [11]  3/10 8/3 10/15
10/25 21/16 28/25 30/18
31/19 36/16 37/6 37/11
charges [5]  4/20 21/15 35/10
35/23 36/1
check [1]  30/2
choice [1]  15/3
circuit [2]  32/22 32/23
cite [1]  7/17
CIV [1]  1/2
claim [18]  4/4 6/15 19/4
20/17 20/18 20/21 20/22
21/1 27/18 27/20 28/6 30/23
32/17 32/22 33/4 34/13
34/20 34/22
claimant [1]  33/4
claims [15]  5/4 12/25 14/5
17/17 18/13 18/13 19/2
21/11 27/18 27/21 27/21
31/4 37/20 40/8 42/19

class [8]  5/14 9/10 14/14
22/13 32/5 33/18 38/10
39/19
clear [4]  8/5 24/25 40/15
43/18
clearly [1]  4/25
clerk [2]  26/5 26/11
clerks [1]  30/11
click [8]  5/2 13/15 14/23
16/17 16/17 16/19 35/16
41/24
click-wrap [1]  5/2
clicked [2]  35/10 35/21
clicking [2]  24/17 41/9
clicks [1]  43/12
clicky [1]  43/13
client [14]  10/15 10/25 11/4
13/7 17/2 18/11 37/3 38/1
40/13 40/21 41/8 41/11
42/16 44/22
clients [1]  37/9
CM [6]  13/13 26/2 26/8
29/21 29/24 30/7
CM/ECF [6]  13/13 26/2 26/8
29/21 29/24 30/7
co [2]  2/7 44/17
co-counsel [2]  2/7 44/17
code [3]  14/11 18/7 45/7
coded [1]  26/8
Cohn [2]  10/22 38/7
Cohn's [1]  10/16
collect [2]  5/8 34/14
collection [1]  18/6
collects [2]  3/19 14/7
come [3]  4/13 8/20 8/23
comes [2]  22/2 30/1
committed [1]  26/23
common [2]  16/9 16/25
Compare [3]  10/21 11/7
15/24
compared [2]  5/2 13/23
complaint [5]  28/9 32/4 32/4
38/3 38/6
complaints [2]  9/5 13/21
complete [5]  5/16 9/7 11/22
12/21 25/4
completely [5]  5/23 8/12
11/19 16/5 17/12
concede [1]  26/20
concluded [1]  45/16
conducted [1]  32/8
confer [1]  44/16
conference [2]  21/21 22/3
congress [3]  16/6 17/7 33/25
connection [1]  32/5
consider [2]  7/20 44/11
consideration [6]  4/11 4/20
21/9 25/11 25/18 27/12
consistent [2]  43/1 43/18
consistently [4]  7/11 9/4
12/19 41/6
conspicuously [1]  22/17
constitute [1]  29/17 30/8
constituted [1]  29/4
constitutes [1]  6/25 22/18
24/8
constitution [1]  3/20 14/8
constitutional [1]  34/18

48

construe [1]  17/13
construed [1]  9/3
construes [1]  25/3
consuming [2]  36/25 37/9
contain [2]  10/19 33/11
contains [1]  21/16
contemporaneous [2]  10/21 11/7
contend [3]  4/5 26/25 27/11
contends [2]  4/4 13/12
contention [1]  35/4
continue [4]  9/24 9/25 14/4 45/5
continued [4]  9/7 13/21 18/1 18/17
continues [2]  11/3 11/11
contract [85]  3/11 3/14 3/15 3/17 4/4 4/6 4/10 4/22 5/1 5/2 5/8 5/11 5/13 5/25 6/5 6/7 6/9 6/10 6/12 6/18 6/19 6/20 7/11 7/18 8/18 8/19 9/2 10/4 12/23 13/8 14/1 14/5 17/17 18/13 18/13 18/20 20/17 20/19 20/25 21/3 21/4 21/6 21/7 21/8 21/12 23/3 23/4 23/22 23/23 24/1 24/3 24/4 24/5 24/7 24/20 25/2 25/5 25/10 25/18 25/20 26/23 27/5 27/10 27/14 27/24 28/2 28/4 28/18 29/9 29/9 29/12 29/15 31/2 31/14 32/19 35/3 39/5 39/6 40/10 40/17 41/6 42/21 42/23 43/16 44/14 45/6
contract's [1]  28/5
contracting [1]  24/10
contractual [4]  5/4 20/8 20/14 28/3
contravention [2]  3/19 14/8
controls [1]  26/15
converting [1]  19/18
copies [1]  14/23
corporate [1]  13/17
correct [1]  34/13
correctly [1]  15/5
cost [8]  4/22 10/25 11/2 11/3 11/11 11/11 14/18 15/1
costs [1]  11/1
could [21]  5/11 6/11 10/18 11/18 11/19 14/23 28/22 28/23 28/24 29/1 38/17 40/19 40/22 40/23 42/6 42/16 42/24 42/25 43/8 43/8 44/19
couldn't [1]  37/9
counsel [6]  2/7 2/12 19/24 31/22 32/7 44/17
count [13]  3/25 5/16 5/23 6/13 6/14 14/6 20/17 20/21 20/25 27/4 27/19 32/20 42/18
Count 3 [1]  20/21
countervailing [1]  26/17
countless [1]  9/5
country [1]  17/2
counts [1]  3/13
course [2]  27/10 28/23
court [73]  1/1 1/22 3/8 3/24 4/12 4/25 5/2 5/3 5/11 5/14

10/3 10/4 11/19 12/6 12/24 13/5 14/4 14/14 15/25 16/8 17/1 17/6 17/14 17/15 18/2 18/15 18/20 20/22 21/22 22/13 22/14 22/24 25/3 25/22 26/5 26/11 27/14 27/18 27/20 27/21 29/8 32/2 33/9 33/10 33/13 33/14 33/17 33/21 34/9 34/21 35/2 37/15 37/18 38/10 38/12 38/16 39/14 39/17 40/2 40/4 40/8 40/22 42/14 42/19 43/8 45/8 45/23
court's [10]  3/6 7/14 10/7 10/19 12/8 21/23 23/16 24/21 30/16 38/20
courthouse [1]  16/1
courts [17]  2/14 4/14 4/25 8/9 8/10 9/19 11/25 13/14 13/19 13/20 15/23 16/2 17/1 30/13 30/15 42/13 43/3
covenant [21]  3/16 6/15 14/3 20/18 26/25 27/9 27/13 27/15 28/7 28/10 29/5 29/13 29/18 29/22 30/9 30/22 31/11 32/16 40/1 40/5 40/18
cover [2]  4/19 9/20
covered [1]  44/17
create [6]  20/8 20/14 24/1 28/4 33/10 40/16
created [1]  38/5
creates [1]  6/14
credit [5]  4/19 19/23 21/5 35/5 36/9
cross [2]  2/17 3/22 37/5
cross-referencing [1]  37/5
CRR [2]  1/22 45/22
crux [1]  30/22
customer [1]  4/18
customers [7]  3/11 3/15 4/6 4/7 4/14 13/8 44/23

## D

D'APUZZO [6]  1/3 2/4 3/2 28/16 31/25 32/11
D'Apuzzo's [1]  28/19
date [3]  17/19 17/20 36/7
day [1]  42/9
days [5]  19/11 36/6 36/12 37/13 45/14
deal [1]  40/13
dealing [19]  3/16 6/16 20/18 27/1 27/10 27/14 27/16 27/25 28/7 28/11 29/5 29/14 29/18 29/22 30/9 30/23 31/12 32/17 43/22
decide [2]  8/21 15/7
decision [6]  10/7 10/20 12/8 13/6 21/24 38/21
declaration [6]  26/4 26/10 30/21 32/7 32/9 32/10
Defendant [2]  1/7 1/16
defendant's [1]  19/8
defense [1]  11/16
defined [1]  21/21
defines [2]  10/6 24/16
defining [1]  8/14
definite [10]  11/15 21/9 23/3 23/6 23/8 23/11 23/15 24/2

definitely [1]  6/4
definition [25]  6/22 9/2 9/4 9/4 9/19 11/16 12/7 13/11 21/25 22/4 22/25 22/7 22/12 22/16 24/13 24/25 26/15 28/12 29/7 29/10 38/11 41/6 42/3 42/2 45/1
definitions [1]  40/3
demonstrate [5]  8/11 9/7 11/14 33/4 40/18
demonstrated [2]  7/8 8/4
demonstrates [2]  9/11 43/15
Demonstrating [1]  33/1
denied [2]  10/24 22/13
denying [10]  5/1 5/14 10/16 14/14 19/8 31/13 33/18 38/10 39/18 39/19
deposition [9]  13/17 28/16 28/19 29/23 30/13 32/2 32/13 35/13 36/16
depositions [1]  32/10
deprive [1]  32/19
derived [1]  42/20
deriving [1]  27/22
designate [11]  12/2 13/14 23/13 23/15 25/8 26/18 27/6 27/7 30/7 34/24 39/23
designated [18]  7/10 8/2 12/16 14/24 14/25 16/16 16/18 26/3 26/9 29/21 29/24 30/3 30/5 30/25 35/21 43/11 44/25 45/1
designates [1]  22/10
designating [3]  8/6 8/7 26/23
designation [2]  12/4 12/4
despite [1]  37/10
detailed [1]  42/4
detailing [1]  32/7
determination [4]  22/7 22/20 23/2 26/14
determine [3]  22/24 22/25 23/10
determined [1]  23/20
determines [2]  22/11 23/17
determining [2]  21/24 22/6
did [25]  14/16 17/5 17/16 17/18 19/21 19/22 25/8 25/13 26/13 26/18 27/6 27/7 28/12 28/17 29/4 32/13 32/14 32/18 34/4 34/24 36/11 37/7 37/10 38/18 40/21
didn't [6]  35/23 35/24 36/7 36/10 36/18 36/25
different [16]  4/12 7/12 9/23 13/14 16/5 16/23 28/12 29/7 29/16 30/8 40/3 41/2 43/7 43/10 43/14 45/2
difficult [1]  5/5
direct [1]  6/24
direction [3]  31/21 32/14 40/21
disagree [1]  17/15
disagreement [1]  5/23
discovery [1]  42/1
discrepancy [1]  37/25
discretion [8]  11/22 11/24 12/3 13/11 13/3 25/4 40/9

discuss [5]  3/3 14/5 25/4 41/7 42/18
discussed [3]  14/7 18/5 34/23
discusses [3]  15/22 17/9 43/23
discussing [2]  4/3 29/10
dismiss [3]  5/1 31/13 39/18
dispute [5]  26/13 26/16 27/5 36/22 42/5
distinction [1]  17/10
distinguish [1]  42/25
DISTRICT [18]  1/1 1/1 1/10 9/13 9/22 19/10 19/18 26/1 26/5 26/8 26/11 30/1 30/14 30/14 30/19 36/12 36/14 40/25
do [12]  2/20 13/2 20/7 22/9 33/18 35/20 35/24 36/7 36/10 40/3 42/10 44/13
docket [3]  9/9 20/2 31/10
docketed [3]  26/2 26/6 26/12
docketing [1]  13/16
document [15]  7/23 10/24 10/25 21/21 22/8 22/10 22/11 23/2 23/18 23/20 26/16 30/2 41/1 41/2 42/8
documents [28]  4/14 4/21 4/22 9/23 10/8 10/9 15/19 16/1 16/3 17/9 20/2 21/25 22/6 22/21 25/8 29/20 30/17 38/17 38/19 38/23 39/13 40/23 41/10 41/12 41/23 42/24 43/10 44/6
does [13]  10/19 14/18 17/16 20/7 20/8 20/9 20/13 20/19 23/14 23/25 33/16 39/1 43/17
doesn't [6]  7/22 10/23 14/4 23/13 33/18 44/10
doing [1]  31/18
dollar [1]  36/23
dollars [1]  4/23
don't [13]  5/18 7/21 7/24 8/1 13/3 15/1 16/19 23/6 23/12 28/22 39/16 40/12 41/16
done [2]  30/8 39/22
Douglas [2]  1/12 2/8
drafter [1]  9/3
due [1]  35/8
Dumpty [1]  13/24
duress [1]  41/20
during [7]  9/13 19/24 26/21 31/22 36/15 38/2 38/2
duties [2]  23/8 28/4
duty [5]  13/10 27/22 27/24 28/1 28/2

## E

E-Government [22]  3/12 14/10 14/16 15/18 15/21 17/8 17/16 17/18 17/19 18/5 20/7 20/13 20/19 22/17 33/9 33/22 34/2 34/6 34/7 41/18 44/11 45/7
each [9]  2/19 3/22 3/25 15/3 19/2 19/4 23/12 25/1 35/8
earlier [2]  34/23 35/2
East [1]  1/17

ECF [7]  13/13 26/2 26/8 28/9
29/21 29/24 30/7
ECF28 [1]  31/15
effective [2]  17/19 17/20
either [3]  32/25 33/6 33/19
electronic [1]  3/6
electronically [4]  14/22 15/20
16/3 44/7
else [5]  8/15 17/8 17/11
42/10 44/7
enact [1]  40/2
enacting [2]  12/22 40/5
encountering [1]  42/8
end [3]  13/16 21/24 37/19
enough [1]  5/21
ensure [2]  6/18 28/14
entails [1]  33/7
enter [1]  24/4
entered [3]  19/9 21/11 29/12
entire [2]  7/10 44/5
entirely [1]  6/22
entirety [1]  35/14
entitled [4]  3/25 19/1 37/19
45/21
entry [1]  9/10
error [2]  36/9 42/14
errors [5]  19/21 36/3 36/6
36/19 37/13
Esquire [3]  1/12 1/12 1/16
essential [4]  24/5 24/6 24/10
25/2
essentially [4]  22/23 25/14
37/6 39/10
establish [2]  32/21 33/3
even [17]  4/4 6/23 10/14
14/3 16/18 17/6 17/14 17/15
18/15 27/14 34/21 36/24
42/7 42/10 42/12 43/14
44/10
event [2]  43/8 43/13
events [1]  30/4
everyone [1]  2/3
everything [6]  8/15 14/21
17/8 42/4 43/7 44/17
evidence [7]  5/19 5/22 6/11
26/17 27/5 31/7 31/16
evidentiary [1]  5/20
exact [1]  18/9
exacted [3]  33/2 33/8 35/1
exaction [14]  3/18 14/4 14/6
20/21 32/20 33/1 33/3 33/5
34/13 34/20 34/23 35/3
37/16 43/23
exactions [3]  18/5 18/12
18/14
exactly [2]  25/6 29/3
example [6]  5/9 9/9 30/4
39/5 39/12 39/16
examples [15]  7/9 8/10 8/11
10/8 10/11 10/12 11/13
12/10 12/12 39/7 39/8 40/12
40/15 40/19 43/16
excellent [1]  45/12
exchange [1]  25/17
excuse [1]  2/4
execution [1]  3/17
exercise [1]  13/1
exercised [1]  13/6

existence [1]  5/11
expand [1]  28/3
expectations [3]  27/23 27/25
42/21
expected [1]  42/24
expeditiously [1]  37/23
explain [3]  3/25 11/18 40/19
explained [1]  30/16
explaining [3]  10/7 12/7
38/20
explanation [5]  10/7 10/19
21/23 38/20 42/5
express [7]  27/4 27/22 28/4
42/20 42/23 43/24 44/2
expressly [8]  9/20 12/14
32/25 33/6 38/22 38/25 39/1
39/14
extension [1]  12/11
extent [3]  13/4 13/5 32/17
extrinsic [2]  5/19 6/11

**F**

F.3d [1]  32/23
face [1]  15/18
fact [16]  3/22 10/18 11/6
11/20 20/1 20/3 21/7 26/7
26/10 28/11 31/19 33/19
36/7 40/24 43/9 43/14
facts [4]  17/6 25/24 25/25
26/13
factual [4]  11/23 19/5 37/25
44/2
fail [1]  32/18
failed [8]  11/14 13/17 40/2
40/2 43/1 43/3 44/13 44/15
failing [1]  29/16
fails [1]  21/1
failure [3]  7/10 9/3 43/21
fair [19]  3/16 6/15 20/18 27/1
27/10 27/13 27/16 27/24
28/7 28/11 29/5 29/13 29/18
29/22 30/9 30/23 31/11
32/17 43/22
faith [24]  3/16 6/15 6/21 14/3
20/18 27/1 27/10 27/13
27/15 27/24 28/7 28/11 29/5
29/13 29/18 29/22 30/9
30/23 31/11 32/16 40/1 40/5
40/18 43/22
fall [2]  7/1 44/25
falls [2]  13/23 18/2
far [1]  34/3
favor [2]  27/3 45/9
Fed [1]  27/20
federal [1]  3/8 4/14 5/4
12/24 17/1 27/18 27/21
32/22 32/23 40/8 42/19
fee [12]  7/17 14/12 14/13
17/24 18/8 18/9 21/15 21/16
25/13 34/10 34/17 44/13
fees [4]  14/13 18/9 34/14
44/12
felt [1]  37/8
filed [17]  3/7 14/22 16/1 16/3
19/12 20/2 22/8 23/2 26/16
27/8 31/9 31/18 32/2 36/13
36/17 38/8 44/6
filing [2]  7/20 38/5
fill [1]  23/23

finally [3]  3/17 5/7 22/20
find [15]  4/9 5/12 5/25 6/6
9/4 11/19 17/4 18/16 27/14
32/8 34/21 35/3 37/16 43/5
44/21
finding [1]  29/2
findings [3]  10/17 11/6 11/10
finds [4]  6/9 17/15 17/15
29/8
fingers [1]  39/17
first [18]  2/20 3/13 4/3 4/5
11/23 15/17 19/6 19/7 21/2
22/5 26/1 32/5 32/6 35/16
37/25 38/3 41/11 44/22
Fisher [1]  5/4
five [4]  11/5 19/13 19/17
38/5
five-page [4]  11/5 19/13
19/17 38/5
fixing [1]  29/2
flies [1]  15/18
Floor [1]  1/18
FLORIDA [16]  1/1 1/4 1/14
1/18 1/23 9/14 9/22 19/10
26/2 26/5 30/1 30/14 30/19
36/12 40/25 45/24
flsd.uscourts [1]  45/24
flsd.uscourts.gov [1]  1/24
following [1]  4/23
foreclose [1]  17/17
foregoing [1]  45/19
form [1]  36/10
format [1]  33/15
Fort [1]  1/18
forth [1]  21/23
forward [1]  37/13
found [9]  5/4 5/5 11/24 18/12
38/10 40/4 40/9 42/13 42/15
foundation [1]  4/5
free [63]  6/20 7/13 7/15 7/16
8/14 8/15 8/20 9/1 9/16 9/18
10/9 10/12 10/13 10/25 11/9
14/16 14/24 14/25 15/9
15/12 16/16 16/17 16/18
17/7 17/16 17/20 17/21 20/9
20/20 23/24 24/7 24/18
25/15 28/14 33/16 33/25
34/2 34/3 34/5 34/6 34/15
35/16 35/24 38/18 38/9
39/11 39/11 39/15 39/18
40/24 40/24 41/3 41/13 42/8
42/12 42/25 42/25 43/8
44/25 45/1 45/2 45/3 45/4
freely [1]  44/8
frustrate [3]  18/1 31/12 31/13
frustrated [2]  31/1 31/18
frustrates [1]  13/7
fundamentally [3]  6/25 24/8
29/17
furnish [1]  15/23
further [6]  3/3 6/11 9/3 10/14
13/20 18/20
futile [1]  42/16
futility [1]  42/6
fuzzy [1]  19/15

**G**

gain [1]  25/14
gained [2]  35/11 36/1

gave [3]  39/5 39/12 40/16
generally [1]  43/9
generate [1]  21/15
genuine [1]  3/21
get [9]  8/24 14/23 14/25
15/11 19/2 24/18 39/1 42/2
45/14
getting [2]  15/13 36/21
Giuliano [7]  1/12 1/12 1/13
2/7 2/8 3/1 26/21
give [4]  9/9 15/9 23/24 43/3
given [5]  15/11 15/14 39/7
39/7 43/16
gives [3]  12/10 12/12 34/13
giving [1]  25/3
go [5]  2/20 3/24 8/20 11/2
25/24
goes [2]  26/24 41/24
going [14]  7/25 14/17 15/1
15/1 15/11 16/19 23/9 23/13
23/15 24/17 24/18 34/2
36/21 45/13
good [33]  2/3 2/6 2/9 2/11
2/15 3/16 6/15 6/21 14/3
18/24 18/25 20/18 27/1
27/10 27/13 27/15 27/24
28/7 28/10 29/5 29/13 29/18
29/22 30/9 30/23 31/11
32/16 34/7 37/22 40/1 40/5
40/18 43/22
got [2]  35/16 36/2
governing [1]  28/2
government [84]  3/9 3/12
3/14 3/18 4/4 4/7 4/22 5/7
5/13 6/4 6/13 6/17 6/21 6/24
8/9 8/10 8/13 9/5 11/14
11/20 12/18 12/24 13/1
13/10 13/11 13/12 13/22
14/2 14/7 14/10 14/16 15/18
15/21 16/12 17/8 17/16
17/18 17/19 17/20 18/1 18/5
18/17 20/7 20/13 20/19 21/2
21/12 22/17 23/5 25/12
25/16 25/19 27/2 27/4 28/12
28/17 28/18 29/4 29/7 30/10
33/9 33/22 34/2 34/6 34/7
37/19 38/16 38/18 38/25
39/23 40/2 40/4 40/4 40/9
41/8 41/15 41/18 41/24
42/22 43/21 44/11 44/14
45/5 45/7
government's [14]  3/11 3/17
5/6 7/7 11/21 12/16 14/15
18/6 20/24 25/23 29/22 35/4
41/5 44/21
governs [1]  7/17
grant [1]  45/8
granting [7]  10/12 10/13 11/5
11/10 12/11 39/8 39/9
gratuitous [2]  25/15
guidance [14]  8/9 9/18 11/25
12/5 22/3 22/4 22/9 22/15
22/19 28/13 29/11 38/19
40/6 43/3
guidepost [1]  39/4
guideposts [4]  10/3 12/6
22/23 38/15

haggle [1] 44/24
happened [1] 25/6
happening [2] 40/11 43/17
harass [1] 39/17
hardly [1] 30/7
has [50]  2/19 3/9 3/14 3/24
5/7 5/12 5/13 6/17 6/21 6/24
9/6 10/8 10/17 10/18 11/6
11/6 11/10 11/14 13/11
13/22 14/2 14/24 14/25 18/1
18/11 18/17 18/20 20/10
20/22 22/24 23/20 24/4 24/6
28/7 29/19 30/10 30/23
31/12 32/22 33/9 33/17
33/24 34/10 34/21 34/22
37/18 39/22 42/22 43/22
44/14
hasn't [1] 13/18
have [71]  2/16 2/20 3/3 3/13
3/22 4/25 6/20 7/8 7/12 7/13
7/21 7/22 8/1 8/3 8/14 9/7
10/2 10/11 11/14 11/22 13/3
13/17 13/21 13/23 14/6 14/9
15/11 15/14 15/15 16/18
16/24 16/25 17/3 17/7 17/10
18/2 18/5 18/6 18/12 20/1
21/20 27/11 28/13 29/7
29/10 30/11 31/9 38/15
38/17 38/24 38/25 39/7 39/7
39/19 40/3 40/5 40/25 41/25
42/8 42/12 42/13 42/16
42/22 42/24 43/1 43/6 43/16
44/4 44/13 44/17 44/24
haven't [2]  5/16 5/22
having [1] 30/7
he [57]  21/14 31/19 31/20
31/21 32/11 32/14 35/7 35/9
35/10 35/10 35/11 35/13
35/14 35/15 35/16 35/17
35/17 35/17 35/19 35/20
35/21 35/23 35/23 35/23
35/24 36/1 36/2 36/4 36/7
36/8 36/10 36/11 36/11
36/13 36/14 36/15 36/16
36/16 36/17 36/20 36/24
36/24 36/24 36/25 37/4 37/6
37/6 37/7 37/8 37/9 37/10
37/10 37/13 37/17 41/11
41/12 41/25
hear [2]  5/19 6/11
heard [1] 19/24
hearing [6]  1/9 3/3 5/20 9/11
38/14 45/16
here [23]  2/5 2/17 6/5 6/9
6/19 7/3 14/9 18/1 19/9 21/3
23/23 24/6 25/5 25/11 26/16
31/16 40/11 41/18 41/22
42/22 44/1 44/6 44/14
here's [1] 36/8
hereby [1] 45/19
hey [1] 35/24
him [5]  31/21 32/1 32/13
36/18 40/14
himself [1] 32/11
his [8] 26/3 31/21 32/1 32/1
36/2 37/8 37/9 37/17
history [1] 33/24
Honor [51]  2/6 2/11 2/22

9/9 11/2 13/24 14/13 15/17
16/13 16/21 18/4 18/13
18/23 18/24 19/14 20/6 21/1
21/19 24/24 25/22 26/14
27/2 28/8 31/3 31/7 32/2
34/1 36/7 37/14 37/18 37/22
39/3 39/4 39/21 40/7 40/19
41/7 42/6 44/4 44/10 44/16
44/20 45/2 45/11
Honor's [2]  22/14 31/12
HONORABLE [1]  1/9
hopefully [1] 45/14
hour [1]  2/19
how [10]  2/23 14/18 17/12
23/6 23/23 23/25 28/17 32/7
36/20 40/19
however [1]  17/14
Humpty [1] 13/24
hundreds [14]  7/9 7/9 8/11
8/11 10/8 11/13 19/25 20/1
31/9 32/18 39/7 40/14 40/15
40/15
hypothetical [1]  15/18

**I**

I'll [1] 25/21
I'm [12]  2/7 6/6 7/20 8/21
13/14 15/11 23/13 23/15
24/17 24/18 43/20 45/13
identifiable [1] 22/22
identify [1] 32/24
ignorance [1] 41/20
illegal [12]  3/18 18/12 18/14
20/21 32/20 33/3 34/12
34/20 34/22 35/3 37/16
43/23
illegally [1] 35/1
illuminating [1] 27/19
imagine [1] 42/6
implement [2]  28/14 28/17
implemented [1] 28/21
implication [3]  32/25 33/6
33/19
implied [24]  3/16 6/15 6/17
26/25 27/4 27/9 27/13 27/15
27/22 27/24 28/2 28/6 28/10
29/4 29/13 29/18 29/21 30/9
30/22 31/11 32/16 40/5
40/18 43/25
important [4]  20/7 20/16
20/20 40/12
importantly [1]  7/16
imposed [1] 28/1
improperly [4]  33/2 36/16
37/6 37/11
Inc [1]  27/20
include [2]  6/20 38/23
included [1] 12/15
includes [1] 33/11
including [2]  27/12 38/23
inconsistency [2]  11/18 43/15
inconsistent [5]  9/8 28/4
29/14 39/24 44/22
inconsistently [1]  6/22
incorrectly [1]  15/5
incur [1]  4/20
individual [2]  8/5 12/17
information [7]  7/14 33/11
33/11

inherently [1] 22/16
initial [1]  32/3
injunction [3]  11/6 11/10
19/19
instance [8]  8/17 10/11 10/15
10/21 11/7 12/20 38/17 39/8
instead [2]  13/11 37/13
instruction [1]  13/20
insufficiently [3]  21/9 23/3
24/2
intended [8]  9/20 12/15 17/7
33/25 38/22 39/1 39/1 39/15
intention [2]  31/8 31/25
internal [1]  30/19
internet [1]  5/3
interpret [1]  10/4
interpretation [2]  23/16 24/22
interpreted [1]  4/25
involves [1]  3/5
is [221]  2/3 2/5 2/12 3/6 3/21
3/25 4/6 4/21 5/6 5/13 5/17
5/18 5/19 5/21 5/23 6/4 6/9
6/9 6/14 6/23 6/24 6/25 7/2
7/5 7/5 7/6 7/18 7/19 7/21
7/23 7/24 8/4 8/4 8/8 8/15
8/15 8/22 9/1 9/7 9/19 9/19
10/1 10/9 10/16 10/22 10/23
10/24 11/8 11/8 11/9 11/11
11/17 11/19 11/21 11/23
11/24 11/25 12/1 12/2 12/7
12/8 12/16 12/20 12/21
12/21 13/1 13/4 13/5 13/9
13/10 13/23 14/6 14/11 15/9
15/22 16/13 16/24 16/25
17/2 17/3 17/8 18/3 18/16
18/17 19/1 19/4 19/5 19/6
19/8 19/8 19/13 19/14 19/17
20/6 20/20 21/2 21/3 21/3
21/3 21/4 21/8 21/9 21/16
21/19 21/20 22/8 22/15
22/16 22/17 22/21 22/22
22/23 22/25 22/25 23/1 23/2
23/6 23/18 23/18 23/20
23/21 24/3 24/7 24/8 24/13
24/19 24/24 24/24 24/25
25/1 25/2 25/2 25/7 25/10
25/15 25/11 25/16 25/18
25/18 26/1 26/7 26/14 26/16
26/16 26/22 27/5 27/10
27/11 27/15 27/23 27/25
28/9 28/19 28/25 29/1 29/8
29/9 29/14 29/16 29/20
29/21 29/25 29/25 29/25
30/2 30/3 30/5 31/3 31/12
32/20 32/22 33/2 33/4 33/20
33/22 34/13 34/17 36/8 36/9
37/19 38/13 38/13 38/22
39/4 39/6 39/6 39/10 39/10
39/18 39/19 39/23 40/12
40/20 40/24 41/4 41/18
41/20 41/22 42/3 42/13
42/25 43/11 43/12 43/13
43/17 43/19 43/20 43/20
44/1 44/14 44/22 45/1 45/3
45/4 45/4 45/19

isn't [5]  16/21 24/19 43/1
43/19 44/3

11/15 13/21 19/7 19/16 20/5
34/24 35/6 41/8 41/12 44/21
issued [8]  4/18 9/14 21/22
22/3 32/30 15 33/12 34/11
42/11
issuing [1]  34/4
it [109]  4/7 5/2 5/5 6/1 6/25
7/18 7/19 7/21 7/22 8/3 8/17
9/10 9/11 10/4 10/17 10/18
10/19 11/1 11/2 11/2 11/6
11/6 11/8 11/11 11/16 11/19
12/1 12/3 12/7 12/8 12/12
12/19 13/4 13/7 13/10 13/23
13/23 14/17 14/18 14/23
14/23 14/25 15/4 15/4 15/5
15/16 16/12 16/5 16/5 16/17
16/18 16/18 16/24 17/11
17/11 17/18 17/21 17/22
17/24 19/22 20/8 20/9 21/5
21/11 21/14 22/10 23/10
23/13 23/19 24/25 26/2 26/9
26/14 26/24 26/25 28/25
29/1 29/3 32/1 32/14 32/18
32/22 33/18 34/14 34/15
34/18 34/21 35/15 35/17
35/17 35/17 35/19 35/20
36/5 36/25 37/8 37/8 38/3
38/22 39/6 39/20 41/4 41/5
42/2 43/8 43/24 44/3 44/4
44/5
it's [37]  2/19 7/9 7/23 8/11
9/8 9/9 10/16 10/22 11/5
13/23 14/24 14/25 15/8
16/16 16/17 16/22 16/22
17/23 17/24 19/5 23/6 23/7
23/7 27/19 31/1 31/1 31/4
32/21 35/3 36/20 36/25 37/3
38/19 38/21 38/21 43/5
43/18
items [1]  37/5
its [10]  3/15 4/6 4/7 13/1
14/3 32/17 33/7 35/14 43/22
44/15
itself [6]  4/12 29/15 33/6
34/17 40/17 41/18

**J**

join [2]  14/18 15/7
joined [1]  2/7
Jones [2]  11/8 38/5
Jones's [1]  11/4
JR [1]  1/9
judge [40]  1/10 7/6 7/20
10/15 10/22 11/4 11/7 12/1
15/5 15/14 17/5 17/6 21/22
21/25 22/7 22/10 22/11
22/20 23/1 23/7 23/9 23/12
23/13 23/14 23/17 23/20
24/9 24/14 24/16 24/19 25/1
26/3 26/10 38/5 38/7 39/3
39/10 42/3 42/11 43/19
judge's [1]  26/14
judges [15]  8/5 9/16 11/22
12/18 12/19 16/22 21/22
25/3 25/7 26/17 26/22 27/6
28/23 30/11 34/23
judgment [16]  2/18 3/23 4/1
5/10 10/12 10/13 19/2 19/25
21/2 25/23 27/3 30/5 37/20

judgment... [3]  39/8 39/9
 45/9
judicial [19]  10/17 19/9 20/9
 20/20 21/14 21/17 21/21
 22/3 24/7 25/15 28/13 28/15
 33/16 34/1 34/3 34/5 34/14
 34/16 40/22
judiciary [1]  34/4
June [1]  1/5
jurisdiction [5]  20/22 32/21
 33/3 34/12 34/22
jurisdictional [1]  34/19
just [14]  14/1 14/21 14/22
 15/7 16/21 19/6 22/9 24/12
 27/17 41/15 41/19 42/2
 44/16 44/19

K

key [2]  9/1 12/22
kind [3]  5/6 16/23 41/20
kinds [1]  43/7
knew [6]  29/6 35/17 35/17
 35/21 36/16 37/6
know [13]  3/5 8/21 8/24
 12/11 16/19 16/25 17/3
 23/12 23/13 28/22 37/3
 38/13 41/16
knowing [4]  37/10 37/11
 41/13 42/10
knowingly [1]  42/17
knows [3]  7/2 8/25 18/3

L

labeled [2]  7/23 15/5
lack [3]  8/9 12/22 27/12
lackadaisical [1]  8/12
lackadaisically [1]  45/5
lacking [2]  21/10 25/11
land [1]  17/2
language [8]  11/24 20/10
 20/14 21/16 22/2 22/14
 33/16 44/3
Larimore's [1]  30/20
last [1]  9/13
latent [1]  13/9
later [3]  8/3 16/2 36/13
Lauderdale [1]  1/18
law [15]  1/13 5/17 10/5 10/18
 11/7 11/10 11/19 16/9 16/25
 16/25 17/2 17/3 17/8 20/13
 30/11
lawsuit [5]  19/12 19/20 36/13
 36/17 37/14
lawyer [1]  42/7
lawyers [3]  16/22 31/21 32/1
laypeople [1]  16/23
layperson [2]  42/7 42/9
learned [1]  42/1
leeway [1]  13/5
left [1]  23/1
legal [5]  14/4 14/6 18/5 19/3
 19/5
legislation [2]  17/13 40/6
legislative [1]  33/24
let [1]  37/25
level [2]  43/8 43/13
liability [3]  6/14 7/3 40/17
life [1]  36/23

10/4 15/8 18/21 27/17 41/7
 42/18 44/16
limit [1]  29/1
limited [1]  28/1
list [3]  22/21 38/17 38/18
litigation [5]  31/22 36/15 38/2
 38/2 38/4
log [1]  4/18
log-in [1]  4/18
look [5]  7/4 10/14 11/4 15/11
 15/14
lump [1]  15/8

M

made [5]  13/11 15/19 22/8
 24/6 40/13
magistrate [2]  9/16 28/25
maintain [3]  14/12 18/8 44/12
make [4]  8/4 22/21 23/2 37/4
makes [2]  12/3 12/4
making [1]  15/3
mandate [5]  14/16 17/16
 20/9 20/20 33/16
mandated [1]  17/18
mandates [1]  14/17
manner [1]  29/20
manual [9]  10/6 11/25 21/19
 21/20 22/1 22/9 24/12 29/11
 36/8
many [2]  43/6 43/6
March [2]  19/20 32/12
marking [1]  30/17
material [1]  3/22
matter [4]  10/4 11/19 36/20
 45/21
matters [1]  13/12
maximum [1]  4/23
may [6]  5/19 13/2 24/15
 39/11 42/12 44/16
me [8]  2/4 2/12 8/20 8/23
 23/7 23/10 23/15 37/25
mean [7]  13/25 13/25 17/11
 24/21 28/22 29/1 39/1
meaningful [3]  10/1 13/18
 43/3
meaningless [1]  17/12
means [4]  8/22 8/25 20/16
 20/21
meant [1]  44/8
Mechanical [1]  27/20
meet [2]  21/25 22/6
meeting [2]  24/4 24/9
meets [2]  22/11 26/15
member [1]  16/14
memoranda [2]  13/19 30/12
mention [2]  18/4 44/21
mentioned [2]  17/25 35/2
merits [1]  5/12
method [1]  30/3
methods [1]  30/6
Meyers [1]  2/13
Miami [5]  1/4 1/23 1/23
 45/23 45/24
might [4]  13/15 19/16 40/25
 41/2
minds [2]  24/4 24/9
minute [1]  25/5
minutes [2]  2/19 2/24
mislabeled [1]  15/15

mistakes [1]  12/21
modified [1]  43/2
moment [4]  38/12 41/24
 44/17 44/19
monetary [1]  32/25
money [7]  3/19 4/21 8/24
 14/7 23/25 33/1 33/7
moneys [2]  5/8 18/7
more [4]  6/23 7/16 28/2 31/7
moreover [8]  18/4 39/6 41/16
 41/22 42/14 42/18 43/16
 44/14
morning [8]  2/3 2/6 2/9 2/11
 2/15 18/24 18/25 37/22
morphed [1]  30/23
most [1]  42/2
motion [8]  5/1 25/23 30/4
 31/13 32/5 35/15 38/13
 39/18
motions [3]  2/18 3/22 12/11
move [2]  25/21 37/23
moved [3]  5/16 5/22 37/13
moving [3]  28/7 36/23 37/2
Mr. [7]  28/16 28/19 29/23
 30/12 30/20 31/25 32/11
Mr. D'Apuzzo [3]  28/16 31/25
 32/11
Mr. D'Apuzzo's [1]  28/19
Mr. Larimore's [1]  30/20
Mr. Skidgel [2]  29/23 30/12
Ms. [6]  26/21 38/1 40/13
 42/18 43/9 43/23
Ms. Giuliano [1]  26/21
Ms. Welch [5]  38/1 40/13
 42/18 43/9 43/23
much [6]  2/23 14/18 26/20
 36/20 38/14 44/2
multiple [1]  13/13
must [15]  9/2 13/6 16/2 16/2
 20/18 31/13 32/24 33/4
 33/10 33/20 33/21 36/5 36/9
 37/12 43/24
my [19]  2/7 10/15 10/25 11/4
 13/7 17/2 18/11 18/21 32/14
 36/23 37/4 38/1 40/13 40/21
 40/21 41/8 41/11 42/16
 44/22

N

National [1]  42/14
necessarily [8]  5/18 7/9 8/22
 12/2 13/3 40/16 43/5 43/24
necessary [3]  32/25 33/2
 33/6
need [6]  6/2 16/7 18/17 37/1
needs [2]  13/4 34/8
nestor [5]  1/22 1/24 45/22
 45/22 45/24
never [1]  36/2
next [4]  2/3 41/7 43/23 45/14
Nicole [3]  1/12 2/6 3/1
no [54]  1/2 3/25 4/14 4/15
 4/16 4/24 6/6 7/18 10/10
 10/18 11/18 11/23 13/19
 14/20 17/23 18/10 20/12
 20/14 20/22 21/3 21/3 21/7
 21/8 21/16 22/21 22/23
 22/25 23/4 23/19 23/22 24/9
 24/23 24/25 25/5 25/10

26/16 26/17 27/5 27/10
 27/13 27/15 28/9 31/8 31/16
 31/25 33/24 34/22 41/4
 41/22 42/23
nobody [4]  7/2 8/24 12/16
 18/3
non [2]  12/9 38/21
non-substantive [2]  12/9
 38/21
nonarbitrary [1]  43/18
None [2]  9/16 9/16
Norman [2]  32/22 33/5
North [2]  1/23 45/23
not [110]  6/11 7/5 7/9 7/23
 8/5 8/6 8/13 8/22 9/10 10/9
 10/13 10/19 11/1 11/11
 11/15 12/2 12/8 12/15 12/17
 12/20 13/2 13/6 14/16 14/25
 15/4 15/5 15/8 15/10 15/13
 16/4 16/17 16/24 17/12
 17/16 17/16 17/17 18/15
 19/21 20/7 20/8 20/9 20/13
 20/19 20/19 21/15 22/9 23/1
 23/6 23/15 23/18 23/20
 23/23 23/25 24/3 25/8 25/13
 26/2 26/3 26/8 26/9 26/13
 26/18 26/22 26/23 27/6 27/7
 27/11 28/12 30/2 30/18 31/4
 31/23 31/24 32/3 32/4 32/18
 33/2 33/16 34/4 34/13 34/17
 34/24 34/25 37/7 38/4 38/13
 38/21 38/22 39/1 39/9 39/11
 39/19 39/21 40/5 40/10
 40/16 40/19 40/24 41/12
 41/20 42/10 42/12 42/13
 42/16 42/22 42/24 43/1 43/5
 43/17 43/20
note [2]  6/12 17/14
nothing [4]  14/19 14/20
 34/15 34/15
notice [4]  10/17 19/9 24/15
 40/23
November [4]  19/11 36/12
 38/6 38/8
November 22 [1]  38/8
November 3 [3]  19/11 36/12
 38/6
now [24]  5/10 5/11 10/2
 11/21 15/10 18/2 19/8 20/25
 21/11 23/5 23/12 25/3 25/21
 27/9 28/6 28/16 30/22 33/9
 35/2 35/13 39/21 41/15
 41/24 45/3
nowhere [1]  11/24
number [2]  4/9 29/1

O

objective [4]  10/3 12/5 22/23
 38/15
objectively [1]  22/22
obligation [8]  6/18 6/21 13/1
 20/12 20/12 41/5 41/5 42/20
obligations [3]  18/18 28/1
 44/15
obtained [1]  25/19
obviously [2]  16/8 17/24
occurred [3]  22/24 23/19
 23/21
occurs [2]  3/18 14/7

off [2] 41/15 41/16
offer [6] 4/11 4/13 23/3 39/16
39/16 40/12
office [4] 1/17 2/13 9/19
30/16
official [6] 1/22 9/18 11/25
22/15 33/14 45/23
okay [13] 2/25 4/2 14/21 15/7
15/13 15/14 18/22 23/9
23/13 23/24 24/14 24/15
24/17
one [20] 8/21 9/9 9/13 9/22
10/18 10/22 10/24 10/24
11/8 12/20 19/4 29/6 29/9
29/25 35/14 38/1 39/13
39/14 43/7 43/11
one's [2] 41/14 42/21
one-pager [1] 10/24
one-sentence [2] 10/22 11/8
online [2] 16/15 21/12
only [13] 8/21 13/11 14/17
20/3 29/24 30/6 31/20 33/21
41/23 42/22 43/1 44/2 44/20
operating [1] 30/19
opinion [66] 6/23 7/1 7/2 7/5
7/5 7/6 7/10 7/21 7/23 7/24
8/3 8/6 8/7 8/15 10/6 11/9
12/2 13/10 13/14 13/16
14/24 14/25 15/6 15/10
16/15 18/3 22/10 22/12
22/16 22/18 22/21 22/25
23/7 23/8 23/10 23/10 23/18
23/21 24/8 24/13 24/16
24/19 24/25 25/1 25/2 26/2
26/3 26/8 26/9 26/15 28/13
29/8 30/2 30/5 30/7 38/2
38/5 39/4 39/18 40/3 41/1
41/3 43/12 43/20 43/20 45/4
opinions [67] 3/10 4/17 4/24
6/20 7/13 7/14 7/16 8/14 9/1
9/2 9/19 12/12 12/17 14/16
14/17 15/9 15/12 15/20
15/22 15/24 16/4 16/6 16/10
17/21 17/22 17/23 18/10
18/11 20/9 20/20 21/15
21/17 21/20 24/7 24/19 25/9
25/15 26/19 27/6 27/7 28/15
29/21 29/24 30/3 30/17
30/25 33/12 33/13 33/17
33/20 33/21 34/1 34/1 34/3
34/5 34/6 34/8 34/16 34/24
35/21 38/1 39/23 41/13 44/1
44/7 44/8 45/2
opportunity [1] 3/3
Orange [1] 1/13
order [40] 10/16 10/16 10/21
10/22 11/4 11/5 11/7 11/8
11/10 12/9 19/8 19/11 19/13
19/13 19/17 19/19 22/14
22/25 26/1 26/6 26/7 26/12
26/15 30/4 31/12 33/17 35/8
35/10 35/16 35/19 36/11
36/14 36/15 38/7 38/16
38/22 39/17 39/19 42/11
45/14
orders [46] 9/14 9/21 10/12
10/13 10/14 12/10 12/10
12/13 19/7 19/22 19/23 20/1

26/18 27/6 30/15 30/24 31/6
31/9 31/17 31/19 31/20 32/1
32/3 32/6 32/8 32/12 32/14
32/18 34/24 34/25 35/6 35/7
35/11 35/12 35/14 35/20
36/2 36/17 37/1 37/7 40/14
Orlando [1] 1/14
other [31] 4/25 5/2 5/6 6/18
11/13 13/7 16/5 17/1 19/25
20/1 24/18 28/18 29/19 30/3
31/9 31/13 31/17 31/20
31/25 32/3 32/6 32/11 32/14
32/18 35/19 36/13 40/14
40/15 42/13 43/12 44/23
otherwise [4] 9/14 9/15 13/7
28/14
our [14] 2/3 3/3 4/3 6/14 8/10
9/10 13/21 14/6 17/17 18/13
18/13 24/13 24/24 25/25
out [13] 15/20 17/1 17/5
23/24 24/6 24/12 25/12 37/4
39/21 39/22 40/16 42/9
45/14
over [7] 13/12 20/2 20/22
32/21 34/12 34/22 37/1
overarching [1] 19/3 20/6
20/23
overlap [1] 38/14
overview [1] 28/23
own [2] 17/4 37/4

P
PA [2] 1/3 1/13
PACER [48] 3/5 3/11 4/6 4/8
4/12 4/15 4/20 7/15 7/22
7/24 10/6 10/9 13/7 14/18
14/21 15/7 16/14 16/21
17/23 19/7 19/22 21/12
21/13 21/15 21/18 21/18
22/2 25/14 30/18 34/2 34/4
34/15 35/15 35/24 36/3 36/3
36/5 36/5 36/8 36/19 37/7
37/11 37/12 41/25 42/1 44/6
44/23 44/23
page [12] 4/23 10/16 11/5
15/10 19/13 19/17 23/14
24/18 31/15 38/5 41/1 41/2
pager [1] 10/24
pages [1] 20/2
paid [19] 11/5 18/11 19/6
19/19 19/20 21/5 25/7
26/19 26/24 31/5 33/2 34/25
35/15 36/11 36/14 37/17
41/19 41/21
paper [1] 7/20
papers [1] 6/25
paragraph [1] 28/9
paragraphs [1] 25/24
parroting [1] 42/2
part [3] 32/3 32/4 39/25
particular [1] 28/1
parties [4] 3/21 24/10 29/12
29/17
parties' [3] 10/17 27/23 31/14
party [4] 6/17 6/18 31/24
39/5
party's [2] 11/9 28/3
passport [1] 11/9
password [1] 4/19

15/8 15/10 15/15 15/15
23/15 24/17 25/13 39/19
41/1 41/19 41/22
paying [5] 16/11 16/15 36/23
41/9 41/17
payment [1] 41/17
pending [4] 9/6 13/22 19/20
38/13
pennies [1] 15/10
people [6] 5/3 7/15 14/8
16/24 17/7 41/15
per [4] 4/23 4/23 15/10 23/14
perpetuity [1] 9/25
person [3] 11/18 41/17 42/24
phone [1] 37/2
phones [1] 36/22
phrase [1] 44/1
physically [3] 12/4 13/15
43/10
piece [1] 7/20
plaintiff [49] 1/4 1/12 2/5 2/7
2/20 3/2 3/9 3/25 10/8 19/6
19/10 19/19 19/21 20/4
20/11 21/4 21/11 21/13
21/18 22/2 24/6 25/7 25/13
26/13 26/18 26/20 26/24
28/10 29/19 30/10 30/15
31/2 31/5 31/8 31/16 31/17
31/24 32/19 32/24 33/24
34/10 34/25 35/4 35/6 35/13
36/4 37/16 41/23 45/9
plaintiff's [9] 19/2 25/12
26/22 31/4 31/23 32/7 32/9
32/21 43/5
plaintiffs [1] 28/6
plays [1] 6/14
please [1] 2/16
pled [1] 18/14
point [14] 6/4 9/11 20/6 22/5
22/23 24/2 35/11 38/9 39/17
39/21 39/22 40/13 40/16
40/20
pointed [3] 24/12 25/12
33/24
points [3] 19/3 20/23 37/23
policies [2] 36/4 37/11
policy [2] 16/8 16/24
portion [2] 14/11 18/7
position [5] 5/6 7/8 14/1
24/24 26/22 44/22 45/3
possible [1] 37/24
possibly [1] 36/21
potentially [1] 37/2
pound [1] 8/16
preliminary [4] 4/5 11/6 11/10
19/18
premised [6] 20/13 20/18
27/25 28/11 29/14 32/17
present [2] 4/11 44/4
presentations [1] 45/13
presented [1] 21/14
previously [1] 14/14
prior [1] 38/3
prisoner [1] 42/7
prisoners [1] 16/23
private [3] 6/17 20/8 20/14
problem [5] 9/6 29/2 31/3

procedures [4] 30/17 30/20
36/4 37/12
proceedings [2] 2/2 45/20
process [3] 21/13 28/24 31/1
produced [1] 9/23
Products [2] 12/25 40/8
promise [1] 25/14
prompt [1] 29/25
promulgate [1] 28/12
protecting [1] 27/25
provide [6] 10/23 13/10
15/25 16/2 34/19 38/18
provided [6] 8/9 8/10 10/8
11/14 33/20 38/17
provides [8] 12/19 15/19 16/2
18/9 32/24 33/6 33/10 34/11
provision [2] 33/5 34/18
provisions [1] 28/5
public [8] 3/5 4/13 7/13 15/23
16/7 16/8 16/22 16/23
published [1] 33/14
purported [2] 25/19 29/12
pursuant [2] 4/21 34/11
put [4] 4/19 7/13 17/21 17/22
puts [1] 24/14

Q
qualifying [1] 22/5
question [5] 6/9 18/16 24/23
28/20 43/19
questions [2] 18/20 37/18
quite [1] 9/11
quote [6] 6/24 18/8 21/19
21/21 21/24 28/14

R
rampant [3] 12/21 40/20
43/21
rather [9] 4/7 4/16 8/3 8/14
12/5 26/24 27/21 38/20
40/17
reach [4] 5/12 14/4 18/15
44/10
read [9] 13/4 16/4 16/10
16/14 17/10 27/17 35/14
35/17 44/4
really [5] 7/2 8/24 15/1 15/4
18/3
reason [6] 10/10 24/3 25/10
25/17 31/20 41/4
reasonable [9] 11/18 14/12
18/9 27/23 27/25 29/2 42/21
42/24 44/12
reasonably [4] 10/18 13/2
13/6 40/10
reasoned [5] 10/7 10/19 12/7
21/23 38/20
reasons [5] 4/10 21/1 21/8
27/11 45/7
rebuttal [1] 2/21
recall [1] 39/12
receipts [3] 35/7 35/8 35/22
receive [1] 13/21
received [2] 9/5 36/24
receives [1] 10/9
recess [1] 45/15
recognized [2] 33/10 33/17
recommendations [7] 9/15
9/17 9/20 12/13 12/14 38/24

recommendations... [1]
39/13
reconsideration [1] 38/13
records [2] 3/6 3/7
recover [1] 37/17
Redden [1] 5/8
referenced [1] 30/20
referencing [1] 37/5
referring [1] 13/14
reflected [2] 35/8 35/22
reform [1] 18/17
refund [3] 19/23 21/5 35/5
regarding [1] 22/18
regardless [1] 33/13
register [2] 4/13 23/24
registered [4] 21/13 21/18
22/2 36/5
registration [2] 21/13 25/13
regulation [3] 3/19 14/9
34/18
regulations [1] 40/6
reinforcing [1] 16/7
related [1] 35/20
relates [2] 4/7 9/10
relating [1] 39/25
relationship [1] 5/5
relief [1] 10/23
relying [1] 23/9
remains [1] 20/3
remedy [3] 32/25 33/7 42/16
remember [1] 16/21
remind [2] 38/12 39/4
renders [3] 16/5 17/11 44/5
repeats [1] 22/4
replaced [1] 32/10
report [4] 19/21 36/19 36/25
37/7
reported [2] 1/22 36/2
reporter [4] 1/22 33/14 42/7
45/23
reports [7] 9/15 9/17 9/20
12/13 12/14 38/23 39/13
representative [2] 13/18
29/23
request [6] 10/17 10/23 19/9
19/22 36/10 45/8
requested [1] 3/24
require [3] 5/20 9/23 9/24
required [2] 15/23 34/19
requires [6] 14/12 15/25 18/8
41/13 44/3 44/12
requisite [1] 34/12
researching [2] 17/4 17/5
reserve [1] 2/20
resolution [1] 19/16
resolve [2] 6/1 6/1
respect [5] 19/4 21/7 22/15
25/6 36/13
respectfully [1] 45/8
respectively [1] 35/9
response [1] 12/16
responsibility [5] 12/1 12/2
21/24 22/6 22/19
rests [3] 21/25 22/7 22/20
result [2] 43/18 43/18
resulted [1] 18/12
return [1] 33/7
returning [1] 11/8

right [7] 2/15 7/25 16/12 35/4
37/17 37/21 45/10
rights [5] 20/8 20/14 21/5
31/14 41/14
rip [1] 41/15
ripped [1] 41/16
RMR [2] 1/22 45/22
ROBERT [1] 1/9
routine [2] 12/8 38/21
Rule [1] 10/23
rulings [2] 16/7 26/24
runaround [1] 36/21

S

safeguard [2] 28/20 43/4
safeguards [3] 12/22 28/14
28/17
said [13] 21/14 22/14 27/21
28/10 29/19 30/10 31/5
32/11 32/14 32/22 36/20
36/24 36/25
same [4] 17/6 17/6 17/6 22/4
sand [1] 8/16
saw [1] 35/7
say [18] 7/4 8/13 8/24 13/23
13/25 14/24 15/1 15/14
23/12 26/24 29/15 35/24
37/12 39/5 39/6 41/19 44/22
44/24
saying [10] 6/6 15/8 16/13
23/8 23/22 23/23 39/10 40/1
43/19 45/2
says [20] 4/22 5/17 7/18 7/20
7/24 7/24 10/23 15/23 23/7
24/14 24/19 28/24 33/19
34/14 34/15 38/19 39/3
39/10 42/19 43/12
scale [1] 43/20
schedule [11] 7/17 14/12
14/13 17/24 18/8 18/9 21/16
34/10 34/17 37/4 44/13
scheduling [2] 12/10 38/22
SCOLA [2] 1/2 1/9
screen [5] 19/8 19/14 21/14
21/19 22/15
searchable [4] 33/14 33/21
34/8 44/3
searches [1] 32/8
seat [1] 2/16
second [10] 3/15 19/5 19/13
19/17 20/6 21/3 25/10 25/17
26/7 38/9
see [4] 13/15 16/18 16/18
16/19
seeking [1] 5/10
seemed [2] 5/15 14/15
seems [2] 25/22 26/20
seen [1] 28/13
sell [1] 8/18
semantics [1] 39/2
seminars [1] 30/11
sense [1] 35/19
sentence [3] 10/22 10/24
11/8
separately [1] 15/21
service [9] 19/22 36/3 36/6
36/19 37/7 37/12 41/25 42/1
44/23
set [4] 2/19 9/11 34/14 38/14

Seventh [1] 1/18
several [4] 7/14 15/17 37/23
45/14
She [1] 44/2
shield [1] 7/1
should [24] 6/12 8/4 12/6
16/24 16/24 17/3 17/14 18/4
18/15 21/2 22/8 27/3 28/20
29/7 30/10 32/18 35/24
37/15 38/12 41/25 42/8
42/12 44/23 44/24
shouldn't [1] 15/15
show [2] 9/7 43/16
showed [1] 32/5
shown [1] 10/2 10/11
shows [1] 31/8
side [1] 2/19
sides [1] 2/17
sign [7] 5/3 7/4 7/15 7/15
17/22 17/22 23/8
sign-up [2] 7/15 17/22
significant [1] 17/24
signing [1] 4/14
signs [1] 4/18
silent [2] 22/17 30/3
similar [1] 21/16
simply [2] 12/3 34/7
since [2] 13/20 17/18
sitting [3] 17/1 21/22 42/12
Skidgel [2] 29/23 30/12
sky [1] 29/3
so [57] 2/17 2/19 3/24 5/21
6/3 6/23 7/2 7/4 7/22 9/22
12/19 13/2 13/20 14/20 15/3
15/7 15/7 16/10 17/10 17/24
20/23 22/9 22/23 23/3 23/4
23/8 23/16 24/2 24/9 24/9
24/14 25/14 25/17 25/23
26/16 27/2 28/20 29/3 29/15
30/4 30/7 30/17 31/1 32/13
32/16 33/18 34/4 34/18
34/24 35/16 35/17 36/18
37/6 37/15 38/14 39/25 43/1
solely [2] 27/22 42/20
solution [1] 43/6
solutions [1] 43/7
some [9] 2/20 5/6 13/5 30/25
30/25 33/11 35/19 38/11
41/20
somebody [1] 7/23
somehow [2] 29/20 41/9
someone [4] 37/2 42/2 42/10
43/11
something [4] 8/2 8/6 8/7
14/23
sometimes [2] 24/15 24/16
somewhat [1] 29/3
somewhere [1] 44/7
South [1] 1/13
SOUTHERN [11] 1/1 9/13
9/22 19/9 26/1 26/5 30/1
30/13 30/19 36/12 40/25
speak [1] 24/10
specific [4] 12/5 12/12 29/6
40/6
specifically [2] 3/12 28/2
specifies [1] 22/19
spend [1] 36/21

30/16
stand [1] 18/14
standard [1] 27/17
standing [2] 38/4 40/16
start [1] 34/4
state [1] 22/9
stated [7] 8/15 21/19 26/21
27/12 34/7 38/1 38/16
statement [2] 12/7 25/25
states [18] 1/1 1/6 1/10 1/17
2/4 2/5 2/10 2/12 12/25 19/1
22/4 22/11 27/20 32/23 36/5
38/7 40/8 43/8
stating [1] 11/6
statute [10] 3/19 14/8 18/19
20/15 20/19 32/24 33/5
34/17 41/18 43/24
statutes [2] 3/12 14/9
statutory [3] 20/11 20/12
34/12
still [9] 7/25 11/1 11/2 18/16
27/15 29/3 29/25 36/24
44/11
stipulate [1] 40/23
stop [1] 42/3
subject [1] 17/4
subjective [1] 11/22 22/16
subjectivity [2] 38/9 38/11
submit [3] 36/9 37/15 42/4
submits [2] 23/5 27/2
submitted [1] 3/22
subsection [3] 15/22 17/11
44/5
subsections [2] 15/25 16/5
subsequent [1] 19/5
substance [5] 15/24 16/4
16/6 33/12 33/20 33/22 34/8
44/1 44/8
substantive [5] 12/9 32/24
35/18 35/19 38/21
such [3] 12/12 14/20 33/13
sued [1] 5/7
suffering [1] 15/4
sufficient [1] 33/3
suggest [1] 33/25
suggested [2] 39/3 43/6
suggests [1] 20/15
Suite [1] 1/14
sum [3] 7/7 15/8 37/19
summary [16] 2/18 3/23 4/1
5/10 10/12 10/13 19/1 19/25
21/1 25/23 27/3 30/4 37/19
39/8 39/9 45/8
superfluous [3] 16/6 17/12
44/5
supported [2] 26/4 26/10
supposed [3] 28/17 38/18
42/15
sure [3] 43/20 44/17 44/18
survive [1] 14/5
sword [1] 7/1
system [5] 8/8 12/18 30/24
36/22 39/23

T

table [1] 2/12
take [7] 10/14 10/15 32/9
38/12 40/22 44/19 45/13
taken [2] 14/10 33/2

taking [1] 42/9
talked [1] 38/24
tammy [5] 1/22 1/24 45/22
45/22 45/24
target [1] 28/8
tell [2] 8/18 42/11
tells [2] 12/3 12/5
ten [10] 2/24 4/23 8/19 10/11
10/12 39/7 39/8 39/9 41/1
41/2
ten-page [2] 41/1 41/2
term [12] 7/11 9/1 12/22
17/24 24/6 24/11 25/2 29/14
29/16 29/16 39/6 45/6
terms [13] 4/21 5/14 6/10
6/12 7/17 8/18 21/9 24/3
24/5 27/22 29/9 42/20 42/23
testified [6] 29/23 30/13
31/19 35/13 36/15 41/11
testify [1] 40/22
testimony [2] 28/19 32/2
text [4] 33/14 33/21 34/8
44/3
than [4] 8/14 16/5 27/22 31/7
thank [8] 3/2 18/22 18/23
37/21 45/10 45/11 45/12
45/15
that [365] 3/7 3/7 3/9 3/14
3/14 3/17 3/21 4/5 4/15 4/16
4/20 4/22 4/24 5/3 5/4 5/6
5/11 5/12 5/13 5/15 5/17
5/25 6/1 6/1 6/2 6/4 6/6 6/9
6/10 6/12 6/12 6/13 6/18
6/19 6/20 6/21 6/21 7/1 7/2
7/5 7/9 7/11 7/13 7/16 7/18
7/19 7/20 7/20 7/21 7/23 8/2
8/8 8/9 8/11 8/14 8/15 8/18
8/19 8/21 9/1 9/7 9/9 9/17
9/19 10/2 10/3 10/8 10/9
10/12 10/13 10/14 10/18
10/22 10/24 10/24 10/24
10/25 11/9 11/14 11/16
11/19 11/20 11/21 11/23
12/1 12/6 12/7 12/8 12/14
12/18 12/19 13/3 13/4 13/5
13/5 13/6 13/12 13/13 13/18
14/2 14/7 14/11 14/15 14/17
15/2 15/9 15/15 15/19 15/22
15/23 15/24 16/2 16/2 16/24
17/3 17/5 17/9 17/10 17/11
17/14 17/15 17/16 17/18
17/19 18/2 18/2 18/6 18/7
18/9 18/9 18/12 18/16 18/20
19/3 19/6 19/7 19/11 19/16
19/19 19/25 20/3 20/3 20/4
20/6 20/7 20/11 20/13 20/15
20/15 20/15 20/16 20/16
20/19 20/21 20/22 20/23
21/1 21/4 21/4 21/5 21/7
21/11 21/14 21/16 21/22
21/23 22/1 22/2 22/3 22/4
22/5 22/5 22/10 22/11 22/14
22/17 22/18 22/19 22/19
22/20 22/21 23/1 23/2 23/9
23/16 23/17 23/18 23/18
23/20 23/25 24/5 24/6 24/7
24/7 24/14 24/19 24/19
24/24 25/1 25/3 25/7 25/7

26/1 26/4 26/6 26/7 26/10
26/12 26/14 26/17 26/18
26/22 26/22 26/24 26/25
27/2 27/3 27/5 27/7 27/19
27/21 28/10 28/11 28/13
28/24 29/4 29/6 29/6 29/8
29/9 29/10 29/10 29/11
29/11 29/14 29/15 29/16
29/19 29/20 29/24 30/2 30/7
30/8 30/10 30/13 30/15
30/18 30/20 30/24 31/3 31/7
31/8 31/9 31/16 31/17 31/18
31/19 32/2 32/8 32/17 32/23
32/24 33/1 33/5 33/7 33/10
33/10 33/11 33/19 33/19
33/25 34/7 34/10 34/13
34/21 34/22 34/25 35/4
35/10 35/11 35/13 35/16
35/25 36/7 36/10 36/14
36/16 36/16 36/25 37/10
37/11 37/15 37/15 37/16
37/17 37/19 38/1 38/4 38/5
38/10 38/12 38/15 38/16
38/16 38/19 38/21 38/21
38/22 38/25 39/3 39/6 39/9
39/10 39/14 39/21 39/22
39/23 40/1 40/6 40/9 40/9
40/15 40/24 40/24 41/5 41/8
41/11 41/16 41/20 41/24
42/1 42/2 42/8 42/11 42/11
42/13 42/15 42/19 42/19
42/22 42/23 43/7 43/9 43/11
43/14 43/16 43/17 43/19
43/23 44/2 44/2 44/3 44/5
44/10 44/14 44/21 44/22
44/24 45/6 45/8 45/19
that's [26] 5/15 5/22 7/7 14/1
14/13 17/12 20/16 23/8
23/11 23/15 23/19 24/3
24/21 24/23 25/6 25/11
25/17 31/14 32/1 33/22
36/22 39/13 39/21 40/10
43/21 45/2
their [15] 4/19 6/24 7/1 8/5
11/16 13/15 13/17 17/4
17/21 18/18 26/20 30/11
37/12 42/9 45/3
them [14] 11/9 12/16 15/12
16/11 18/2 24/14 27/7 30/25
30/25 31/21 35/22 37/7
40/21 44/24
themselves [2] 14/5 31/4
then [24] 6/1 6/9 7/13 7/21
8/20 8/24 12/12 14/21 14/22
15/7 23/17 23/18 23/19 25/4
25/5 27/12 29/9 35/10 36/1
36/13 36/18 37/8 44/8 44/25
THEODORE [3] 1/3 2/4 3/2
there [87] 3/21 4/5 4/15 4/16
4/24 5/12 5/13 5/17 5/18
5/21 5/23 5/25 6/2 6/4 6/6
6/9 6/9 7/2 7/3 7/18 9/7 10/2
10/9 11/17 11/23 13/5 13/9
13/12 13/13 13/18 14/20
16/8 18/9 18/16 18/17 19/3
19/25 20/1 20/10 20/12 21/3
21/3 21/8 21/8 22/21 22/23
22/25 23/4 23/19 23/22 24/4

25/17 25/18 25/18 26/16
27/5 27/10 27/11 27/12
27/15 28/22 28/23 28/24
29/8 29/23 30/19 30/24
33/23 33/25 34/3 34/22 36/5
36/9 37/19 38/10 38/12
38/15 41/4 41/20 41/22 43/9
43/14 44/14
there's [14] 13/19 16/8 17/23
20/11 20/14 21/1 21/7 21/8
23/22 24/9 25/5 25/17 26/17
31/16
therefore [1] 7/19
Thereupon [2] 1/25 45/16
these [28] 15/12 15/19 18/6
19/22 19/23 20/3 20/4 23/24
23/25 24/18 30/24 31/9 32/3
32/6 32/8 32/11 32/14 32/18
35/24 36/17 37/7 38/1 39/23
40/12 41/9 41/12 42/24
43/10
they [48] 4/5 4/15 4/18 4/19
4/20 6/10 7/1 7/12 7/13 7/15
7/21 8/13 8/14 9/17 11/15
11/16 12/15 13/16 13/17
13/21 13/25 14/16 15/12
17/3 17/4 17/21 17/22 24/13
25/24 26/25 27/7 27/7 30/17
31/19 31/24 32/4 32/4 35/21
40/24 41/16 41/16 43/1 43/3
44/6 44/11 44/13 44/22
44/25
thing [4] 14/21 29/19 35/17
44/20
things [4] 15/17 20/7 24/18
29/1
think [8] 8/1 13/3 25/22
27/19 29/2 30/7 35/24 43/19
thinking [1] 15/11
thinks [1] 7/6
third [3] 14/6 21/4 32/20
this [120] 3/3 3/5 4/5 4/9
4/25 5/1 5/1 5/6 5/8 5/20
5/23 6/23 6/24 7/13 7/20
7/24 8/4 8/13 9/5 9/6 9/11
10/4 10/14 11/13 11/15
11/17 11/19 11/21 12/16
12/20 12/21 12/21 13/4
13/21 14/24 14/25 15/14
15/15 16/9 16/25 17/14
17/15 18/3 18/15 19/7 19/11
19/20 20/5 20/8 20/11 20/24
21/19 21/20 21/25 22/14
22/15 22/24 23/3 23/7 23/21
23/24 24/13 25/4 25/24 25/19
26/21 27/18 27/19 28/8
28/18 29/2 29/8 30/8 30/12
30/20 30/23 31/3 31/5 31/7
31/10 31/12 31/18 31/22
31/24 31/24 32/21 33/4
33/16 34/23 35/7 35/9 36/8
36/15 36/17 37/14 37/20
38/8 38/9 38/10 38/16 39/17
39/18 40/12 40/20 40/22
41/7 42/13 42/15 42/15 43/4
43/6 43/12 43/13 43/19
43/19 43/20 43/20 44/24
44/25 45/13

12/11 12/13 16/6 16/10
18/12 20/23 24/19 25/8 25/8
26/13 26/18 27/6 28/3 30/6
34/25 35/7 35/7 35/11 35/14
35/23 38/23 39/8 39/9 40/14
40/15 40/19 41/23 44/8 45/7
three [9] 3/13 4/23 9/6 10/16
13/22 19/2 21/1 37/20 42/11
three-page [1] 10/16
through [9] 3/25 7/8 16/17
16/20 21/12 25/19 37/23
41/9 41/24
throughout [2] 19/24 28/8
Timber [2] 12/25 40/7
time [19] 2/21 2/23 12/11
15/3 18/21 22/8 23/2 26/16
27/7 29/6 29/11 36/20 36/25
37/3 37/4 37/8 37/9 41/11
42/9
titled [2] 41/1 41/2
today [4] 3/3 9/11 38/14
39/11
together [1] 14/10
told [10] 4/15 7/16 24/13
31/21 32/1 40/14 41/19 42/3
42/4 42/5
tomorrow [3] 8/23 39/11 41/1
too [3] 34/18 36/25 37/9
topic [1] 30/12
touting [1] 34/5
traditional [1] 4/10
training [2] 13/19 28/23
trainings [1] 30/11
transaction [5] 4/21 4/24
35/7 35/8 35/22
transcription [1] 45/20
trappings [1] 4/10
trial [3] 5/20 5/21 6/2
TRO [1] 19/18
true [2] 7/19 7/21
try [2] 8/23 37/23
trying [1] 36/22
Turning [2] 20/25 32/20
two [23] 12/20 14/9 19/3
19/7 20/3 20/4 20/7 20/23
21/8 25/6 25/8 25/24 26/13
26/18 26/23 27/6 29/24 30/6
30/8 31/6 35/6 43/10 43/14
type [1] 27/18

U

U.S [2] 2/13 45/7
U.S.C [6] 3/12 14/11 18/7
34/11 34/13 44/11
ultimate [2] 5/12 18/15
ultimately [1] 7/17
unclear [2] 6/25 29/3
under [15] 5/8 6/14 13/1 13/8
18/18 18/18 21/5 32/19
33/22 40/21 41/20 42/21
44/10 44/13 45/15
underpinning [1] 34/19
understand [5] 5/5 23/6 23/9
24/17 24/17
undertaking [2] 25/16
undertook [1] 41/5
undisputed [1] 25/25
Unfortunately [2] 13/25 31/23

55

UNITED [13]  1/1 1/6 1/10
1/17 2/4 2/4 2/10 2/12 12/25
19/1 27/20 32/23 40/8
unlawfully [1]  33/8
unless [3]  9/25 18/20 37/18
untenable [2]  4/9 14/1
unto [1]  14/5
up [18]  4/14 4/18 4/23 5/3
7/4 7/15 7/15 15/11 15/14
17/22 17/22 23/1 23/8 24/8
25/1 30/1 32/5 37/19
uphold [1]  44/15
upon [8]  7/9 8/11 9/15 24/14
27/23 27/25 28/11 29/14
us [3]  12/3 12/5 15/8
use [4]  3/7 5/3 11/16 12/6
used [5]  16/21 16/22 16/22
20/10 30/1
user [10]  7/22 10/6 11/25
13/15 21/19 21/20 22/1 22/9
29/11 36/8
uses [1]  39/23
utility [2]  36/20 37/1
utter [1]  12/22

## V

valid [1]  23/4
versions [1]  13/13
versus [8]  2/4 10/9 12/25
27/20 32/23 36/22 37/2 40/8
very [4]  6/23 7/15 22/5 45/2
Veterans' [1]  42/14
via [4]  4/20 10/9 21/15 44/6
violate [1]  18/18
violated [1]  42/23
violates [1]  18/7
violation [7]  3/10 3/11 33/7
41/18 43/22 43/24 45/6
violations [1]  14/9
voluntarily [1]  41/17
voluntary [2]  41/13 41/22
vs [1]  1/5

## W

waive [1]  41/17
waived [5]  21/4 35/4 37/16
41/9 42/17
waiver [6]  35/2 41/8 41/13
41/14 41/22 44/21
want [3]  2/20 15/2 15/3
wanted [2]  14/22 31/17
was [67]  5/25 6/7 8/3 8/22
10/15 10/25 11/2 13/10
14/20 14/21 16/7 19/11
19/12 19/20 19/20 21/14
21/14 22/1 22/3 25/12 25/15
25/18 26/2 26/3 26/4 26/8
26/9 26/10 26/25 28/11
28/17 28/20 28/22 29/3 29/6
29/10 29/11 31/18 31/20
32/1 32/9 32/10 33/1 34/3
34/11 34/25 35/9 35/17
35/18 35/19 36/11 36/16
38/2 38/3 38/4 38/6 38/7
38/8 38/10 40/4 41/4 41/12
41/19 41/23 42/16 44/8 45/1
Washington [5]  19/18 26/8
26/11 30/14 36/14

way [5]  22/25 29/2 41/23
43/13 44/5
ways [5]  13/13 29/24 30/8
43/10 43/14
we [76]  2/17 2/19 3/7 3/13
3/22 4/9 5/10 5/11 5/16 5/17
5/21 5/22 6/3 6/20 7/8 7/24
8/1 8/3 8/5 8/8 8/16 9/6 10/2
10/2 10/11 10/13 11/13
12/11 12/17 12/18 13/3 13/3
13/23 13/23 14/12 14/9 14/21
15/9 16/2 17/12 17/15 17/18
18/2 18/5 18/5 18/11 18/16
23/24 25/23 27/11 28/13
29/6 29/10 29/15 32/2 34/23
37/15 38/4 38/15 38/24 39/1
39/7 39/7 39/10 40/12 40/15
40/23 42/1 42/22 43/6 43/11
43/16 44/4 44/21 45/7 45/15
website [5]  3/6 4/12 4/15
17/21 22/1
websites [5]  4/12 7/14 33/10
33/21 34/9
week [3]  9/13 9/22 39/13
Welch [7]  1/16 2/11 38/1
40/13 42/18 43/9 43/23
well [7]  9/12 11/13 12/16
15/11 18/3 26/21 36/18
went [2]  35/23 37/4
were [13]  6/10 8/17 27/8
27/14 31/17 31/19 32/3 32/4
32/6 32/8 34/1 34/21 35/2
weren't [1]  35/21
Western [5]  19/17 26/7 26/11
30/14 36/14
what [49]  6/10 6/22 6/25 7/2
7/4 7/10 8/3 8/4 8/8 8/21
8/21 8/22 8/24 8/25 13/9
13/15 13/25 14/20 15/14
16/12 16/19 16/25 17/3 17/5
17/8 18/3 22/18 22/21 23/12
23/21 24/8 24/14 24/15
24/25 25/1 25/6 26/18 28/20
29/3 29/25 32/13 35/17
36/11 39/10 39/10 42/10
42/25 42/25 43/11
what's [4]  23/19 29/15 37/1
40/10
whatever [8]  7/6 8/15 13/23
39/3 39/6 43/17 45/1 45/3
when [22]  3/18 7/15 7/19
8/20 8/23 13/16 14/7 15/12
15/15 16/17 17/22 21/13
21/18 22/1 22/13 23/17
23/20 24/3 35/6 34/4 41/5
41/17
where [5]  4/15 24/12 30/1
30/3 40/3
wherein [1]  32/11
whether [13]  6/2 6/10 14/10
15/3 15/5 17/4 17/17 22/11
22/24 22/25 26/15 33/13
44/6
which [42]  3/6 3/18 5/17 5/19
6/14 7/17 9/10 9/23 9/24
10/16 10/22 11/4 11/8 11/10
13/13 14/4 14/11 15/19 16/1
17/18 19/8 19/11 19/20

27/11 28/9 29/17 29/20
29/25 30/6 30/15 32/20
34/11 36/4 38/13 38/17
43/10 44/12 44/13
while [2]  19/20 34/7
who [3]  2/5 12/3 32/1
wholly [4]  9/8 11/14 14/3
39/24
whose [2]  26/5 26/11
why [12]  3/25 5/15 5/22 21/1
21/8 24/19 25/10 25/17
32/13 33/22 36/18 43/21
wide [1]  43/20
widgets [5]  8/18 8/19 8/19
8/20 8/23
will [26]  2/20 4/15 4/16 4/22
4/24 7/4 8/14 9/9 9/25
14/4 15/9 15/19 16/17 17/9
18/10 21/15 23/24 28/1
37/22 39/16 42/2 44/20 45/3
45/14 45/15
William [1]  2/13
withdrawn [1]  32/9
within [4]  29/21 29/24 36/6
37/13
without [4]  16/10 16/15 40/19
44/2
won't [1]  24/16
Wonderland [1]  13/24
word [3]  11/23 23/18 33/22
words [2]  13/24 28/18
workable [2]  9/4 13/11
worse [1]  13/12
would [22]  3/24 5/20 6/1 6/1
6/2 8/17 9/1 11/12 14/24
18/21 22/21 25/15 27/14
27/17 37/8 37/9 38/25 39/4
41/7 42/18 44/16 45/8
wouldn't [1]  17/25
wrap [1]  5/2
written [12]  15/24 18/10
21/20 22/16 22/18 33/12
33/20 35/15 42/4 44/1 44/7
44/8
wrong [1]  39/22
wrongfully [2]  3/9 3/18

## Y

year [2]  9/13 15/8
years [4]  9/6 13/20 13/22
42/11
yes [5]  2/22 8/1 19/15 28/25
43/12
yesterday [2]  8/22 40/25
yet [3]  9/18 12/15 13/22
yield [1]  18/21
you [89]  2/16 2/20 3/2 3/5
6/11 7/4 7/25 8/17 8/18 8/20
8/21 8/23 8/24 9/9 10/11
11/1 11/1 11/4 13/15 14/23
14/24 15/1 15/1 15/3 15/3
15/4 15/7 15/7 15/8 15/9
15/10 15/10 15/13 15/14
16/4 16/10 16/14 16/14
16/16 16/17 16/18 16/19
16/19 16/19 17/10 17/22
18/22 18/23 19/24 22/14
23/8 23/8 23/12 23/12 23/22
23/23 23/24 24/3 24/12

36/18 37/1 37/3 37/12 37/16
37/21 38/25 39/19 40/1 40/3
40/25 41/1 41/19 42/2 42/3
42/4 42/5 42/6 42/11 42/11
44/4 45/10 45/11 45/12
45/15
your [63]  2/6 2/11 2/21 2/22
2/24 3/1 5/21 6/3 6/8 7/8 8/1
8/24 9/9 11/2 13/24 14/13
15/13 15/17 15/18 16/13
16/21 18/4 18/13 18/23
18/24 19/14 20/6 20/25
21/19 22/13 24/24 25/21
26/13 27/2 28/8 31/3 31/7
31/12 32/2 34/1 36/7 36/9
37/13 37/14 37/18 37/22
39/3 39/4 39/21 39/22 39/25
40/7 40/19 41/7 42/5 42/6
44/4 44/10 44/16 44/20 45/2
45/11 45/12